UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

SOUTHERN DIVISION

LAKSHMANAN PONNAYAN ACHARI, KODAKERIL BABY      *       No. 13-cv-222 LG JMR
BIJI, XAVIER DISOLIYAN, RAJANKUNJU GEEVARGHESE,
JOMON GEORGE, SHAIJU VADAKKAL GEORGE,           *
MOULESWARARAO GUNTAMUKKALA, JOY JACOB, BIJU
JOHN, SHIBU JOSEPH, SUNILKUMAR MAROTTIKKAL
KUTTAN, PARSHOTTAM RAMCHANDRA MANGANI,          *
PRAKASH MOSES KANAGIAH MANO.NMONI,
ADHARSAN MANUEL, JACOB MAZHUKKATTU             *
MATHEW, JOHNY MATHEW, NANDHAKUMAR
NAGARAJ, SHAJI VELUTHALAKUZHIYIL NANOO,          *
MANGALAN CHANDRASEKHARAN PILLAI,
RADHAKRISHNA PILLAI SIVARAMA PILLAI, ABY
MOLATHU POULOSE, JUSTIN POULOSE, APPUNNI        *
ARUL PRAKASH, SREENIVASARAO RAPARTHY,
MOOKAPARAMBIL ITTY RAVEENDRANATHAN,             *
BALWINDER SINGH, RANJIT SINGH, SHANMUGAM
SUBRAMANIAN, NINAN JOHN THARAKAN, GEORGE        *
PULIKKEPARAMBIL VARGHESE, BENNY KATTUKARIYIL
VARKEY, SHAHI VIJAYAN, AND JOHN YOHANNAN,
                              Plaintiffs        *
                Vs.
                                                *
SIGNAL INTERNATIONAL, LLC, SIGNAL
INTERNATIONAL, INC., MALVERN C. BURNETT, LAW    *
OFFICES OF MALVERN C. BURNETT, A.P.C, GULF
COAST IMMIGRATION LAW CENTER, LLC, MICHAEL
POL, GLOBAL RESOURCES, INC., SA CHIN DEWAN,     *
AND DEWAN CONSULTANTS PVT. LTD. (A/K/A
MEDTECH CONSULTANTS),                           *
                              Defendants.

*     *     *     *     *     *     *     *     *     *     *     *     *     *

ANSWER OF
MALVERN C. BURNETT, THE LAW OFFICES OF MALVERN C. BURNETT, A.P.C., AND
GULF COAST IMMIGRATION LAW CENTER, L.L.C.

Now comes Malvern C. Burnett, The Law Offices of Malvern C. Burnett, A.P.C. , and the Gulf Coast Immigration Law Center, L.L.C., hereinafter referred to collectively as "Burnett, who in response to the complaint of the above captioned matter herewith makes the following objections, defenses, and answer.

GENERAL OBJECTION TO COMPLAINT.

Burnett objects to the complaint as being in total violation of Rule 8 of the Federal Rules of Civil Procedure, in that it does not contain a short and plain statement of claims, but rather a 102 page, 497 paragraph narrative, being essentially argument of counsel, replete with conclusory, inflammatory, and superfluous statements designed solely to inflame, and engender passion and prejudice against defendants, including Burnett, and containing several erroneously portrayed events, which events, even if correctly described, are irrelevant and inadmissible to the claims asserted by these Plaintiffs against Burnett, who herewith moves that said complaint be stricken in its entirety and Plaintiffs made to re-file a complaint in strict compliance with Rule 8 of the Rules of Civil Procedure.

FIRST DEFENSE

The assertions and allegations of Plaintiffs' complaint, including the five asserted claims, fail to state a claim against Burnett upon which relief can be granted.

SECOND DEFENSE

Burnett has no record of representing Biju John, and to the extent he did not represent this named Plaintiff, Burnett, neither owed nor breached any obligation or duty to same.

