UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| LAKSHMANAN PONNAYAN ACHARI, et al, | * | CIVIL ACTION NO: |
| Plaintiffs | * | 1:13-CV-00222-LG-JMR |
| | * | |
| v. | * | CHIEF DISTRICT |
| | * | JUDGE GUIROLA |
| SIGNAL INTERNATIONAL, LLC, et al, | * | |
| | * | CHIEF MAGISTRATE |
| Defendants | * | MAG. JUDGE ROPER |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### REPLY MEMORANDUM OF SIGNAL

MAY IT PLEASE THE COURT:

I.   **INTRODUCTION**

In urging, in their memorandum, opposition to the present action's transfer to the federal court in New Orleans, plaintiffs write: "as argued by Signal in opposition to class certification in *David* and acknowledged by the Louisiana court, each Plaintiff's case features predominately individualized issues that will not be addressed by the *David* action." *See* Opposition Memorandum, p. 11.

Signal International, LLC ("LLC") and Signal International, Inc. ("Inc.") (hereinafter collectively "Signal") respectfully submit this brief pursuant to Local Rule 7.(b)(4) to rebut this erroneous argument and the contention that defects in the first court's personal jurisdiction constitute another impediment to transfer.[1] For the reasons discussed below, no jurisdictional considerations inhibit transfer.

---

[1] Plaintiffs also accuse Inc. of treating this Court with "utter disregard . . ." *See* Plaintiffs' Opposition Memorandum, Doc. #24, at p. 3 n. 1. The charge is baseless and untrue.

Plaintiffs do not grasp how different the Rule 23 predominance inquiry is from the first-filed rule.[2] Just so, plaintiffs overlook the first court's acknowledgement that the RICO predicate acts in the first action, which include trafficking, forced labor and fraud, all claims in the present action, occasion, "[t]o be sure, . . . significant overlap in the evidence . . .," even though **David** failed to qualify for certification. **David v. Signal Int'l, LLC**, 2012 U.S. Dist. LEXIS 114247, *106 (E.D.La. January 4, 2012). **See also** First Amended Complaint (Doc. #26), ¶¶ 636, *et seq*. (alleging forced labor and trafficking); ¶¶ 664, *et seq*. (alleging fraudulent misrepresentation).

"And surely," added the first court, "there will be numerous common issues amongst the cases." *Id*. For these and other reasons discussed below, the contention that the present action and the first action do not substantially overlap is without merit. *Cf*. *EEOC v. Signal Int'l, LLC*, No. 11-179 (S.D.Miss. Feb. 29, 2012) (Guirola, Jr., J.) (for second court under first-filed rule critical question is substantial overlap). Not only does the SPLC press release persuasively prove substantial overlap; plaintiffs fail to address the sense that the present action splits the plaintiffs' cause of action. Indeed, on page four (4) of their memorandum, plaintiffs basically confess that they remain connected to *David's* putative, collective FLSA action to this day. Equity therefore cries out for transfer.[3]

Another consideration favoring transfer is the jurisprudence of the Judicial Panel on Multidistrict Litigation, which endorses the present motion by directing defendants in Signal's

---

[2] "The first filed rule 'usually applies when identical or **substantially similar parties and claims** are present in both courts.'" **Morris v. Ernst & Young, LLP**, 2012 U.S. Dist. LEXIS 129414, *6 n. 1 (S.D.N.Y. Sept. 11, 2012) (emphasis added and citation omitted). **See also See Dukes**, *infra* (putative class action may display common issues by the droves and still not qualify for certification based on distinct individual issues that prevent action from generating common answers apt to drive resolution of litigation).

