UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

```
****************************************************
LAKSHMANAN PONNAYAN ACHARI, et al,   *   CIVIL ACTION NO:
                        Plaintiffs   *   1:13-CV-00222-LG-JMR
                                     *
v.                                   *   CHIEF DISTRICT
                                     *   JUDGE GUIROLA
SIGNAL INTERNATIONAL, LLC, et al,    *
                                     *   CHIEF MAGISTRATE
                        Defendants   *   MAG. JUDGE ROPER
****************************************************
```

## MEMORANDUM OF SIGNAL SUPPORTING
## MOTION FOR LIMITED CONSOLIDATION

**I.   INTRODUCTION**

Defendants, Signal International, LLC ("LLC") and Signal International, Inc. ("Inc.") (hereinafter collectively "Signal") respectfully move, for the reasons stated below, for the consolidation, for only a limited, pre-trial purpose, of the instant action and *Chakkiyattl v. Signal*, no. 13-cv-318-LG-JMR and *Krishnakutty v. Signal*, no. 13-cv-319-LG-JMR.

The above captioned action is the lowest numbered of the related actions to which this motion pertains. This motion is a product of the conjunction of Federal Rule 42(a), Local Rule LR 42 and *Save Power Ltd.*, *infra*.[1]

---

[1] Local Rule 42 states: "In civil actions consolidated under FED.R.CIV. P. 42(a), the action bearing the lower or lowest docket number will control the designation of the district or magistrate judge before whom the motion to consolidate is noticed; the docket number will also determine the judge before whom the case or cases will be tried. Consolidation of actions from different divisions of a district court will be controlled by the earliest filing date. A dismissal of the action bearing the lower or lowest number before the hearing on a motion to consolidate will not affect the operation of this rule. The judge initially assigned the lower or lowest numbered action, even if that action has been dismissed, will be the judge before whom the action(s) will be tried."

1

In general terms, building on the established principle that "[c]onsolidation may be expressly limited to pretrial proceedings," 8 Moore's Federal Practice, § 42.10[2][a] (Lexis 2013) (footnote omitted), the balance of this brief explains that the actions to which this motion pertains should be combined. They should be consolidated because the first-filed rule applies equally to related actions within the same District. However, the actions should only be consolidated for the purpose of deciding that the first-filed rule commands that the actions be transferred to the United States District Court for the Eastern District of Louisiana for the reasons stated in Signal's separately filed motions to transfer and partially dismiss.

As stated before, in the present action, the lowest numbered, related action in this Court, Signal has appeared and moved for relief under the first-filed rule (Doc. #11).[2]

### i.     *Related Cases*

In *Chakkiyattil*, which was initiated by a Complaint (Doc. #1) that, like the present action, does not make a civil RICO claim but does allege trafficking and forced labor, *see id*., at ¶ 550, a quality of that Complaint that causes that action to substantially overlap, in all likelihood, just like the present action, ***David v. Signal Int'l, LLC***, 2012 U. S. Dist. LEXIS 114247 (E.D.La. Jan. 4, 2012), Doc. #1-1, the civil cover sheet, identifies the suit above captioned as a "related" case.

Likewise, in *Krishnakutty*, which similarly is a trafficking and forced labor case but not a civil RICO case, Doc. #1-1, the civil cover sheet, identifies the suit above captioned as a "related" case.

---

[2] The motion also moves for the dismissal of the Complaint partially as to pendent state law claims pursuant to Federal Rule 12(b)(6).

### ii. Other Related Actions

There is, in this District, another action growing out of *David*, *supra*, *Devassy v. Signal*, suit no. 13-cv-327-HSO-RHW on this District and Division's docket. Its civil cover sheet, Doc. #1-1, likewise identifies the above captioned action as a "related" action. However, Signal has not appeared in *Devassy* other than to request an extension of time in which to plead. As a consequence, Signal's view is that that action is not for a motion to consolidate by Signal. As an internal matter, this Court may have a different, administrative view. Since the topic is one Signal does not feel competent or invited to address, it does not.

## II. ARGUMENT

Signal contends that consolidation is, in this instance, under Fifth Circuit caselaw, mandatory. Even the persons filing the actions view them as "related." *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) and its precursors are therefore directly on point and controlling. *Cf*. LR 42.

*Save Power*, an intra-District, intra-Division dispute arising from the Fort Worth Division of the Northern District of Texas, "concern[ed] the respective rights of Save Power Limited . . . and Syntek Finance . . . to the assets of Pursuit Athletic Footwear . . ., a wholesale distributor of athletic shoes . . ." *See Save Power Ltd.*, *infra*, at 948.

