IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LAKSHMANAN PONNAYAN ACHARI, et al.,

                         Plaintiffs,        Civ. No. 1:13-CV-00222-LG-JMR

     v.

SIGNAL INTERNATIONAL, LLC, et al.,

                         Defendants.

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
<u>SIGNAL'S URGENT MOTION FOR STAY</u>**

 

**LATHAM & WATKINS LLP**
885 Third Avenue
New York, New York 10022
Telephone:  (212) 906-1200

**MCDUFF & BYRD**
767 North Congress Street
Jackson, Mississippi 39202
Telephone: (601) 969-0802

*Attorneys for Plaintiffs*

## PRELIMINARY STATEMENT

Signal's[1] "urgent" motion to stay is but the latest in a string of motions revealing Signal's fundamental misunderstanding of the consequences of its successful opposition to class certification in *David v. Signal International LLC,* No. 08-cv-1220 (E.D. La.). Nearly two years ago, Signal defeated class certification in *David*, which was brought on behalf of all Indian former employees of Signal's Texas and Mississippi marine fabrication facilities for mistreatment in recruiting, employing, and housing those workers. Signal now attempts to impede every individual lawsuit necessitated by the denial of class certification. As is apparent from Signal's memoranda in support of its motions to transfer, consolidate, and stay this action (Docs. 12, 34, and 36, respectively), Signal believes that denial of class certification means: (1) only the named plaintiffs in *David* may pursue their claims against Signal, as all other suits are duplicative; (2) all putative class members must litigate their claims in the venue that denied class certification; (3) no putative class member may demand additional discovery beyond what Signal produced in connection with class certification in *David*; (4) no lawsuit may proceed with discovery until the *David* case concludes; and (5) the *David* lawsuit will serve as a "bellwhether [sic] trial" resolving claims brought by the very plaintiffs denied a seat at the table in *David*.

Signal is mistaken. The natural and logical consequence of Signal's successful effort to deny class certification is that each of the individual putative class members, including the *Achari* Plaintiffs, may—indeed, if they are to protect their rights, *must*—pursue their claims against Signal in separate, individual lawsuits. These individuals are each equally entitled to file new lawsuits, prosecute their claims, demand discovery under the Federal Rules of Civil Procedure, and litigate their lawsuits to trial. Anything less would transform the denial of class

---

[1] Signal International, LLC and Signal International, Inc. are referred to collectively as "Signal."

certification into something it was not: wholesale disregard of all of the underlying individual claims.

Plaintiffs are entitled to discovery, and no decision on Signal's motions to transfer or consolidate will change that. Signal will suffer no hardship or inequity commencing discovery that it must complete regardless, whether in Mississippi or Louisiana. Moreover, Plaintiffs will be substantially harmed by an indefinite delay of this action pending resolution of *David*. Signal's motion to stay should be denied.

## STATEMENT OF FACTS

Plaintiffs incorporate by reference the factual and procedural history set forth in their Memorandum in Opposition to Signal's Motion for Limited Consolidation (Oct. 7, 2013) (Doc. No. 38).

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The imposition of a stay, however, is an extraordinary measure, which requires the moving party to "make out a *clear case of hardship or inequity* in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Id.* at 255 (emphasis supplied); *accord Bayoil Supply and Trading of Bahamas v. Jorgen Jahre Shipping AS*, 54 F. Supp. 2d 691, 694 (S.D. Tex. 1999) ("[T]he moving party bears a heavy burden to show why a stay should be granted."). As the Supreme Court has recognized, "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255. "In fact, a court should grant a discretionary stay only upon the showing of 'something close to *genuine*

2

*necessity.*'"  *Bayoil Supply*, 54 F. Supp. 2d at 694 (quoting *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198, 203 n.6 (5th Cir.1985)) (emphasis supplied).

## ARGUMENT

### I. PLAINTIFFS WOULD BE SUBSTANTIALLY PREJUDICED BY THE IMPOSITION OF A STAY

Signal requests nothing less than to freeze the *Achari* action entirely.  Signal nominally seeks to stay the *Achari* action until this Court decides Signal's motion to transfer venue.  Def.'s Br. at 2.[2]  Signal acknowledges that such a stay may last the better part of a year.  Def.'s Br. at 4 n.3 (noting that approximately seven months elapsed between the filing of Signal's motion to transfer *EEOC v. Signal*, 11-cv-00179 (S.D. Miss.), and the opinion granting the motion).  A stay of just seven months would prejudice Plaintiffs.  *See Kron Med. Corp. v. Groth*, 119 F.R.D. 636, 637-38 (M.D.N.C. 1988) (noting that stays of discovery are disfavored because "counsel must reacquaint themselves with the case once the stay is lifted" and "[m]atters of importance may be mislaid or avenues unexplored"); *see also Wind v. Eli Lilly & Co.*, 814 F. Supp. 305, 309 (E.D.N.Y. 1993) ("It would not be in the interests of any party to have the wheels of justice automatically come to halt while [a] remand motion is pending.").  Nonetheless, Signal's rationale portends an indefinite halt to the litigation.

