IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **ACHARI, ET AL.** | **PLAINTIFFS** |
| v. | CAUSE NO. 1:13CV222-LG-JMR |
| | Consolidated with:<br>CAUSE NO. 1:13CV327-HSO-RHW |
| **SIGNAL INT'L, LLC, ET AL.** | **DEFENDANTS** |

---

| | |
|---|---|
| **CHAKKIYATTIL, ET AL.** | **PLAINTIFFS** |
| v. | CAUSE NO. 1:13CV318-LG-JMR |
| **SIGNAL INT'L, LLC, ET AL.** | **DEFENDANTS** |

---

| | |
|---|---|
| **KRISHNAKUTTY, ET AL** | **PLAINTIFFS** |
| v. | CAUSE NO. 1:13CV319-LG-JMR |
| **SIGNAL INT'L, LLC, ET AL.** | **DEFENDANTS** |

ORDER CONSOLIDATING CASES
AND TRANSFERRING TO THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF LOUISIANA

BEFORE THE COURT are the Motion [33] to Consolidate filed by Signal International, Inc. and Signal International, LLC ("Signal") in cause no. 1:13cv222-LG-JMR, and the Motions to Transfer filed by Signal in each of the above-captioned cases (the "Mississippi cases"). The motions are opposed by the plaintiffs. After due

consideration, the Court concludes that consolidation for the purpose of considering transfer is appropriate, and that the Mississippi cases should be transferred to the United States District Court for the Eastern District of Louisiana, where a substantially similar case was first filed and is pending.  Accordingly, the motions to consolidate and transfer will be granted.  The Court declines to rule on any remaining motions, leaving them for determination by the transferee court.

## PROCEDURAL HISTORY

Signal seeks consolidation, stay and transfer of four cases to the Eastern District of Louisiana.  The four are this case ("*Achari*"), *Chakkiyattl v. Signal*, No. 13cv318-LG-JMR ("*Chakkiyattl*"), *Krishnakutty v. Signal*, No. 13cv319-LG-JMR ("*Krishnakutty*"), and *Devassy v. Signal*, 1:13cv327-HSO-RHW ("*Devassy*").[1]  Signal argues that these cases are closely related to a similar lawsuit filed in the Eastern District of Louisiana in March 2008, *David, et al. v. Signal, et al.*, No. 2:08-CV-1220-JCZ-DEK ("*David*").  Signal submits that under the "first filed" rule, the four cases should be transferred so that their issues can be resolved with *David*.

The Eastern District of Louisiana district judge summarized the *David* plaintiffs' claims as alleging a scheme to lure foreign workers to work for Signal in Mississippi and Texas with the promise of permanent residence in the United States.  Once in the United States, the *David* plaintiffs alleged they were subjected to discrimination and adverse working and living conditions.  The plaintiffs allege

---

[1] *Devassy* was recently consolidated with *Achari*.

that the recruitment defendants obtained millions of dollars in fees and Signal obtained workers for a lesser cost than if it hired American workers.  *David*, Order & Reasons at 4, Jan. 4, 2012 (denying motion to certify class).

Signal is one of twelve defendants in *David*.[2]  The plaintiffs in *David* are a number of Indian nationals who were Signal employees.  Their Third Amended Complaint asserts violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), the Victims of Trafficking and Violence Protection Act (TVPA), 42 U.S.C. § 1981, 42 U.S.C. § 1985, the Fair Labor Standards Act (FLSA), and claims of fraud/negligent misrepresentation, and breach of contract.  Several plaintiffs also bring individual claims of retaliation under § 1981 and § 1985, and claims of false imprisonment, assault, battery, and infliction of emotional distress.

The plaintiffs in these Mississippi cases were previously among the plaintiffs in the *David* case who sought to be certified as a class.  After class certification was denied by the Louisiana district court judge, they filed complaints in this Court.

---

[2]  The *David* Defendants are: Signal International L.L.C; Malvern C. Burnett; Gulf Coast Immigration Law Center, L.L.C.; Law Offices of Malvern C. Burnett, A.P.C.; Indo-Ameri Soft L.L.C.; Kurella Rao; J & M Associates, Inc. of Mississippi; Billy R. Wilks; J & M Marine & Industrial, L.L.C.; Global Resources, Inc.; Michael Pol; Sachin Dewan; and Dewan Consultants Pvt. Ltd. (a/k/a MedTech Consultants).  Signal has also filed claims against a third-party defendant, Zito Companies, LLC.

The plaintiffs in *Achari* are a number of Indian nationals who allege that Signal, through recruiters, lured them to the United States to work in deplorable, discriminatory conditions with the promise of permanent U.S. residency. (Am. Compl. 3-7, ECF No. 26). They assert claims of violation of the TVPA, 42 U.S.C. § 1981, fraudulent misrepresentation, negligent misrepresentation, and breach of contract.

