UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAKSHMANAN PONNAYAN ACHARI, et al.,<br>                              Plaintiffs,<br>    v.<br>SIGNAL INTERNATIONAL, LLC, et al.,<br>                              Defendants.<br><br>*Related Cases*:<br><br>KURIAN DAVID, et al.,<br>                              Plaintiffs,<br>    v.<br>SIGNAL INTERNATIONAL, LLC, et al.,<br>                              Defendants.<br><br>EQUAL EMPLOYMENT OPPORTUNITY<br>COMMISSION, et al.,<br>                              Plaintiffs,<br>    v.<br>SIGNAL INTERNATIONAL, LLC, et al.,<br>                              Defendants. | CIVIL ACTION<br><br>No. 13-6218 (c/w 13-6219,<br>13-6220, 13-6221)<br><br>Section "E"<br><br><br>CIVIL ACTION<br><br>No. 08-1220<br><br>Section "E"<br><br><br><br>CIVIL ACTION<br><br>No. 12-557<br><br>Section "E" |

**Applies To:** *Achari v. Signal*, **No. 13-6218;** *Chakkiyattil v. Signal*, **No. 13-6219;** *Krishnakutty v. Signal*, **No. 13-6220;** *Devassy v. Signal*, **No. 13-6221.**

## PROTECTIVE ORDER

The Court issues this Protective Order ("Protective Order" or "Order") to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure in *Achari, et al. v. Signal Int'l, LLC, et al.* (No. 13-6218), *Chakkiyattil, et al. v. Signal Int'l, LLC, et al.* (No. 13-6219), *Krishnakutty, et al. v. Signal Int'l, LLC, et al.* (No. 13-6220), and *Devassy, et al. v. Signal Int'l, LLC, et al.* (No. 13-6221) (collectively, the "Consolidated Actions"). Plaintiffs in the Consolidated Actions filed a Motion for Entry of

Protective Order.[1] The Court enters Plaintiffs' proposed Protective Order, with the exception of Section A.1., and will rule on the disputed portion of Plaintiffs' proposed Protective Order by separate order. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of the Consolidated Actions.

IT IS ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

A. The following general provisions shall apply to documents and information sought, requested, or subpoenaed in the Consolidated Actions:

1. [Intentionally left blank.]

2. Any Party ("Party" or "Parties") to the Consolidated Actions may request through discovery or subpoena any documents and information relevant to these litigations, except documents or information excluded from production pursuant to this or any other Order issued by the Court in these litigations.

3. Pursuant to the Court's Minute Entry dated November 15, 2013 (ECF No. 108), all discovery taken in *David, et al. v. Signal Int'l, LLC*, et al. (No. 08-1220), *EEOC v. Signal Int'l, LLC, et al.* (No. 12-557) (together, the "Related Actions"), or the Consolidated Actions may be used in any of the Consolidated Actions or Related Actions.

4. No documents and information deemed to be "CONFIDENTIAL" (including those documents described in paragraph A(6) below) by the Party from whom such documents and information are sought (the "Producing Party") is exempt from the disclosure and production requirements contained in Fed. R. Civ. P. 26, 33, or 34, including any associated disclosure and production deadlines.

---

[1] R. Doc. 144.

5. Parties shall follow Fed. R. Civ. P. 26(b)(5) for the handling of documents for which a privilege of any kind, including a trial preparation privilege, is being asserted.

6. Any Party may designate as "CONFIDENTIAL" any document or material containing information that fits into one of the following categories:

    a. Documents and information properly classified as secret in the interest of national defense or foreign policy;

    b. Documents and information specifically exempted from disclosure by statute, provided that such statute (i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

    c. Trade secrets and commercial or financial information obtained from a person, entity or party;

    d. Medical and mental health records and files about an individual, whether that person is a Party, class member, or witness; or

    e. Documents and information identifying an individual's social security number, whether that person is a Party, a current or former Party employee, class member, or witness.

