UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| LAKSHMANAN PONNAYAN ACHARI, et al., | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | No. 13-6218 (c/w 13-6219, 13-6220, 13-6221) |
| | : | |
| SIGNAL INTERNATIONAL, LLC, et al., | : | Section "E" |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**Related Cases:**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| KURIAN DAVID, et al., | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | No. 08-1220 |
| | : | |
| SIGNAL INTERNATIONAL, LLC, et al., | : | Section "E" |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY | : | CIVIL ACTION |
| COMMISSION, | : | |
| Plaintiff, | : | |
| v. | : | No. 12-557 |
| | : | |
| SIGNAL INTERNATIONAL, LLC, et al., | : | Section "E" |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| **Applies To:** | : |
| *Chakkiyattil v. Signal*, No. 13-6219 | : |
| | : |
| | : |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CHAKKIYATTIL PLAINTIFFS'
MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS J & M ASSOCIATES, INC. OF MISSISSIPPI, J & M
MARINE & INDUSTRIAL, LLC, AND BILLY R. WILKS'S MOTION TO DISMISS**

## TABLE OF CONTENTS

**PAGE**

INTRODUCTION ....................................................................................................................3

ARGUMENT ..........................................................................................................................4

I.       Legal Standard ....................................................................................................4

II.      J & M's Dispute Of Factual Allegations Is Improper At The Motion To Dismiss
         Stage....................................................................................................................5

III.     Plaintiffs Have Stated Federal Statutory Claims For Forced Labor And
         Trafficking In Persons..........................................................................................6

IV.      Plaintiffs Have Stated Pendant State Law Claims ..............................................9

V.       The Statute Of Limitations On Plaintiffs' Claims Are Tolled ...........................10

CONCLUSION......................................................................................................................11

# TABLE OF AUTHORITIES

## CASES                                                                                      PAGE(S)

Aguirre v. Best Care Agency, Inc.,
    No. 10-cv-5914, 2013 WL 4446925 (E.D.N.Y. Aug. 16, 2013) ........................................8

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)..........................................................................................................4

Belfor USA Group, Inc. v. Imperial Drywall, LLC,
    No. 07-cv-586, 2008 WL 2704005 (S.D. Miss. July 3, 2008)...........................................9

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007)..........................................................................................................4

Berkline Corp. v. Bank of Mississippi,
    452 So. 2d 699 (Miss. 1984)............................................................................................9

Gonzalez v. Kay,
    577 F.3d 600 (5th Cir. 2009) ...........................................................................................4

ITL Intern., Inc. v. Constenla, S.A.,
    669 F.3d 493 (5th Cir. 2012).............................................................................................6

Lormand v. U.S. Unaired, Inc.,
    565 F.3d 228 (5th Cir. 2009) ...........................................................................................4

Nunag-Tanedo v. East Baton Rouge Parish School Bd.,
    790 F. Supp. 2d 1134 (C.D. Cal. 2011) .......................................................................7, 8

Pub. Health Equip. & Supply Co., Inc. v. Clarke Mosquito Control Prods., Inc.,
    410 F. App'x 738 (5th Cir. 2010)......................................................................................4

Qualcomm Inc. v. Am. Wireless License Group, LLC,
    980 So. 2d 261 (Miss. 2007)............................................................................................9


## STATUTES AND OTHER AUTHORITIES                              PAGE(S)

18 U.S.C. § 1589.................................................................................................................6, 7, 8

18 U.S.C. § 1590.......................................................................................................................8

Miss. Code Ann. 15-1-69 (Rev. 2003)....................................................................................11

## INTRODUCTION

Defendant Billy R. Wilks ("Wilks") has filed a motion on behalf of himself and his two entities, the cover page of which indicates that it "applies to all cases."[1]  The relief Wilks requests is related to denying leave to amend -- an issue that is not applicable in this *Chakkiyatil* action.  Nonetheless, in fairness to a *pro se* litigant, Plaintiffs will: address the gist of the motion, which primarily disputes facts; explain why Plaintiffs' claims are sufficient to withstand a motion to dismiss; and address the motion's reference to statute of limitations issues.