-2-

THIRD DEFENSE

At all times, Burnett merely acted as attorney for his clients, lawfully representing same, performing the tasks and assignments requested of him, filing lawful and proper petitions, legal applications to the government, and asserting constitutionally guaranteed rights and actions for and on behalf of his clients, which lawful conduct and action in representation of his clients cannot serve as the basis for violations of 18 U.S.C. 1589, et seq., or 18 U.S.C. 18 1590, et seq, and which lawful representations are afforded a common law qualified immunity from liability.

FOURTH DEFENSE

At all times pertinent, Burnett was filing lawful and proper petitions to the United States government for and on behalf of his clients, which right of petition is guaranteed by the First Amendment, affording Burnett immunity from statutory liability under 18 U.S.C. 1589, et seq., and 18 U.S.C. 18 1590, et seq, for said petitioning conduct, and as such herewith pleads the doctrine of Noerr-Pennington as a defense to Plaintiffs' First Claim for Relief.

FIFTH DEFENSE

Burnett fully, faithfully, and lawfully  fulfilled all contractual obligations to his clients, and properly filed H-2B applications and extensions for Plaintiffs, with the possible exception of named Plaintiff, Biju John.

SIXTH DEFENSE

Plaintiffs have suffered no damages as a result of any action or conduct by Burnett, all in fact being gainfully employed in the United States at high paying jobs, and have had filed or

will have filed by their respective employers on their behalf applications for permanent residency.

SEVENTH DEFENSE

All state based claims, or that is the Third, Fourth, and Fifth Claim of Plaintiffs' complaint for fraudulent misrepresentation, negligent misrepresentation, and breach of contract, are barred by the statute of limitations, in that the states of Mississippi, Louisiana, and Texas do not recognize or afford putative class members a tolling of the statute of limitations for state based actions from a federal class action whose class certification was denied under Federal Rule 23, which state law must be applied by federal courts under the *Erie* doctrine.

EIGHTH DEFENSE

Plaintiffs breached applicable contracts, thereby terminating any further contractual obligations that might otherwise have been due by Burnett, estopping them from making any claims for damages.

NINTH DEFENSE

Burnett pleads misjoinder of parties, of both Plaintiffs and Defendants, pursuant to Rule 21 of the Federal Rules of Civil Procedure.

TENTH DEFENSE

Plaintiffs have failed to state the with particularity the facts and circumstances constituting fraud against Burnett, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

-4-

ELEVENTH DEFENSE

As to all Plaintiffs and all pertinent allegations against Burnett, Burnett herewith denies all and singularly that he made any representation other than that he would prepare and have filed all H-2B applications and extensions, and that at such time as Signal sponsored Plaintiffs for a permanent residency application, that he would prepare such applications for filing.

TWELFTH DEFENSE

And now more particularly answering the assertions and allegations of Plaintiffs' complaint, Burnett avers as follows.

1.    Burnett objects to the conclusory and argumentative assertions of paragraph 1 of Plaintiffs complaint, phrased solely to inflame prejudice and passion against Defendants, including Burnett, and as such appear to require no answer on behalf of Burnett. To the extent any of the assertions can be deemed an allegation against Burnett, same are denied all and singularly. Beyond a limited contract for specific legal representation of Signal, it is denied that Burnett was an Agent for Signal.

2.    The statements contained in paragraph 2 of plaintiffs' complaint appear to be Plaintiffs' statement of intent, and require no answer on behalf of Burnett. To the extent an answer is deemed necessary, any and all allegations of unlawful and fraudulent behavior are denied.

3.    The allegations of paragraph 3 of Plaintiffs' complaint appear to require no answer on behalf of Burnett. To the extent an answer is deemed necessary the assertions are believed for the most part by Burnett to be true.

4.      The allegations of paragraph 4 of Plaintiffs' complaint are denied, except to admit that Burnett was contacted by Pol and requested to file on behalf of Plaintiffs any necessary and proper immigrations documents, petitions, and applications so that Plaintiffs could obtain admittance to the United States for work.