[3] **See Gulf Coast Pharm., Inc. v. Priority Pharmaceuticals, Inc.**, 2009 U.S. Dist. LEXIS 120534, *6 (S.D. Miss. Dec. 18, 2009) (Guirola, Jr., J.) ("The decision of whether to apply the first-to-file rule involves determinations concerning '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.' *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,* 342 U.S. 180, 183, 72 S. Ct. 219, 96 L. Ed. 200, 1952 Dec. Comm'r Pat. 407 (1952).""). "The factors relevant to wise administration . . . are equitable in nature." *Id*.

position to exercise the ". . . options available to avoid duplication of efforts," like motions "to dismiss or stay duplicative actions **under the first-to-file doctrine** . . ." prior to considering the grand relief afforded by § 1407. **See In re: Best Buy Co.**, **etc.**, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011) (emphasis added).

## II.   PERSONAL JURISDICTION DOES NOT IMPEDE TRANSFER

Beginning with the jurisdictional argument, citing **Kerotest** and other law,[4] plaintiffs urge that impediments, in the transferee court, to personal jurisdiction preclude transfer. Plaintiffs identify four defendants precluding transfer on jurisdictional grounds: recruiter defendant Michael Pol; his company, Global Resources; the alleged Indian-based recruiter Dewan, and his company, Dewan Consultants. **See** Doc. #24, pp. 3, 11-16. There is no dispute that Pol, Global, Dewan and Consultants are defendants in **David**. **See David**, **supra**, 2012 U.S.Dist. LEXIS 114247, at *9-*10. This argument has no merit.

Michael Pol has filed, in this Court, on its bankruptcy side, a chapter 7 petition, one allotted number 13:51168. By virtue of the automatic stay, Pol's amenability to suit has become a moot point. Furthermore, Global Resources, while not a debtor, is self-evidently impecunious, inasmuch as Pol is the company's President and sole stockholder, as indicated by the schedules attached to the bankruptcy petition.

Since the first-filed rule dwells on conserving judicial resources and the comprehensive disposition of litigation rather than a "rigid mechanical solution of . . . problems," and since the present action is one for a money judgment, it is senseless to be preoccupied by Global. **Kerotest Mfg.**, **supra**, at 183, 72 S. Ct. at 221. In the wake of Pol's Chapter 7 petition, Pol and Global are

---

[4] In **Kerotest**, the Court remarked: "If the patentee's suit against a customer is brought in a district where the manufacturer cannot be joined as a defendant, the manufacturer may be permitted simultaneously to prosecute a declaratory action against the patentee elsewhere." **See Kerotest Mfg. Co.**, **supra**, at 186, 72 S. Ct. at 222.

immaterial to first-filed analysis. Even if Global is **not**, however, immaterial, for the reasons discussed below, the ***David*** Court believes it has personal jurisdiction of Global regarding any relevant claim. ***See David v. Signal Int'l, LLC***, No. 08-1220, pp. 10-13 (E.D.La.  Dec. 8, 2008) (Doc. #288).[5]

Turning to the Dewan defendants, in ***David***, early on, the Court determined that it could exercise jurisdiction for civil RICO purposes over the person of the Dewan defendants.[6] The Court added: "The Court in its discretion will exercise pendant personal jurisdiction over the Dewan Defendants with respect to the non-RICO claims." ***See id***., at p. 19.

These statements indicate that first court will conclude that it has personal jurisdiction of the Dewan defendants with regard to the claims in the present action. The reason no other inference is more reasonable is because the civil RICO claims in the first action are predicated on the same, alleged facts that lie behind the present action's first claim for relief, namely, forced labor and trafficking. In the present action, those allegations are attached to the private right of action conferred by 18 U.S.C. § 1595. ***See*** Doc. #1, ¶ 437. But facts are substantive, labels are not, and first-filed analysis concentrates on "factors relevant to wise administration," not "rigid mechanical solution[s]." ***Kerotest Mfg.***, ***supra***, at 183, 72 S. Ct. at 221.[7] Therefore, the first court

---

[5] Among other things, on page 11 of Doc. #288, the District Court said, with regard to the Court's personal jurisdiction of Pol and Global: "Moreover, the Court is persuaded that in this case the ends of justice require that all of the RICO defendants be brought before this Court. The scheme that Plaintiffs allege is one that took place in multiple countries and in multiple states. ***Neither justice nor judicial economy would be served by forcing the plaintiffs to fracture their claims across multiple forums to reach the various defendants***." ***Cf***. ***World-Wide Volkswagen***, ***infra***, at 292, 100 S. Ct. at 564 (emphasis added).