The dispute ultimately centered on the interpretation and enforcement of a series of financing agreements. It is apparent from the decision that the original action contained parties and issues a second action concerning the same subject-matter did not. *See id*., at 948-949.

Rather, however, than transferring, the second court reached the merits through the medium of certain summary judgment issues and granted one party, partial summary judgment. *See id.*, at 949. In due course, the Fifth Circuit reversed. It found that the second Court should

have transferred the second, related action to the first Court, which was in the same Division, and that the second Court should have done so pursuant to the first-filed rule. Wrote the Fifth Circuit: "For the foregoing reasons, the judgment of the district court [granting partial summary judgment] is VACATED and this case is REMANDED with instructions that it be transferred immediately to Judge Means." *See id.*, at 952 (caps in original).

The "foregoing reasons" to which the Fifth Circuit alluded included reasons "grounded in principles of comity and sound judicial administration" why the first-filed rule "applies where related cases are pending *before two judges in the same district*, as is the case here, as well as where related cases have been filed in different districts." *See Save Power Ltd. v. Syntek Finance Corp.*, *supra*, at 950 (emphasis added), *quoting Dillard v. Merrill Lynch, Pierce, Fenner & Smith*, 961 F.2d 1148, 1161 n. 28 (5th Cir. 1992) ("'The same concern with avoiding duplicative litigation is present where similar suits have been filed in two courts within the same district.', *cert. denied* . . .'"). *See also Buckalew v. Celanese, Ltd.*, 2005 U.S. Dist. LEXIS 48527, *7 (S.D.Tex. Sept. 16, 2005) ("The first-to-file rule applies whether related cases are pending before district judges in different divisions within a single district, or in two different districts.").

This principle controls the present litigation. Signal recognizes that the actions to which the instant motion pertains are in the same Section. However, the question presented now is essentially the first court question of combination and consolidation. *Cf. Sutter Corp. v. P & P Industries, Inc.*, 125 F.3d 914, 920 (5th Cir. 1997) (first court is one delegated task of deciding whether to consolidate related actions). The first-filed rule still applies. The civil cover sheets discussed before prove that even the implicated plaintiffs recognize that the actions in this

District to which *David* gave birth are materially related to one another - and hence ultimately to *David*.

Signal also moves for consolidation because of its conviction that it is implicit in *Save Power* that there be but one first-filed decision from the Southern District of Mississippi concerning the actions that mitosed from *David*.

This Court requires no primer from Signal on fundamental consolidation principles. *See* Fed.R.Civ.P. 42(a) (Lexis 2013).[3] *See also* 8 Moore's Federal Practice, § 42.10[1][a] (Lexis 2013) ("The consolidation rule provides judges with a powerful tool to expedite litigation by drawing together separate actions sharing common legal or factual questions.") (footnote omitted). Obviously, the Court is intimately familiar with Local Rule 42.

Briefly, "[q]uite frequently, actions that are consolidated are of a 'like nature,' such as . . . negligence actions arising out of the same accident, or securities law actions alleging similar violations against the same defendant." *See id.*, at § 42.10[1][b]. This is just such ligation. Construing Rule 42(a) in *Luera*, the Fifth Circuit pertinently observed, "where . . . claims are not joined under Rule 20 but brought in separate suits, Rule 42(a) provides district courts with broad authority to consolidate actions that 'involve a common question of law or fact.'" *See Luera v. M/V Alberta*, 635 F.3d 181, 194 (5th Cir. 2011).

Plainly, the actions in this Court now share, by virtue of the motions filed by Signal in *Chakkiyattl* and *Krishnakutty* simultaneously with the instant motion, common questions of law with regard to transfer and Rule 12(b)(6) dismissal.

---

[3] In subparagraph (a), Fed.R.Civ.P. 42(a) states: "Consolidation. If actions before the court involve a common question of law or fact, the court may:   (1) join for hearing or trial any or all matters at issue in the actions;   (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."

In addition, the Fifth Circuit has remarked, "Rule 42(a) should be used to . . . eliminate unnecessary repetition and confusion." *Miller v. United States Postal Service*, 729 F.2d 1033, 1036 (5th Cir. 1984). The risk of unnecessary repetition and confusion is highlighted by the number of related actions in this Court raising the same, legal issues, issues which should produce uniform results. *Id*. Consolidation is accordingly warranted.

Furthermore, that the separate actions to which this motion pertains are of "like nature" is indisputable. As noted many times before in this paper, the fact that the actions are of like nature is one the plaintiffs filing the actions that separated from *David*, mitotically, acknowledge in the civil cover sheets to which this paper has alluded.