Signal's motion to stay discovery disguises a broader attempt to cabin discovery in this action permanently, a request that would significantly harm the *Achari* Plaintiffs.  *Accord Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1345 (5th Cir. 1978) ("Our system of civil litigation cannot

---

[2]   All references to "Def.'s Br." are references to Mem. in Support of Urgent Motion of Signal for Stay (Oct. 3, 2013) (Doc. No. 36).

To the extent that Signal is seeking a stay based on the application of the first-to-file rule, Signal's motion should be denied for the reasons stated in the *Achari* Plaintiffs' opposition to Signal's motion to transfer.  Pls.' Mem. of Law in Opp'n to Defs. Signal Int'l, LLC's and Signal Int'l, Inc.'s Mot. to Transfer and to Dismiss (July 29, 2013) (Doc. No. 24).

function if parties . . . suppress information called for upon discovery. 'Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.'") (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).  Signal argues that this Court's Rule 16(a) Initial Order, requiring only that the parties exchange information that is "reasonably available" to them, Fed. R. Civ. P. 26(a)(1)(E), discuss the scope of discovery, and establish a schedule for the litigation, "is antithetical to the goals of resource conservation and wise judicial administration."  Def.'s Br. at 4.  Signal suggests that any discovery in *Achari* would impose a great burden because it already provided discovery to other plaintiffs in a different lawsuit pertaining to an issue (class certification) that the *Achari* Plaintiffs will never raise.  *Id.*  That "Signal's document production [concerning class certification in *David*] has been massive", Def.'s Br. at 5, is irrelevant.  Signal is not entitled to prevent the *Achari* Plaintiffs from discovering information relevant to their claims and Signal's defenses.  Fed. R. Civ. P. 26 ("Duty to Disclose").[3]

Signal's motion also disguises a more outlandish request:  Signal seeks to halt all litigation in *Achari* until the *David* case concludes.  Signal urges this Court to stay the *Achari* action because "co-workers of the plaintiffs in the present action are advancing, in *David*, towards a bellwhether [sic] trial of claims that also appear *in this case*."  Def.'s Br. at 4 (emphasis in original).  The court in *David* has scheduled a "status conference with the parties on

---

[3]     Signal's suggestion that the *Achari* Plaintiffs would be bound by discovery orders in *David* is baffling in light of its reliance on *Smith v. Bayer Corp.*, -- U.S. --, 131 S. Ct. 2368, 2382 (2011).  In *Smith*, the Supreme Court held that a federal court that denied class certification in a lawsuit against a pharmaceutical manufacturer could not enjoin a state court from granting class treatment in a related lawsuit against the same defendant based on the same alleged conduct.  In so holding, the Court emphasized that putative class members are not parties to the litigation and thus are not bound by the prior court's orders.  131 S. Ct. at 2379 ("[N]o one . . . was willing to advance the novel and surely erroneous argument that a nonnamed class member is a party to the class-action litigation *before the class is certified*.  Still less does that argument make sense *once certification is denied*. The definition of the term 'party' can on no account be stretched so far as to cover a person . . . who the plaintiff in a lawsuit was denied leave to represent.").

4

October 10" and "[i]t is likely that the [*David*] court will discuss an actual trial date with the parties at that time." Def.'s Br. at 5.  Signal argues that *Achari* should be stayed pending resolution of this "bellwhether [sic] trial" because "the present action will inescapably relitigate the class certification decision in *David*." Def.'s Br. at 7.

   Signal's efforts to force the *Achari* Plaintiffs to cede control over their litigation, indefinitely, to a lawsuit that explicitly denied them access would greatly prejudice them.  *See Michael Freedman & Assocs. v. Richard Bradley Carpet Co.*, No. 11-2793, 2012 U.S. Dist. LEXIS 17246, at *10 (E.D. La. Feb. 13, 2012) ("[B]efore granting a stay pending the resolution of another case, the court must carefully consider the time reasonably expected for resolution of the 'other case,' in light of the principle that stay orders will be reversed when they are found to be immoderate or of an indefinite duration.") (quoting *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (quotation marks omitted)).  The *Achari* action does not seek to relitigate the class certification decision in *David*; indeed, its very existence is premised upon that ruling.  Nor does this action seek to relitigate any case on the merits.  The denial of class certification ensured that the *David* case did not reach the merits with respect to these Plaintiffs. Moreover, a stay of this action pending *David* is illogical.  In denying class treatment, the *David* court explicitly rejected the possibility that a trial of the *David* plaintiffs' claims could serve as a "bellwhether [sic] trial" for *Achari*.  *David v. Signal Int'l Inc.*, No. 08-cv-1220, 2012 U.S. Dist. Lexis 114247, at *77 (Jan. 3, 2012) (finding that each former employee's claims depended heavily on questions of reliance and coercion that needed to be decided "individually[,] based upon individualized proof").