The plaintiffs in *Chakkiyattil* are a number of Indian nationals who allege that Signal, through recruiters, lured them to the United States to work in deplorable, discriminatory conditions with the promise of permanent U.S. residency. *Chakkiyattil*, No. 1:13cv318-LG-JMR, Compl. *passim*, ECF No. 1. They assert claims of violation of the TVPA, 42 U.S.C. § 1981, fraudulent misrepresentation, negligent misrepresentation, and breach of contract. *Id*. 111-121.

The plaintiffs in *Krishnakutty* are a number of Indian nationals who allege that Signal, through recruiters, lured them to the United States to work in deplorable, discriminatory conditions with the promise of permanent U.S. residency. *Krishnakutty*, No. 1:13cv319-LG-JMR, Compl. 2, ECF No. 1. They bring claims against all defendants for violation of the TVPA, RICO, 42 U.S.C. § 1981 & 1985, fraud, negligent misrepresentation, breach of contract, "money had and received," breach of special/confidential relationship, and against certain defendants, breach of fiduciary duty.

The plaintiffs in *Devassy* are a number of Indian nationals who allege that Signal, through recruiters, lured them to the United States to work in deplorable, discriminatory conditions with the promise of permanent U.S. residency.  *Devassy*, No. 1:13cv327-HSO-RHW, Compl. 1-2, ECF No. 1.  They assert claims of violation of the TVPA, 42 U.S.C. § 1981, fraudulent misrepresentation, negligent misrepresentation, and breach of contract.

## DISCUSSION

### I. Motion to Consolidate

Signal contends that the above cases should be consolidated only for the purpose of deciding whether the first-filed rule requires the Court to transfer the cases to the United States District Court for the Eastern District of Louisiana.  Signal argues that the first-filed rule applies equally to all the cases it wishes to consolidate for the purpose of transfer.

The plaintiffs argue that consolidation will not aid the Court as a matter of convenience and judicial economy.  Plaintiffs contend that even though all four cases stem from *David*, they bring different claims against different defendants, and so individual attention must be given to each case in making the transfer decision.

The Court has broad discretion in determining whether and to what extent to consolidate cases.  *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 432 (5th Cir. 2013) ("The trial court's managerial power is especially strong and flexible in matters of consolidation."); *Mills v. Beech Aircraft Corp., Inc.*, 886

F.2d 758, 762 (5th Cir. 1989).  The question of whether these cases should be transferred to the Eastern District of Louisiana pursuant to the first-filed rule will require analysis of a single body of law in relation to each case.  The summary above of each case shows that there is substantial similarity in the underlying facts and theories of recovery.  The Court finds that considering the cases together will result in judicial economy.  Accordingly, the Motion to Consolidate will be granted.

## II.  Motion to Stay and Transfer Pursuant to the First-to-File Rule

The "first to file" rule permits a district court to decline jurisdiction over an action when it involves the same parties and issues as a previously-filed action in another court.  When related cases are pending before two federal courts, the court in which the case was last filed may dismiss or transfer the case if it involves substantially similar issues which can be resolved in the earlier-filed action. *See W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728-29 (5th Cir. 1985) and *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997).  "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result."  *W. Gulf Mar. Ass'n*, 751 F.2d at 728.

The Court's inquiry is focused on whether the cases "substantially overlap," but where the overlap is "less than complete, the judgment is made case by case, based on such factors as the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." *Save Power Ltd.*, 121 F.3d at 951.  The first-to-file rule is a discretionary doctrine.

*Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183-84 (1952)).  It is not a rigid or inflexible rule to be mechanically applied.  *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971).  The decision of whether to apply the first-to-file rule involves determinations concerning "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."  *Kerotest*, 342 U.S. at 183.

In support of its motion, Signal argues that the first to file rule applies because the issues and parties in the *David* case completely encompass the issues and parties in the Mississippi cases.  Signal provides a press release by the Southern Poverty Law Center as evidence that the lawyers for the plaintiffs acknowledged the substantial overlap of *David* and the Mississippi cases.  (Def. Memo. Ex. 1, ECF No. 12-1).  In response, the plaintiffs argue that 1) there is a serious question of whether the Louisiana court can exercise personal jurisdiction over all of the named defendants; 2) there is no overlap of parties because the plaintiffs in the Mississippi cases are not parties to the *David* case; and 3) denial of class certification in *David* shows that there is no substantial overlap of issues.