7. No Producing Party may designate as "CONFIDENTIAL":

    a. advertising materials;

    b. materials that on their face show that they have been published to the general public; or

    c. documents that have been submitted to any governmental entity without request for confidential treatment.

8. Any Party may designate a document as "CONFIDENTIAL" by marking the document "CONFIDENTIAL" on its first page and including the letter applicable to the category next to the confidentiality marker. Parties will make efforts to mark documents "CONFIDENTIAL" as described in this paragraph, but recognizing that some documents and other evidence may not practicably be so marked, Parties may also designate evidence as "CONFIDENTIAL" pursuant to this Order by describing precisely what evidence shall be so designated in a cover page or by other clear statements.

9. All documents and information designated as "CONFIDENTIAL" shall be handled and maintained as provided for in Section B of this Order.

B. Documents and information designated "CONFIDENTIAL" shall be reviewed, handled, and maintained in the following manner:

1. Prior to designating any documents and information "CONFIDENTIAL," the Producing Party shall review the documents and information and make a good faith determination that the documents and information contain confidential information. By designating any document and information "CONFIDENTIAL," the Producing Party is attesting that it has conducted a good faith review of the documents and information, and is not making the designation for any improper reason.

2. The Parties, their attorneys, and their staff, shall only use documents and information marked "CONFIDENTIAL" for purposes of litigating the Consolidated Actions or the Related Actions. Disclosure occurring pursuant to the Parties' litigation of these Actions or in accordance with the Court's instruction to provide discovery to all counsel of record in the Consolidated Actions and Related Actions shall not constitute a violation of this Order so long as the terms of this Order are followed. Making copies, abstracts, digests and analyses of documents

and information marked "CONFIDENTIAL" or preparing documents for filing shall not constitute a violation of this Order. Such copies, abstracts, digests, analyses and/or filings shall be deemed to have the same level of protection under the terms of this Order as the original discovery material marked "CONFIDENTIAL." Nothing herein shall restrict an authorized recipient from converting or translating documents and information marked "CONFIDENTIAL" into electronic or machine-readable form for incorporation into a data retrieval system used in connection with the Consolidated Actions, provided that use of and access to such converted information, in whatever form stored or reproduced, shall be subject to the same terms and restrictions provided in this Order as is the original documents and information.

3. The Parties to the Consolidated Actions, their attorneys, and their staff, shall not give, show, or otherwise divulge any "CONFIDENTIAL" documents and information produced in the Consolidated Actions by any Party, or the substance or contents thereof, or any copies or summaries thereof, to any entity or person except:

    a. the attorneys for any Party to a Consolidated Action or Related Action and such attorneys' staffs and agents;

    b. persons or entities retained by attorneys for a Party to a Consolidated Action or Related Action as consultants or expert witnesses;

    c. Parties to the Consolidated Actions or Related Actions, including, to the extent that such disclosure is reasonably necessary to prosecution of these Actions, their employees, supervisors, managers, contractors, officers, directors, and alter egos;

    d. the Court and its support staff;

    e. court reporters, deposition videographers, their transcribers, assistants, and employees;

    f. special masters, mediators, or other third parties appointed by the Court or retained by the Parties for resolution of settlement, discovery, or other disputes and their necessary personnel;

    g. deposition witnesses and their counsel;

    h. potential technical experts, potential expert witnesses and potential fact witnesses involved in the preparation of this action;

    i. interpreters, translators, and their assistants and employees;

    j. any other person agreed to in writing by the Producing Party; and

    k. any other person to whom the Court compels disclosure of the material designated as "CONFIDENTIAL" or to whom disclosure is required by law.

Unless otherwise agreed to in writing by the Producing Party or ordered by the Court, persons described in paragraphs 3(d)-(f) who have been shown material designated as "CONFIDENTIAL" shall not retain copies thereof.  To the extent that a Party to whom documents are produced ("Receiving Party") believes that "CONFIDENTIAL" documents and information should be produced, disclosed or shown to an individual and/or entity not provided for in this paragraph, the Receiving Party shall first notify the Producing Party.  If the Producing Party objects to such production, disclosure, or showing, it shall notify the Receiving Party within five (5) business days of receiving notice, at which time the Receiving Party may file a motion with the Court.  No production, disclosure or showing shall be made prior to the time the motion is ruled upon by the Court.  If the Producing Party does not respond to the notice within five (5) business days, or notifies the Receiving Party that it does not object to the production, disclosure, or showing, the Receiving Party may disclose the documents and information at its discretion.

4. Before or in conjunction with presenting "CONFIDENTIAL" documents and information to the persons listed in paragraph #3, the presenting Party shall advise the person that the confidential documents and information shall not be disclosed or disseminated except in relation to the Consolidated Actions or Related Actions, and only to individuals to whom the person must disclose or disseminate the documents and information in order to meet his or her obligations in these litigations. The method of advising the person may vary according to the circumstances but, as soon as practicable (if practicable), the Party shall present the person with a copy of this Protective Order and shall attempt to obtain the person's signature on a complete copy of the Protective Order.

5. Any "CONFIDENTIAL" documents and information filed with the Court shall be filed in sealed envelopes or other sealed containers (or in other sealed manners as designated and approved by the Court) that shall bear the caption of this action, an indication of the nature of the contents of such envelope or container, a notation marked "CONFIDENTIAL," and a statement substantially stating that the envelope or container is not to be opened, nor the contents thereof to be displayed or revealed, except by express order of the Court.

6. Inadvertent or unintentional production of material which is not designated "CONFIDENTIAL" shall not be deemed a waiver in whole or in part of a claim for confidential treatment. The Producing Party may notify the Receiving Party that documents and information that should have been designated as "CONFIDENTIAL" under the terms of this Order were inadvertently produced without being designated as such. Upon receiving such notice from the Producing Party, the Receiving Party shall immediately treat the documents and information as if it had been so designated. The Producing Party shall, within two (2) business days of providing such notice, produce to the Receiving Party copies of the relevant documents and information

which are appropriately marked as "CONFIDENTIAL." The Receiving Party shall thereafter make reasonable efforts to delete and/or destroy the incorrectly designated material and all copies thereof. No Party shall be held in violation of this Order if, before receipt of such notice, any documents and information inadvertently produced without being designated "CONFIDENTIAL" were disclosed to any person(s) not authorized to receive "CONFIDENTIAL" documents and information under this Order.

7. If the Receiving Party believes that any documents and information improperly have been designated "CONFIDENTIAL" and seeks to challenge the designation, it shall notify the Producing Party in writing of its objections and bases. The Producing Party and the Receiving Party shall work together to resolve any disputes as to "CONFIDENTIAL" documents and information prior to seeking assistance from the Court. Within five (5) business days of receipt of the written notice, the Producing Party shall seek a protective Order from the Court, or notify the Receiving Party, in writing, of its intent not to seek a protective order. The Receiving Party shall not disclose or disseminate the documents and information until expiration of the five (5) business days referenced above, receipt of notice of the Producing Party's intent not to seek a protective order, or on the Producing Party's filing of a motion with the Court, whichever occurs first. In the event the Producing Party files a motion, the Receiving Party will treat the documents and information as "CONFIDENTIAL" (pursuant to the terms of this Protective Order) until the Court rules upon the Producing Party's motion. The Party seeking a protective order from the Court shall attach a copy of this Protective Order, and all written communications associated with efforts to resolve the dispute, as an exhibit to its Court filing.

8. Documents produced in the Consolidated Actions prior to the entry of this Order that have been marked "CONFIDENTIAL" shall be treated as "CONFIDENTIAL," subject to all

of the aforementioned provisions of this Order (including the right to challenge the confidentiality designation).

9.  Nothing in this Order shall be construed to prevent a Party from waiving its own confidentiality designation(s) at any time.

10. If a Party objects on confidentiality grounds to documents and information sought pursuant to a subpoena, it shall notify the Party serving the subpoena that it believes that the documents and information are confidential, and the Party serving the subpoena shall agree to handle and maintain the documents and information consistent with the terms of this Protective Order. If the Party serving the subpoena, after receipt of the documents and information, does not believe the documents should be designated "CONFIDENTIAL," it shall notify the objecting Party within ten (10) days after receipt of the documents and information, and the parties thereafter shall follow the process contained in this Protective Order to resolve the issue.

11. During a deposition, a Party which seeks (for the first time) to have documents and testimony treated as confidential shall make its request known on the record, triggering the obligations contained in this Protective Order.

12. To the extent that material designated as "CONFIDENTIAL" is used in depositions, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony referring to the "CONFIDENTIAL" material.

13. Subject to the Federal Rules of Civil Procedure and any other applicable rules, "CONFIDENTIAL" material may be offered in evidence at trial or other court proceeding, provided that the proponent of the evidence gives notice to counsel for the Party or other person that made the "CONFIDENTIAL" material designation, sufficiently in advance so as to enable

any Party, either in writing or in open court, to move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosures. The Court will then determine whether the proffered evidence should continue to be treated as "CONFIDENTIAL" material and, if so, what protection, if any, may be afforded to such information at the trial or other court proceeding.

14. If any party files with the Court any medical and mental health records and/or files as described in paragraph 6(d), supra, or if any party files with the Court any reference to, description of, summary of, or excerpt from any such records or files (collectively "medical records and filings"), the Clerk shall keep such medical records and filings under seal and shall make it available only to the Court and persons authorized by the terms of this Protective Order to have access thereto. The person filing any such medical records and filings shall be responsible for designating to the Clerk that the information is subject to this Protective Order and is to be kept under seal. At the conclusion of the Consolidated Actions, including any appeals, such records and filings which have been filed with the Court under seal shall be returned, upon reasonable request, to the Party which designated it as "CONFIDENTIAL."

15. Any Producing Party may redact the first five digits of social security numbers (*i.e.*, "xxx-xx-1234") appearing in documents produced by that Party.

16. At the conclusion of these litigations, including any appeals, Receiving Parties shall destroy any documents or information produced to them in discovery and designated "CONFIDENTIAL" pursuant to this Order, except insofar as preservation and disclosure is mandated by court order.

C. Rule 34 of the Federal Rules of Civil Procedure shall govern the production of electronically stored information ("ESI") in the Consolidated Actions. The parties may request

ESI from any other party in any format or form allowed under the Rules. The protective orders entered in *David, et al. v. Signal Int'l, LLC*, et al. (No. 08-1220) (David Doc. #1352) or *EEOC v. Signal Int'l, LLC, et al.* (No. 12-557) (EEOC Doc. #285) shall have no application to the Consolidated Actions.

  D. Use of the material gleaned through the pre-trial discovery process should be limited to the preparation for and use at trial and for no other purpose until this dispute is resolved, through trial or settlement.

  E. All home addresses and telephone numbers of former Signal employees and/or witnesses disclosed either in discovery or Initial Disclosures shall be produced to counsel and: (1) only counsel for the Parties and persons deemed, in good faith, by counsel to be necessary to prosecution of these litigations shall be privy to this information; (2) this information will not be disseminated to any of the Parties; (3) counsel may use these addresses only in connection with prosecution of the Consolidated Actions; and (4) in the event any document containing this information is entered into the public record, the home addresses and telephone numbers for these individuals will be fully redacted.

  F. Counsel for the Parties are not required to serve a subpoena on any non-party should counsel wish to speak to such a non-party.

  IT IS SO ORDERED

  Signed in New Orleans, Louisiana, this 17th day of February, 2014

               _____
               HON. SUSIE MORGAN
               UNITED STATES DISTRICT JUDGE