The *Chakkiyattil* Plaintiffs ("Plaintiffs") have alleged that J & M Associates, Inc. of Mississippi, and J & M Marine & Industrial, LLC (collectively, with Wilks, "J & M"), through their employees, agents and/or representatives, are labor brokers that were engaged in the business of recruiting Indian laborers with false promises of employment and permanent residency in the United States.  The Plaintiffs further allege that Wilks, as founder and manager, fully controlled and directed the actions of J & M Associates, Inc. of Mississippi, and J & M Marine & Industrial, LLC, such that Wilks may be held jointly and severally liable for his companies' actions under the alter ego theory of liability.[2]

In its motion, J & M disputes the Complaint's factual allegations.  Factual disputes, however, are not appropriate in a motion to dismiss, and Plaintiffs' factual allegations

---

[1]     Mot. to Dismiss Action Against Billy R. Wilks, J & M Associates, & J & M Marine ("J & M Motion") (ECF No. 195).

[2]     This Court has already held that related claims allege facts sufficient to show that J & M Marine & Industrial, LLC and Wilks are the alter ego of J & M Associates, Inc. of Mississippi.  *David v. Signal International, L.L.C.*, Nov. 23, 2010 Order Granting Leave to File Second Amended Complaint, 2:08-cv-01220 (ECF No. 943) (analyzing twelve-factor alter-ego test and determining that allegations substantially similar to those made in this case were sufficient to support the addition of J & M Marine & Industrial, LLC  and Wilks as alter egos of J & M Associates, Inc. of Mississippi).

must be accepted as true.  Based on their allegations, Plaintiffs have stated valid claims against J & M under federal statutory and Mississippi common law.

J & M also seeks to have claims dismissed on statute-of-limitations grounds.  But this Court extended the filing period by tolling the statute of limitations while the class action was pending in *David v. Signal Int'l, LLC*, No. 08-cv-01220 (E.D. La.).  Plaintiffs' claims would also be tolled under both federal law and Mississippi law.

For these reasons, J & M's motion must be denied.

## ARGUMENT

### I.    Legal Standard

To the extent J & M is seeking to have claims against it dismissed at this stage of the litigations, Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a claim only if the claimant fails to make factual allegations that "raise a right to relief above the speculative level." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).  A motion to dismiss must be denied if, after accepting "all factual allegations in the complaint as true," and drawing "all reasonable inferences in the plaintiff's favor," the complaint contains facts sufficient to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570)); *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009).  In assessing the plausibility of the plaintiff's claims, the court's task is "not to evaluate the plaintiff's likelihood of success."  *Pub. Health Equip. & Supply Co. v. Clarke Mosquito Control Prods., Inc.*, 410 F. App'x 738, 740, 2010 WL 5023234, at **1 (5th Cir. 2010) (citation omitted).

**II.     J & M's Dispute Of Factual**
**        Allegations Is Improper At The Motion To Dismiss Stage**

Plaintiffs have alleged that labor broker J & M participated in a scheme to obtain

Plaintiffs' labor by, among other things, making false promises of permanent residency for

plaintiffs and their families.[3]  J & M, along with its agents (including Defendants Sachin Dewan,

Global Resources and Malvern Burnett[4]) placed advertisements in foreign newspapers that

included promises of "[p]ermanent lifetime settlement in USA for self and family," for Plaintiffs

who signed up to work for J & M.[5]  In reliance on these and other misrepresentations, Plaintiffs

incurred significant fees, sold assets, and went into debt to work for J & M and/or Signal under

an H2-B visa program that J & M and its agents knew was fundamentally incompatible with the

promise of green cards and permanent residency.[6]  As part of their work, Plaintiffs were

subjected to deplorable working conditions[7] and threats of immediate deportation,[8] all while

J & M's agents, including Dewan, continued to promise Plaintiffs permanent residency knowing

that it was incompatible with the H2-B visa program.[9]

J & M's motion primarily disputes the factual accuracy of these serious claims.

For example, Plaintiffs allege that J & M advertised for workers by promising permanent

---

[3]         1st Amend. Compl. ¶ 62, *Chakkiyattil v. Signal*, (ECF No. 199) (hereinafter "Chakkiyattil Compl.")..

[4]         Chakkiyattil Compl. ¶ 45.

[5]         Chakkiyattil  Compl. ¶ 58.

[6]         Chakkiyattil  Compl. ¶¶ 57-78.

[7]         Chakkiyattil  Compl. ¶¶ 128-158.

[8]         Chakkiyattil  Compl. ¶¶ 190-203.

[9]         Chakkiyattil  Compl. ¶¶ 174-189.

residency for them and their families.[10]  In its motion, however, J & M states that it "never promised the Indians anything to do with coming to the USA to work for Signal."[11]  Similarly, J & M states that it "found [out] later that [Michael Pol] transferred almost all our prospects" to Signal, and that J & M "said no" to Pol's request.[12]  J & M's motion is not the place for such factual disputes.  *ITL Intern., Inc. v. Constenla, S.A.*, 669 F.3d 493 (5th Cir. 2012) (holding that all factual disputes must be resolved in the plaintiff's favor).  J & M will have the chance to dispute the factual basis for the allegations at trial.  At this juncture, however, J & M's motion must be denied.

III.    **Plaintiffs Have Stated Federal Statutory
        Claims For Forced Labor And Trafficking In Persons**

        To the extent that J & M's motion can be interpreted as a motion to dismiss for failure to state a claim, each of Plaintiffs' Forced Labor and Trafficking in Persons claims are sufficiently pleaded.  Plaintiffs' Complaint alleges that J & M illegally obtained Plaintiffs' labor in several ways, including by means of serious harm (§ 1589(a)(2)) and abuse of legal process (§ 1589(a)(3)).[13]  Plaintiffs have also recently briefed these issues extensively in opposition to defendant Malvern Burnett's Motion to Dismiss.  *See* Plaintiffs' Memorandum of Law in Opposition to the Burnett Defendants' Motion to Dismiss (ECF No. 160) at pp. 8-17 (hereinafter "Burnett Opposition").

---

[10]     Chakkiyattil  Compl. ¶ 62.

[11]     J & M Mot. at 4.

[12]     *Id.*

[13]     Chakkiyattil  Compl. ¶¶ 550-565.

Under 18 U.S.C. § 1589(a)(2), Plaintiffs must plead facts sufficient to show that J & M was a direct participant in or beneficiary of the alleged scheme to obtain the labor of Plaintiffs by means of "serious harm," which includes financial harm.  *See* 18 U.S.C. § 1589(c)(2); *Nunag-Tanedo v. East Baton Rouge Parish School Bd.*, 790 F. Supp. 2d 1134, 1146 (C.D. Cal. 2011).  In *Nunag-Tanedo*, a group of Filipino teachers sued a recruiting agency under section 1589(a).  *Id.* at 1143-44.  The teachers alleged that they had to continue working for the defendants because an initial $5,000 non-refundable recruiting fee had placed them in overwhelming debt.  *Id.* at 1146.  In denying a motion to dismiss, the court held that the teachers had adequately pleaded a § 1589(a) claim by alleging that their continued labor had been obtained by threats of severe financial harm, because, "if Plaintiffs lost their teaching jobs they would be unable to ever repay the debt."  *Id.*

Here, Plaintiffs were under similar threats of financial harm.  Plaintiffs relied on false advertisements announcing job opportunities made by J & M and its agents along with false promises made by J & M and its agents of legal permanent residency and green card sponsorships for applicants and their families.[14]  As a result, Plaintiffs incurred substantial debts which, because Plaintiffs had already emptied their savings and sold their possessions, could only be repaid by continuing to work for Signal and/or J & M.[15]  If they did not, like the plaintiffs in *Nunag-Tanedo*, Plaintiffs here would never be able to repay their debts.

Plaintiffs have also alleged facts sufficient to show that J & M participated in a scheme that obtained Plaintiffs' labor through the abuse of legal process.  18 U.S.C. § 1589(a)(3).  The statute defines such abuse as "the use or threatened use of a law or legal process . . . in any

---

[14] Chakkiyattil  Compl. ¶¶ 57-61.

[15] *See, e.g.*, Chakkiyattil  Compl. ¶¶ 208-211, 236, 241, 249-250, 254.

manner or for any purpose for which the law was not designed . . . . "  In *Aguirre v. Best Care Agency*, allegations that defendants falsely promised the plaintiff that they would sponsor her green card were sufficient to state a claim under 18 U.S.C. 1589.  *Aguirre v. Best Care Agency, Inc.*, No. 10-cv-5914, 2013 WL 4446925, at *12, *16 (E.D.N.Y. Aug. 16, 2013).  Similarly, here, Plaintiffs allege that J & M, itself and through its agents, made false promises of permanent citizenship knowing that Plaintiffs would be entering the United States on temporary visas incompatible with permanent residency.[16]

Plaintiffs also adequately allege that J & M violated 18 U.S.C. § 1590, which forbids "[t]rafficking with respect to peonage, slavery, involuntary servitude, or forced labor." Section 1590 provides a claim against any person who "recruits, harbors, transports, provides, or obtains by any means, any person for labor or services in violation of this chapter."  18 U.S.C. § 1590(a).  The trafficking activities related to the Defendants' § 1589 violations are also violations of § 1590.  In *Nunag-Tandeo*, having found that allegations involving a fraudulent scheme to obtain forced labor satisfied a motion to dismiss under § 1589, the Court found that, combined with allegations about the international nature of the scheme, plaintiffs' allegations were also sufficient to state a trafficking claim under § 1590.  *Nunag-Tanedo*, 790 F. Supp. 2d at 1147.  Here, Plaintiffs have also alleged an international scheme involving immigration of Plaintiffs to the United States.  Thus, Plaintiffs have adequately pleaded a claim under 18 U.S.C. § 1590.

---

[16]     Chakkiyattil  Compl. ¶¶ 61, 64.

## IV. <u>Plaintiffs Have Stated Pendant State Law Claims</u>

Plaintiffs have alleged three common law claims for fraudulent and negligent misrepresentation and breach of contract.[17]  J & M disputes the factual accuracy of Plaintiffs' claims but cannot dispute that Plaintiffs' allegations support a claim under Mississippi law.

The Complaint describes in detail the false and misleading representations made to Plaintiffs throughout the recruiting process by both J & M and its agents.[18]  Advertisements published by J & M and its agents falsely promised "[p]ermanent lifetime settlement in USA for self and family."[19]  Agents of J & M also falsely told Plaintiffs that J & M would provide steady work in the United States, and that if Plaintiffs passed certain trade tests and paid fees totaling 465,000 to 900,000 rupees (approximately $9,800 to $15,000), that J & M would sponsor Plaintiffs' green card applications.[20]  In entering contracts with J & M and its agents, Plaintiffs

---

[17]    To the extent J & M's motion can be fairly read as a motion to dismiss Plaintiffs' state law claims, in order to state a fraud claim, plaintiffs must plead "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that the representation should be acted upon by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on the representation's truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury."  *Qualcomm Inc. v. Am. Wireless License Grp., LLC*, 980 So. 2d 261, 274 (Miss. 2007).

To state a negligent misrepresentation claim, Plaintiffs must plead "(a) A misrepresentation or omission of a fact; (b) That the representation or omission is material or significant; (c) That [the defendant] failed to exercise that degree of diligence and expertise the public is entitled to expect of reasonably competent [people in defendant's position]; (d) That [plaintiff] reasonably relied upon the [defendant's] misrepresentation or omission; and (e) That [plaintiff] suffered damages as a direct and proximate result of such reasonable reliance."  *Berkline Corp. v. Bank of Mississippi*, 453 So. 2d 699, 701 (Miss. 1984).

To state a breach of contract claim, Plaintiffs must plead "(1) the existence of a valid and binding contract; (2) that a defendant has breached; and (3) that the plaintiff[s] ha[ve] been thereby damaged monetarily."  *Belfor USA Group, Inc. v. Imperial Drywall, LLC*, No. 07-cv-586, 2008 WL 2704005 (S.D. Miss. July 3, 2008) (applying Mississippi law and denying motion to dismiss breach of contract claim).

[18]    Chakkiyattil  Compl. ¶¶ 57-58, 60-61, 64.

[19]    Chakkiyattil  Compl. ¶¶ 57-58.

[20]    Chakkiyattil  Compl. ¶¶ 58, 60-61, 64.

relied on these misstatements to their detriment.[21]  Plaintiffs allege that J & M and its agents

knew or should have known of the falsity of these promises.[22]

   In its motion to dismiss, J & M states that it "never invited, or made promises to

any of the Indians"[23] and that it "never receive[d] any portion of the [recruitment] fees."[24]  Aside

from disputing these factual allegations, J & M has failed to show that the allegations themselves

are insufficient to plead a claim for fraudulent and negligent misrepresentation and breach of

contract.

## V. The Statute Of Limitations On Plaintiffs' Claims Are Tolled

   As further briefed in Plaintiffs' Burnett Opposition, J & M's assertion that the

Plaintiffs' claims are time barred must also fail.[25]  This Court extended the time for the filing of

Plaintiffs' claims.  In the *David* case, Judge Zainey's January 20, 2011 Standing Order provided

that "the statute of limitations for any claims absentee class members may bring for Fraud and

Negligent Misrepresentation . . . and Breach of Contract . . . are tolled until the completion of

120 days from the Court's final ruling on class certification."  *Kurian David, et al. v. Signal Int'l,*

*LLC, et al.*, 2:08-cv-01220-SM-DEK (E.D. La. Jan. 20, 2011), ECF No. 982.  As a result, the

statutes of limitations for Plaintiffs' state law claims were tolled from March 7, 2008, until May

3, 2012.  The Complaint was filed on August 7, 2013, well within the three-year statute of

limitations periods.  Additionally, Plaintiffs' claims would be tolled under both federal law,

---

[21] Chakkiyattil Compl. ¶¶ 69 - 78.

[22] Chakkiyattil  Compl. ¶ 66.

[23] J & M Mot. at 4.

[24] *Id.* at 2.

[25] Burnett Opp'n at pp. 19-25.

pursuant to the supplemental jurisdiction statute, 28 U.S.C. § 1367(d), and Mississippi law under

the state's savings statute, Miss. Code Ann. 15-1-69 (Rev. 2003).  *See* Burnett Opposition at pp.

19-25.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that the Court deny

J & M's motion.

Dated:  March 18, 2014

Respectfully submitted,

SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP

By:  /s/ Eben P. Colby

Eben P. Colby, *pro hac vice*
Peter Simshauser, *pro hac vice*
Michael R. Walsh, *pro hac vice*
Jacob A. Walker, *pro hac vice*
500 Boylston Street
Boston, Massachusetts 02116
Tel: (617) 573-4800
Fax: (617) 573-4822
E-mail: eben.colby@skadden.com
E-mail: peter.simshauser@skadden.com
E-mail: michael.walsh@skadden.com
E-mail: jacob.walker@skadden.com

GORDON ARATA MCCOLLAM
   DUPLANTIS & EAGAN, LLC

A. Gregory Grimsal, La. Bar No. 06332
Steven W. Copley, La. Bar No. 16869
201 St. Charles Avenue, 40th Floor
New Orleans, Louisiana 70170-4000
Telephone: (504) 582-1111
Facsimile: (504) 582-1121
ggrimsal@gordonarata.com
scopley@gordonarata.com

Counsel for the Chakkiyattil Plaintiffs

**CERTIFICATE OF SERVICE**

I, Eben P. Colby, hereby certify that on March 18, 2014, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to counsel for the following: Signal International, LLC, Signal International, Inc., Malvern C. Burnett, the Law Offices of Malvern C. Burnett, A.P.C. and the Gulf Coast Immigration Law Center, L.L.C., and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants:

Billy R. Wilks
9136 Heather Lane
Moss Point, MS 39562

Global Resources, Inc.
James H. Heidelberg, Registered Agent
711 Delmas Avenue
PO Box 1407
Pascagoula, MS 39568-1407

J & M Associates, Inc. of Mississippi
9136 Heather Lane
Moss Point, MS 39562

J & M Marine & Industrial, LLC
9136 Heather Lane
Moss Point, MS 39562

Sachin Dewan
Dewan Consultants Pvt. Ltd.
708 Sagar Tech Plaza, Andheri-Kurla Road
Andheri, Mumbai 40072
Maharashtra, India

Stephen H. Shapiro
STEPHEN H. SHAPIRO
ATTORNEY AT LAW
A LIMITED LIABILITY COMPANY
700 Camp Street
New Orleans, Louisiana 70130

Dated: March 18, 2014

/s/ Eben P. Colby
Eben P. Colby

13