5.      Burnett objects to the inflammatory, baseless, and conclusory assertions of paragraph 5 of Plaintiffs' complaint, which serve no purpose herein other than to inflame passion and prejudice against Defendants, and move that same be stricken as in violation of Rule 8 of the Federal Rules of Civil Procedure. Although said conclusory and argumentative assertions do not appear to specifically involve Burnett, the inference of any improper or illegal conduct is denied all and singularly.

6.      The assertions of paragraph 6 of Plaintiffs' complaint appear to be directed toward the Signal defendants. To the extent any are directed toward Burnett, Burnett denies same, and denies any and all inferences of improper or illegal conduct.

7.      To the extent that the assertions of paragraph 7 of Plaintiffs complaint suggest, assert, or infer any illegal or improper conduct, same are denied all and singularly. To the extent said assertions are that Burnett made any determinations or decisions as to why H-2B visas would be sought or when Signal may or may not be able to sponsor Plaintiffs for permanent residency, same are denied.

8.      Burnett objects to the self-serving, and argumentative statements of paragraph 8 of Plaintiffs' complaint, as being in contravention of Rule 8 of the Federal Rules of Civil Procedure,

and move that they be stricken.  To the extent an answer is deemed necessary, same are denied.

9.      Burnett objects to the inflammatory, conclusory, and argumentative statements of paragraph 9 of Plaintiffs' complaint and move that they be stricken.  To the extent an answer is deemed necessary, same are denied, except to deny, that beyond a limited contract for specific legal work on behalf of Signal, Burnett was ever an Agent for Signal, spoke on its behalf, or had the power and authority to bind or obligate Signal.

10.     The allegations of paragraph 10 are denied.

11.     Burnett objects to the conclusory and self-serving statements of paragraph 11 of Plaintiffs' complaint and move that they be stricken.  To the extent an answer is deemed necessary, same are denied.

12.     Burnett objects to the inflammatory, conclusory, and argumentative assertions in paragraphs 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23 of Plaintiffs complaint, and that same are irrelevant and inadmissible to the claims asserted by these Plaintiffs, and move that they be stricken.  The allegations contained in said paragraphs, to the extent directed toward Burnett, are denied.  As to all other Defendants, same are denied for lack of information on which to base a belief.

13.     The assertions of paragraphs 24, 25, and 26 of Plaintiffs' complaint are conclusions of law, which appear to require no answer.  To the extent an answer is required, the assertions are denied as being incomplete, inaccurate, and inapplicable statements of law.

-7-

14.     The allegations of paragraph 27 and 28 of Plaintiffs' complaint are denied except to admit as to the jurisdiction of this Court over the subject matter and jurisdiction over the person of Burnett.

15.     The allegations of paragraph 29 of Plaintiffs' complaint are denied.

16.     Burnett objects to the conclusory, argumentative, and self-serving statements of paragraph 30 of Plaintiffs complaint, and move that same be stricken. To the extent the allegations are that Burnett conducted any of the activities alleged therein, same are denied. All other allegations are denied for lack of information on which to justify a belief.

17.     The allegations of paragraphs 31 through and including paragraph 63 of Plaintiffs' complaint are denied for lack of information on which to justify a belief as to the dates when each Plaintiff may have been recruited, and the exact date when each Plaintiff may have physically arrived in the United States.

18.     The allegations of paragraphs 64 through and including paragraph 68 do not appear to require an answer on behalf Burnett.  To the extent an answer is deemed necessary, same are denied for lack of information on which to justify a belief.

19.     The allegations of paragraphs 69 are denied., except to admit that Malvern C. Burnett maintains a small satellite office in Ocean Springs, Mississippi.

20.     The allegations of paragraph 70 are admitted, except to deny that the Law Offices of Malvern C. Burnett, A.P.C. maintains an office in Ocean Springs, Mississippi.

21.     The allegations of paragraph 71 are admitted, except to deny that Gulf Coast Immigration

Law Center maintains an office in Ocean Springs, Mississippi, and that Burnett, the Burnett Law Offices and the Gulf Coast Immigration operated as a joint venture and/or alter egos.

22.     The allegations of paragraphs 72 are denied.  Beyond a limited contract for specific legal work on behalf of Signal, it is denied that Burnett was ever an Agent for Signal, spoke for Signal, or had the power and authority to bind Signal.

23.     The allegations of paragraph 73 are denied.  Beyond a limited contract for specific legal work on behalf of Signal, it is denied that Burnett was ever an Agent for Signal, spoke for Signal, or had the power and authority to bind Signal.

24.     The allegations of paragraphs 74, 75, 76, and 77, as well as those contained in the preamble to these paragraphs, are denied for lack of information on which to justify a belief.

25.     The allegations of paragraphs 78 are denied, except to admit that Burnett entered into a limited and specific contract for legal work on behalf of Signal in 2006, and that, as allowed under then USCIS regulations, the applicants would remain responsible for any attendant legal fees for the preparation of H-2B applications and extensions.

26.     The allegations of paragraph 79 are denied for lack of information in which to justify a belief.   Beyond a limited contract for specific legal work on behalf of Signal, it is denied that Burnett was an Agent for Signal, spoke for Signal, or had the power and authority to bind Signal.

27.     As to Burnett, the allegations of paragraph 80 and 81 are denied.  As to any other Defendant the allegations are denied for lack of information on which to justify a belief. Beyond a limited contract for specific legal work on behalf of Signal, it is denied that Burnett

was an Agent for Signal, spoke for Signal, or had the power and authority to bind Signal.

28.     Burnett objects to the self-serving and argumentative statements found in paragraph 82 of Plaintiffs' complaint.  As to Burnett, the allegations of paragraphs 82 are denied.  As to any other Defendant the allegations are denied for lack of information on which to justify a belief. Beyond a limited contract for specific legal representation of Signal, it is denied that Burnett was an Agent for Signal, spoke for Signal, or had the power and authority to bind Signal.

29.     The allegations of paragraph 83 are denied, except to admit that Burnett did perform the necessary work for obtaining H-2B visas and extensions for Plaintiffs.  Beyond a limited contract for specific work on behalf of Signal, it is denied that Burnett was an Agent for Signal, spoke for Signal, or had the power and authority to bind Signal.

30.     As to Burnett, the allegations of paragraph 84 are denied.  As to any other Defendant the allegations are denied for lack of information on which to justify a belief.

31.     The allegations of paragraph 85 appear to require no answer on behalf of Burnett.  To the extent an answer is deemed necessary, same are denied except to admit that some Signal employees did travel to India on occasion.

32.     Burnett objects to the self-serving and argumentative statements of paragraph 86 of Plaintiffs' complaint and move that they be stricken.  As to Burnett, the allegations of paragraph 86 are denied.  As to other Defendants same are denied for lack of information on which to justify a belief.

33.     The allegations of paragraphs 87, 88, 89, and 90 as well as the allegations of the preamble

-10-

to these paragraphs are denied.

34.     The allegations of paragraph 91, 93, and 95 are denied for lack of information on which to justify a belief.

35.     As to Burnett, the allegations of paragraphs 92 and 94 are denied.  As to all other Defendants same are denied for lack of information on which to justify a belief.

36.     The allegations of paragraph 96 are denied for lack of information on which to justify a belief, except to admit that at some point in time each Plaintiff obviously boarded a flight to the United States.

37.     The allegations of paragraphs 97 through and including paragraph 138, including all allegations contained in preambles to those paragraphs, do not appear to require an answer by Burnett.  To the extent an answer is deemed necessary, same are denied for lack of information on which to justify a belief.

38.     As to Burnett, the allegations of paragraphs 139, 140, and 141, and the allegations of the preamble to said paragraphs  are denied.  As to all other Defendants same are denied for lack of information on which to justify a belief.  Beyond a limited and specific contract for legal work on behalf of Signal, Burnett denies it was an Agent of Signal, spoke for Signal, or had the power or authority to bind Signal.

39.     The allegations of paragraphs 142, through and including paragraph 148, appear to require no answer on behalf of Burnett.  To the extent an answer is deemed necessary, same are denied for lack of information on which to justify a belief, except to deny that Burnett had, at

-11-

any time charged any unreasonable fee to any Plaintiff. Beyond a limited and specific contract for legal work on behalf of Signal, Burnett denies it was an Agent of Signal, spoke for Signal, or had the power or authority to bind Signal.

40.     Burnett objects to the allegations of paragraphs 149 through and including paragraph 159, as well as all allegations of the preamble to these paragraphs, as being irrelevant to the claims of these Plaintiffs, overly prejudicial, argumentative, and inadmissible in the claims of Plaintiffs herein, and move that they be stricken. The allegations do not appear to require an answer by Burnett. To the extent an answer is deemed necessary, same are denied for lack of information on which to justify a belief.

41.     As to Burnett, the allegations of paragraphs 160 through and including paragraph 165, as well as the allegations of the preamble to these paragraphs are denied. As to all other Defendants same are denied for lack of information on which to justify a belief.

42.     The allegations of paragraph 166 are denied for lack of information on which to justify a belief. Beyond a limited and specific contract for legal work on behalf of Signal, Burnett denies it was an Agent of Signal, spoke for Signal, or had the power or authority to bind Signal.

43.     The allegations contained in the preamble to paragraphs 167 through and including paragraph 176 are denied.

44.     The allegations of paragraph 167 are denied, except to admit that Burnett did prepare H-2B applications and extensions for Plaintiffs, with the possible exception of BiJu John.

45.     The allegations of paragraph 168 of Plaintiffs' complaint are denied, except to admit that

Burnett did lawfully and properly prepare H-2B applications and extensions for Plaintiffs, with the possible exception of BiJu John, in full compliance with all then USCIS regulations, and that under said regulations, applicants for an H-2B visa can be eligible file an application for permanent residency.

46.     To the extent the allegations of paragraph 169 infer, suggest, or contend that Plaintiffs had any misimpressions, or that Burnett knew of any misimpressions, same are denied.

47.     Burnett objects to the argumentative, conclusory, and inflammatory statements in paragraph 170 of Plaintiffs' complaint and move that they be stricken.   Burnett denies the inference, suggestion, and allegations of any deception, concealment, conflict of interest, or dishonest conduct by Burnett asserted in paragraph 170.  The factual allegations of paragraph 170 of Plaintiffs' complaint are denied, except to admit that Burnett had entered into a limited and specific contract to prepare H-2B applications and extensions on behalf of Signal, the attorney fees for which would remain the responsibility of the applicant, as allowed under then existing regulations of the USCIS and Department of Labor.

48.     The allegations of paragraph 171 are denied.  Burnett denies the  inference, suggestion, and assertion of any deception, concealment or conflict of interest.

49.     The allegations of paragraphs 172 are denied, except to admit that under Rules of Professional Conduct for at least the states of Mississippi and Louisiana, an attorney-client relationship between Burnett and Dewan and Pol likely developed, although no formal retainer agreement or attorney employment contract was executed.   However, Burnett denies the

-13-

inference, suggestion, and assertion of any deception, concealment or conflict of interest, or that Plaintiffs had any need to approve any such attorney client relationship.

50.    The allegations of paragraph 173 are admitted, except to deny all inferences, suggestions, and assertions of any deception, concealment or conflict of interest, or that Plaintiffs had any need to approve same.

51.    Burnett objects to the irrelevant, immaterial, prejudicial, and inadmissible allegations of a certain e-mail in paragraph 174 of Plaintiffs' complaint as it does not pertain to or involve any of the Plaintiffs or their claims herein.  To the extent an answer is deemed necessary, same are denied as written for a lack of information on which to justify a belief.

52.    Burnett objects to the irrelevant, immaterial, prejudicial, and inadmissible allegations of paragraph 175 of Plaintiff's complaints as they do not pertain to any of the Plaintiffs or their claims herein.  The allegations of paragraph 175 of Plaintiffs complaints are denied.

53.    Burnett objects to the argumentative, conclusory, and inflammatory statements in paragraph 176 of Plaintiffs' complaint and move that they be stricken.  Burnett denies the allegations, inferences, suggestions, and assertions of any deception, dishonesty, impropriety, disloyalty, or conflict of interest, or that any conduct on his part violated the rules of Professional conduct of the state of Mississippi or Louisiana.

54.    The allegations of paragraphs 177 through and including paragraph 434, including the preamble to these paragraphs, are denied for lack of information on which to justify a belief, except to deny that Burnett made any representation to any Plaintiff other than that he would

-14-

prepare and have filed all H-2B applications and extensions, and that at such time as Signal sponsored Plaintiffs for a permanent residency application, that he would prepare such applications for filing.

55.    The allegations of paragraph 435 appear to require no answer on behalf of Burnett, to the extent an answer is deemed necessary, Burnett re-avers and incorporates in response thereto each and every defense, and response to the previous paragraphs of Plaintiffs' complaint.

56.    The allegations of paragraph 436 appear to require no answer on behalf of Burnett. To the extent an answer is deemed necessary, it is admitted that Plaintiffs have brought their First claim for Relief against all Defendants.

57.    The allegations of paragraph 437 appear to require no answer on behalf of Burnett, they being a conclusion of law. To the extent an answer is deemed necessary, the allegations are denied as to Burnett, being an improper conclusion of law.

58.    The allegations of paragraph 438 are denied.

59.    As to Burnett, the allegations of paragraphs 439 through and including paragraph 448 are denied. As to all other defendants they are denied for lack of information on which to justify a belief.

60.    The allegations of paragraphs 449 through and including paragraph 461 do not apply to Burnett.

61.    The allegations of paragraphs 462 through and including paragraph 497, including the preamble to these paragraphs, are denied.

-15-

62.   Burnett denies the allegations contained in Plaintiffs' prayer and denies that Plaintiffs are entitled to the relief requested.

WHEREFORE, MALVERN C. BURNETT, THE LAW OFFICES OF MALVERN C. BURNETT, A.P.C. , AND THE GULF COAST IMMIGRATION LAW CENTER, L.L.C., pray that this answer be deemed good and sufficient, and that they be relieved of further answer, and that after due proceedings had there be judgment in their favor and against Plaintiffs.

MALVERN C. BURNETT, THE LAW OFFICES OF MALVERN C. BURNETT, A.P.C. , AND THE GULF COAST IMMIGRATION LAW CENTER, L.L.C., further pray for all just and equitable relief to which they may be entitled.

Respectfully submitted,

 s/   Arthur D. Carlisle
Arthur D. Carlisle (MS Bar # 5867 )
900 Washington Avenue
Ocean Springs, MS  39564
Office: 228-872-5568
Facsimile: 228-875-6702

Timothy W. Cerniglia (LA Bar# 03964)
1521 St. Charles Avenue
New Orleans, Louisiana 70130
Office: 504-586-0555
Facsimile: 504-586-0550
*Motion for Admission Pro Hac Vice to be filed*

Attorneys for Malvern C. Burnett,
The Law Offices of Malvern C. Burnett,
A.P.C. , and the Gulf Coast Immigration
Law Center, L.L.C.

-16-

CERTIFICATE OF SERVICE

This is to certify that a copy of this answer has been served on Plaintiffs through their

attorney of record, Robert B. McDuff, by placing a copy of same in the mail properly addressed

and postage prepaid, and electronically, by the Pacer system of the Southern District of

Mississippi this 1st day of August, 2013.


　　　　　　　　　　　　　　　s/   Arthur D. Carlisle

-17-