[6] ***See David v. Signal Int'l, LLC***, No. 08-1220, pp. 18-19 (E.D.La.  Dec. 12, 2008) (Doc. #288) ("The Dewan Defendants played a crucial role in recruiting the plaintiffs for employment in this country. Much of the injury claimed by the plaintiffs was sustained in this country while they worked at Signal's facilities. As noted above, the action against Burnett is properly before this Court, so § 1965(b) is triggered to give the Court jurisdiction over the Dewan Defendants who are part of the alleged RICO enterprise and who clearly have minimum contacts with the United States.").

[7] Defendants are called to courtrooms to answer facts, not labels. ***Cf***. ***World-Wide Volkswagen Corp. v. Woodson***, 444 U.S. 286, 292, 100 S. Ct. 559, 564, 62 L. Ed. 2d 490 (1980) ("Implicit in this emphasis on reasonableness is the

is very likely to conclude that it does **not** offend traditional notions of fair play and substantial justice for the court to exercise personal jurisdiction over the Dewan defendants relative to § 1595.

Furthermore, the first court's personal jurisdiction extends to the limit of due process. ***See First Guaranty Bank of Hammond v. ALAS, Ltd.***, 515 So.2d 1080, 1083 (La. 1987). ***World-Wide Volkswagen*** proves that due process is spacious enough to take in § 1595 under these circumstances. The record indicates that the first court thinks so. ***See*** footnotes 5 & 6, ***supra***. Since the first court will conclude that it has personal jurisdiction with regard to the Dewan defendants for the purposes of § 1595, it will conclude that the state law claims are also jurisdictional, as it has before. ***Id***. Therefore, the argument that personal jurisdiction is an impediment to transfer fails.

## III.  THERE IS SUBSTANTIAL OVERLAP

Turning to the contention that the first court's predominance determination proves that ***David*** and this suit do not substantially overlap, when the first court denied class certification, in a variety of ways, the Court said that the claims of the class displayed a significant overlap in evidence and exhibited "numerous common issues amongst the cases." ***See***, ***e.g.***, ***David***, ***supra***, at *106.[8]

---

understanding that the burden on the defendant, while always a primary concern, will in an appropriate case be considered in light of other relevant factors, including the forum State's interest in adjudicating the dispute; the plaintiff's interest in obtaining convenient and effective relief, at least when that interest is not adequately protected by the plaintiff's power to choose the forum; the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies.") (internal citations omitted).
[8] ***See also***, ***e.g.***, ***David***, ***supra***, at *76-*77: "Plaintiffs' contention is that certain broader characteristics shared by the class as a whole, . . . would have compelled any reasonable person to stay at Signal and provide **labor** and therefore **the focus should be on Defendants' conduct**. Clearly, the members of the class do share some common **characteristics**." (Emphasis added); *79 ("Plaintiffs cannot satisfy the predominance requirement of Rule 23(b)(3) **even though common issues are present** in their **forced labor** claims.") (emphasis added); *101 (Court agrees that **fraud** claims raise significant common issue of misrepresentations made to government allegedly by Signal to

5

As stated before, plaintiffs seem not to grasp that whereas the origins of the first-filed rule lie in the principle of comity, which "requires federal district courts -- courts of coordinate jurisdiction and equal rank -- to exercise care to avoid interference with each other's affairs," and hence "'avoid duplicative litigation;'" Rule 23(b)(3)'s "predominance inquiry requires a court to consider 'how a trial on the merits would be conducted if a class were certified'" in order to "prevent[] the class from degenerating into a series of individuals trials."[9]

Predominance occupied the attention of United States Supreme Court's in **Wal-Mart Stores, Inc. v. Dukes**, -- U.S. --, 131 S. Ct. 2541, 2550, 180 L. Ed. 2d 374 (2011). There, the Court emphasized that "'[w]hat matters to class certification . . . is not the raising of common 'questions' -- even in droves -- but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation.'" (Italics in original and citation omitted).[10]

The overarching purposes of the first-filed rule, according to the Fifth Circuit, in contrast, are comity and thwarting duplicative litigation, a risk this litigation highlights to a profound degree.[11] It is irrefutable that "the . . . claims in the present action are based on the same alleged conduct by Signal that forms the basis for the . . . claims in **David**."[12] To nonetheless persuade this Court that the requisite level of overlap is, in this instance, still missing, plaintiffs stress that

secure "hundreds of H-2B visas" but in this Circuit in light of **Sandwich Chef** burden to prove RICO causation precludes certification).
[9] **See West Gulf Maritime Assoc. v. ILA Deep Sea Local 24**, 751 F.2d 721, 728-29 (5th Cir. 1985). **See also David**, *supra*, 2012 U.S.Dist. LEXIS 114247, at *58-*59 (concerning nature of predominance inquiry).
[10] **David** concluded that the action would not generate common answers because "one cannot [for example] determine whether the defendant's actions coerced or forced the victim to provide labor without looking to the specific victim involved." **David**, *supra*, 2012 U.S.Dist. LEXIS 114247, at *72.
[11] **See West Gulf Maritime Assoc.**, *supra*, 751 F.2d at 728-29 (citation omitted).
[12] **See** Doc. #12, p. 6, *citing EEOC v. Signal International, LLC*, No. 11-179, p. 8 (S.D.Miss. Feb. 29, 2012). **Cf**. **David**, *supra*, at *106.

6

the present action omits the first action's "complex RICO claims . . ."[13] This is a specious claim. It conveniently ignores the fact that the RICO claims are predicated on the same trafficking and forced labor facts that likewise populate the present action's first claim for relief. This is thus another example of elevating labels over facts.

The pivotal point, as the Supreme Court emphasized in *Dukes*, is that a denial of class certification is emphatically not at all, necessarily, a comment on whether there are, in the action, "common 'questions' -- even in droves . . ."[14] Predominance's purpose is not to comment on the incidence of common questions; it is rather to guarantee that a suit, alleged to be amenable to certification, has "the [real] capacity . . . to generate common *answers* . . ." *Id*. The opposition of the plaintiffs is accordingly misguided.

Indeed, like the Panel, the Supreme Court has virtually written that when a District Court concludes that litigation having a mass tort quality fails the certification test and the absent class thereafter file new lawsuits in different federal courts asserting the same claims, the involved courts are advised to heed *Kerotest's* injunction and carefully weigh transfer. This action should therefore be transferred to New Orleans.

IV.   **CONCLUSION**

This suit should accordingly be transferred. On the subject of the dismissal issues, plainly, plaintiffs claim the right to argue that § 1981 reaches conduct that occurred abroad and fail to see the incongruity in arguing that a boatload of alleged wrongdoing that occurred abroad involving foreign nationals was governed when it transpired by Mississippi law, in spite of the

---

[13] Opposition Memorandum, p. 11.
[14] *Wal-Mart Stores, Inc.*, *supra*, 131 S. Ct. at 2550.

lessons of *Boureslan*. But the dismissal issues, as profoundly fraught as they are, are fully briefed.

**MIDDLEBERG RIDDLE & GIANNA**

*/s/ Hal D. Ungar*
Hal D. Ungar (MS. Bar No. 102743)
Middleberg, Riddle & Gianna
201 St. Charles Avenue, 31st Floor
New Orleans, LA 70170
Telephone (504) 525-7200
Fax (504) 581-5983
*Attorney for Signal International LLC*
*And Signal International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2013, I electronically filed the foregoing Reply Memorandum with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to non-CM/ECF participants.

*/s/ Hal D. Ungar*

ND: 4847-7786-9077, v.  1