The fact that different plaintiffs are involved is not material. Not only did the Court recognize this fact in the *EEOC* opinion to which Signal referred in its substantive motion (Doc. #12), consolidation encompasses different plaintiffs by nature.

As the United States Supreme Court indicated in the *Kerotest* opinion that influenced this Court in the past with regard to the first-filed rule, "wise judicial administration" eschews mechanical rules like those forbidding transfer and consolidation on account of plaintiff differences, if such a rule exists. *See also Gulf Coast Pharm., Inc. v. Priority Pharmaceuticals, Inc.*, 2009 U.S. Dist. LEXIS 120534, *6 (S.D. Miss. Dec. 18, 2009) (Guirola, Jr., J.) ("The decision of whether to apply the first-to-file rule involves determinations concerning '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.' *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,* 342 U.S. 180, 183, 72 S. Ct. 219, 96 L. Ed. 200, 1952 Dec. Comm'r Pat. 407 (1952).").

> Wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, ***does not counsel rigid mechanical solution of such problems***. The factors relevant to wise administration here are equitable in nature.

> Necessarily, an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts. (Emphasis added and footnote omitted).

*See Kerotest*, *supra*, at 183-84, 72 S. Ct. at 221.

### III.  **CONCLUSION**

Having explained why the present motion seeks a limited form of consolidation centered on a specific purpose, Signal urges this Court to consolidate in a limited way. By consolidating in a limited way, this Court will organize itself in the way most conducive to compliance with *Save Power* and *Kerotest*, not to mention *Kerotest's* considerable progeny, including significant offspring in this Circuit.

The compliance Signal envisions is consolidation followed by a single decision from this Court concerning transfer under the first-filed rule. Motion to dismiss questions should probably be carried with the case. As Signal understands, however, the law governing the first-filed rule as well as consolidation, the Fifth Circuit does not expect to see multiple decisions on the issue of transfer from actions as related as the present ones are.

Actually, and Signal will soon so move on an urgent basis, the litigation in this Court born of *David* should be stayed pending the transfer decision to which this motion refers. *See West Gulf Maritime Assoc. v. ILA Deep Sea Local*, 751 F.2d 721, 729 n. 1 (5th Cir. 1985). Citing *West Gulf* at this location, Mississippi federal courts have noted that "[t]o effectuate this principle [i.e., the rule], a district court may . . . stay an action where the issues presented can be resolved in an earlier action pending in another district court." *See*, *e.g.*, *Granny's Alliance Holdings, Inc. v. Farrow Const. Specialties, Inc*., 2012 U.S. Dist. LEXIS 70394, *26 (S.D.Miss. May 21, 2012) (Ozerden, J.).

As *West Gulf* indicates, this principles' spring is considered to be *Abbott Laboratories v. Gardner*, 387 U.S. 136, 155, 87 S. Ct. 1507, 1519, 18 L. Ed. 2d 681 (1967). There, the Court discussed antidotes, within the federal system, to a multiplicity of suits over the same, basic subject-matter. The Court stated that one option would be staying "actions in all but one jurisdiction . . . pending the conclusion of one proceeding."

As litigation in this Court, as a matter, essentially, of docket control and information, the cases in question should immediately be stayed and stayed indefinitely. It is antithetical to everything the first-filed rule accomplishes to rush litigation headlong towards a trial, which is occurring now in this litigation in a sense as a result of Doc. #29, the Rule 16(a) Initial Order.

Separately, Signal will move accordingly, and in a way that is timely.

The corpus of the actions, however, should be transferred to the Eastern District of Louisiana for both the first-filed reasons discussed in Signal's papers and the jurisprudence Signal there briefed and secondly, especially *Smith v. Bayer Corp.*, which is dispositive. *See Smith v. Bayer Corp.*, -- U.S. --, 131 S. Ct. 2368, 2382, 180 L. Ed. 341 (2011) ("[W]e would *expect* federal courts to apply principles of comity to each other's class certification decisions when addressing a common dispute.") (emphasis added).

Respectfully submitted this 20th day of September, 2013.

MIDDLEBERG RIDDLE & GIANNA

/s/ Hal D. Ungar
Hal D. Ungar (MS. Bar No. 102743)
Middleberg, Riddle & Gianna
201 St. Charles Avenue, 31st Floor
New Orleans, LA 70170
Telephone (504) 525-7200
Fax (504) 581-5983

*Attorney For Signal International LLC
And Signal International, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 20, 2013, I electronically filed the foregoing Memorandum in Support of Motion of Signal for Limited Consolidation with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to non-CM/ECF participants.

*/s/ Hal D. Ungar*

ND: 4832-5027-3045, v. 1