## II.     SIGNAL HAS NOT ESTABLISHED A "CLEAR CASE OF HARDSHIP OR INEQUITY" SUFFICIENT TO IMPOSE A STAY

Irrespective of the validity, *vel non*, of Signal's desire to transfer this action to the Eastern District of Louisiana, Signal would not be prejudiced by the commencement of discovery. Discovery should not be stayed pending a decision on Signal's motion to transfer because discovery will proceed in either venue.  *See Software Rights Archive, LLC v. Google Inc.*, No. 2:07-cv-511, Slip Op. at 1 (E.D. Tex. May 26, 2010) (denying motion to stay pending resolution of a motion to transfer where "the merits-based discovery may be used in either forum"); *McKenna v. CDC Software, Inc.*, No. 08-cv-110, 2008 WL 1782656, at *2 (D. Col. Apr. 17, 2008) (denying motion to stay pending a decision on a motion to transfer where discovery would proceed regardless); *Kron Med. Corp.*, 119 F.R.D. at 638 (denying motion to stay discovery pending a motion to transfer where discovery would continue "under any scenario").

Moreover, this Court's Rule 16(a) Initial Order imposes no great burden on the parties. *See Grossbard v. Sec. Am. Fin. Corp.*, No. 09-cv-350, 2010 WL 702271, at *2 (D. Neb. Feb. 23, 2010) (denying motion to stay where there was no showing defendants would be prejudiced by being required to provide initial discovery disclosures); *Jozwiak v. Stryker Corp.*, No. 09-cv-1985, 2010 WL 147143, at *3 (M.D. Fla. Jan. 11, 2010) ("Conducting a Rule 26 conference would cause minimal prejudice . . . even if this case is later consolidated, because Rule 26 merely requires the parties to disclose information concerning the claims or defenses that is reasonably available.").

Signal's overblown protestations about being asked to exchange Initial Disclosures thus fall far short of the "hardship or inequity" or "genuine necessity" required to warrant a stay. *Accord Landis*, 299 U.S. at 255; *Bayoil Supply*, 54 F. Supp. 2d at 694.

6

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Signal's Urgent Motion for Stay.

Dated: October 7, 2013                    Respectfully submitted,


                                          LATHAM & WATKINS LLP

                                          By: */s/ Daniel D. Adams*

                                          Miles N. Ruthberg, *pro hac vice*
                                          Benton J. Campbell, *pro hac vice*
                                          Christopher Harris, *pro hac vice*
                                          H. Gregory Baker, *pro hac vice*
                                          Jennifer Greenberg, *pro hac vice*
                                          Daniel D. Adams, *pro hac vice*
                                          Elizabeth C. Rowland, *pro hac vice* to be filed
                                          Aaron M. Safane, *pro hac vice* to be filed
                                          885 Third Avenue
                                          New York, New York 10022
                                          Tel:  (212) 906-1200
                                          Fax: (212) 751-4864
                                          E-mail: miles.ruthberg@lw.com
                                          E-mail: benton.campbell@lw.com
                                          E-mail: christopher.harris@lw.com
                                          E-mail: gregory.baker@lw.com
                                          E-mail: jennifer.greenberg@lw.com
                                          E-mail: daniel.adams@lw.com
                                          E-mail: elizabeth.rowland@lw.com
                                          E-mail: aaron.safane@lw.com

                                          MCDUFF & BYRD
                                          Robert B. McDuff, MS Bar No. 2532
                                          Sibyl C. Byrd, MS Bar No. 100601
                                          Jacob W. Howard, MS Bar No. 103256
                                          767 North Congress Street
                                          Jackson, Mississippi 39202
                                          Tel: (601) 969-0802
                                          Fax: (601) 969-0804
                                          E-mail: rbm@mcdufflaw.com
                                          E-mail: scb@mcdufflaw.com
                                          E-mail: jake@mcdufflaw.com

                                          *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 7, 2013, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of an electronic filing to all CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to non-CM/ECF participants, other than Defendant Michael Pol, litigation against whom is stayed pursuant to the automatic bankruptcy stay.

                                          */s/ Daniel D. Adams*

                                          Daniel D. Adams, *pro hac vice*