In regard to the question of substantial overlap of parties and issues, the Court finds that both exist here.  The fact that the plaintiffs are no longer parties to the *David* case does not negate the presence of many defendants in common.[3]  The

---

[3] Defendants common to *David* and *Achari* are Signal International L.L.C;

Mississippi defendants are merely subsets of the *David* defendants.

---

Malvern C. Burnett; Gulf Coast Immigration Law Center, L.L.C.; Law Offices of Malvern C. Burnett, A.P.C..; Global Resources, Inc.; Michael Pol; Sachin Dewan; and Dewan Consultants Pvt. Ltd. (a/k/a MedTech Consultants).  All of the *Achari* defendants are named in *David*.

Defendants common to *David* and *Chakkiyattil* are Signal International L.L.C; Malvern C. Burnett; Gulf Coast Immigration Law Center, L.L.C.; Law Offices of Malvern C. Burnett, A.P.C.; J & M Associates, Inc. of Mississippi; Billy R. Wilks; J & M Marine & Industrial, L.L.C.; Global Resources, Inc.; Sachin Dewan; and Dewan Consultants Pvt. Ltd. (a/k/a MedTech Consultants).  All of the *Chakkiyattil* defendants are named in *David*.

Defendants common to *David* and *Krishnakutty* are  Signal International L.L.C; Malvern C. Burnett; Gulf Coast Immigration Law Center, L.L.C.; Law Offices of Malvern C. Burnett, A.P.C.; Indo-Ameri Soft L.L.C.; Kurella Rao; Global Resources, Inc.;  Sachin Dewan; and Dewan Consultants Pvt. Ltd. (a/k/a MedTech Consultants).  All of the *Krishnakutty* defendants are named in *David*.

Defendants common to *David* and *Devassy* are Signal International L.L.C; Malvern C. Burnett; Gulf Coast Immigration Law Center, L.L.C.; Law Offices of Malvern C. Burnett, A.P.C.; Indo-Ameri Soft L.L.C.; Kurella Rao; Global Resources, Inc.; Michael Pol; Sachin Dewan; and Dewan Consultants Pvt. Ltd. (a/k/a MedTech Consultants).  All of the *Devassy* defendants are named in *David*.

Further, the issues are almost identical. In all cases, the plaintiffs allege a human trafficking scheme that induced them to emigrate from India with the unfulfilled promise of permanent United States residency, and the imposition of adverse working and living conditions. The theories of recovery in all of the Mississippi cases are also presented in the *David* case. Finally, it should be noted that failing to meet the commonality requirements for class certification is not equivalent to a lack of substantial overlap of issues. There is such substantial overlap that the Mississippi cases should be transferred to the Eastern District of Louisiana for consideration of the issues.

The plaintiffs question the ability of the Louisiana court to assert personal jurisdiction over all of the defendants. If there is such a question in these cases, it must also be addressed in *David*, as all of the defendants named in the Mississippi cases are also named in *David*. It would be improper for this Court to analyze the Louisiana court's jurisdiction in any event. The Fifth Circuit has rejected the proposition that the first-to-file rule requires the second-filed court to consider the jurisdiction of the first. *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604-05 (5th Cir. 1999). "Once the likelihood of a substantial overlap between the two suits has been demonstrated, it is no longer up to the second filed court to resolve the question of whether both should be allowed to proceed." *Id*. at 606 (citation and internal quotation marks omitted). "[T]he first-to-file rule 'not only determines which court may decide the merits of substantially similar issues, but also establishes which court may decide whether the second suit filed must be dismissed,

-9-

stayed or transferred and consolidated.'" *Street v. Smith*, 456 F. Supp. 2d 761, 768 (S.D. Miss. 2006) (citation and marks omitted).

For these reasons, the Court finds that transfer to the United States District Court for the Eastern District of Louisiana is appropriate.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [33] to Consolidate filed by Signal International, Inc. and Signal International, LLC ("Signal") in cause no. 1:13cv222-LG-JMR, is **GRANTED**. Civil Action Nos. 1:13cv318 and 1:13cv319 shall be consolidated with Civil Action No. 1:13cv222, and that *Achari v. Signal International, LLC*, Civil Action No. 1:13cv222-LG-JMR shall serve as the lead case with *Chakkiyattl v. Signal International, LLC*, No. 13cv318-LG-JMR and *Krishnakutty v. Signal International, LLC*, No. 13cv319-LG-JMR designated as member cases. All subsequent pleadings relating to these causes of action should be filed in the lead case only.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion [11] to Transfer Pursuant to First-Filed Rule filed by Signal International, LLC, is **GRANTED**. The above-captioned consolidated cases are **TRANSFERRED** to the United States District Court for the Eastern District of Louisiana.

**SO ORDERED AND ADJUDGED** this the 18th day of October, 2013.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE