UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| KURIAN DAVID, et al | \* | CIVIL ACTION |
|     Plaintiffs | \* | No. 08-1220 |
| VERSUS | \* | SECTION "E" |
| | \* | |
| SIGNAL INTERNATIONAL, LLC, et al, | \* | |
|     Defendants | \* | |
| | \* | |
| EQUAL EMPLOYMENT OPPORTUNITY | \* | CIVIL ACTION |
| COMMISSION, | \* | No. 12-557 |
|     Plaintiff | \* | SECTION "E" |
| VERSUS | \* | |
| SIGNAL INTERNATIONAL, LLC, et al, | \* | |
|     Defendants | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| LAKSHMANAN PONNAYAN ACHARI, et al, | \* | CIVIL ACTION |
|     Plaintiffs | \* | No. 2:13-cv-06218 |
| vs, | \* | Section "E" |
| SIGNAL INTERNATIONAL, LLC, et al, | \* | |
|     Defendants | \* | |
| **_Related Cases_:** | **\*** | |
| | \* | |
| GEORGE PAILY PAULOSE CHAKKIYATTIL, et al | \* | CIVIL ACTION |
|     Plaintiffs | \* | No. 2:13-cv-06219 |
| vs. | \* | Section "E" |
| SIGNAL INTERNATIONAL, LLC, et al, | \* | |
|     Defendants | \* | |
| | \* | |
| SABU PUTHUKKUTTUMEL VEEDE | \* | CIVIL ACTION |
| KRISHNAKUTTY, et al, | \* | No. 2:13-cv-06220 |
|     Plaintiffs | \* | Section "E" |
| vs. | \* | |
| SIGNAL INTERNATIONAL, LLC, et al, | \* | |
|     Defendants | \* | |
| | \* | |
| VARGHESE KURISINKAL DEVASSY, et al, | \* | CIVIL ACTION |
|     Plaintiffs | \* |  No. 2:13-cv-06221 |
| vs. | \* | Section "E" |
| SIGNAL INTERNATIONAL, LLC, et al, | \* | |
|     Defendants | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*THIS PLEADING APPLIES TO:*
*(David, No. 08-1220; Achari, No. 13-6218, Chakkiyattil, No. 13-6219,*
*Krishnakutty, No. 13--6220 & Devassy, No. 13-6221)*

## MEMORANDUM TO ADOPT SIGNAL'S PENDING
## MOTIONS TO DISMISS PLAINTIFFS' AMENDED COMPLAINTS

### INTRODUCTION

On February 17, 2014, the Court Ordered the Plaintiffs to file ". . . amended and restated complaints specifically setting forth the defendants against which each cause of action is asserted, the specific damages sought under each cause of action, and the statute or other law on which the demand is based." Rec. Doc. 1518.  This memorandum is rooted in Signal's request to apply Signal's pending 12(c) and 12(b)(6) motions that were pending before the Court prior to this Court's order to amend. *See* Rec. Docs. 1431-1 & 150-1; *see also* Rec. Doc. 1553.

Accordingly, Signal International, LLC ("Signal") respectfully moves this Court to apply and adopt Signal's pending Motion for Judgment on the Pleadings as to the pendent state law claims, the §§ 1981 and 1985 claims, and the claim for recovery of recruitment fees under the Fair Labor Standards Act ("FLSA") in *David*. *See* Rec. Doc. 1431-1.  And, Signal further moves the Court to apply and adopt Signal's Motion to Partially Dismiss the pendent state law claims, and the §§ 1981 and 1985[1] claims, in the *Achari* consolidated cases, for the reasons more fully discussed below. *See* Rec. Doc. 150-1.

### I. The *David* Plaintiffs' Fourth Amended Complaint Reasserts Pendent State Law Claims; §§ 1981 & 1985 Claims; & FLSA Claims that Should be Dismissed

The Fourth Amended Complaint, like its predecessor, asserts fraud, negligent misrepresentation, and breach of contract claims as pendent state law claims brought under the Court's supplemental jurisdiction ". . . based on state law . . . ." Rec. Doc. 1545, ¶ 12.  In *David*,

---

[1] In the *Achari* Consolidated cases, only the *Krishnakutty* complaint invokes § 1985.  Additionally, the state law claims of Money had and received and breach of special/confidential relationship were only plead in *Krishnakutty*. Rec. Docs. 1 & 201.

the Fourth Amended Complaint does not refer to either Mississippi or Texas law as the source of the fraud, negligence, of breach of contract claims.  Therefore, the Motion for Judgment on the Pleadings is as applicable to the Fourth Amended Complaint as it was to the Third.  The Fourth Amended complaint also continues to assert §§ 1981 and 1985 claims in an effort to recover recruitment fees that were incurred abroad. *Id*. at ¶ 353 & 361; *See* §§ 1981 and 1985 (no extraterritorial application); *See Ofori-Tenkorang v. Am. Int'l Group, Inc.*, 460 F.3d 296, 304-05 (2d Cir. N.Y. 2006) (1981 has no extraterritorial application); *See* 11 ILSA J Int'l & Comp L 421, 429 (2005) (same).  While maintaining that the FLSA authorizes the recovery of inbound travel and visa expenses.  Rec. Doc. 1545, ¶ 392; *See Castellanos-Contreras v. Decatur Hotels*, LLC, 622 F.3d 393, 403 (5th Cir. 2010) (*en banc*) (inbound travel and visa expenses not recoverable against employer).

As discussed in Rec. Doc. 1431-1, this Court's supplemental jurisdiction concerning conflicts of law relating to pendent state law claims are managed by reference to the conflicts rules of the forum, *i.e.*, Book IV of the Louisiana Civil Code.  *See* La. C.C. art. 3515, et seq.  The pendent state law claims as stated in the Fourth Amended Complaint continue to based on events and processes that occurred abroad, involved foreign nationals, and caused alleged injury extraterritorially.  *See* Rec. Doc. 1431-1 & Rec. Doc. 1545.[2]  As such, the choice-of-law rules of Louisiana render the Fourth Amended Complaint's pendent state law claims implausible, thus

---

[2] <u>Fraud and Negligent Misrepresentation claims</u>: "Defendants intended that the false statements . . . would induce Plaintiffs . . . to leave their homes and jobs in India and the [UAE] and travel to the [U.S.] to work for the [Defendants]." Rec. Doc. 1545. At ¶ 369; "In reliance   on Defendants' false and/or negligent representation . . . Plaintiffs paid large sums of money to . . . Defendants . . ." and ". . . incurred substantial interest-bearing debts in order to pay recruitment, immigration-related, and travel fees . . ." and ". . . left their homes and jobs in India and other countries and traveled to the United States . . . ." *Id*. at ¶ 371-74.  <u>Breach of Contract claims</u>: Group I and II ". . . Plaintiffs bring these [breach of contract] claims under state law against all Defendants . . . ." Rec. Doc. 1545, ¶ 379-80; ". . . Defendants . . . offered [abroad] to obtain permanent residence and immigration status for Plaintiffs . . . in exchange for Plaintiffs' payment of exorbitant fees [abroad] . . . " Id. at ¶ 381; "Plaintiffs accepted Defendants' offers [abroad], [and] paid the agreed upon fees [abroad] . . . ." Id. at ¶ 382; "In reliance on their agreement with Defendants [abroad], Plaintiffs paid large sums of money and entered into substantial debts [abroad], surrendered other employment opportunities [abroad], and incurred other financial losses [abroad]. Id. at ¶ 384.

warranting their dismissal. *See* Rec. Doc. 1431-1; La. C.C. art. 3543; see also *David v. Signal Int'l, LLC*, 2013 U.S. Dist. LEXIS 138476, at *13-14 (E.D. La. Sept. 26, 2013); and *Lyn v. Global Explorer, LLC*, 2003 U.S. Dist. LEXIS 3347, at *5-*6 (E.D. La. Mar. 5, 2003). Additionally, as demonstrated above, and in Rec. Doc. 1431-1, the relevant §§ 1981, 1985, and FLSA claims have no extraterritorial application and therefore also warrant dismissal. *See* Rec. Doc. 1431-1

## II. The *Achari* Consolidated Plaintiffs' Amended Complaints Reassert Pendent State Law Claims; and §§ 1981 & 1985 Claims that Should be Dismissed

The *Achari* Consolidated Plaintiffs' Amended Complaints, like their predecessor complaints, assert fraud, negligent misrepresentation, breach of contract, money had and received, and breach of special/confidential relationship claims as pendent state law claims[3]. *See* Rec. Docs. 200; 199; 198; & 201 (citing 28 U.S.C. § 1367 as jurisdictional authority). The amended complaints also continue to assert §§ 1981 and 1985[4] claims in an effort to recover recruitment fees that were incurred abroad. *See* Rec. Docs. 200, ¶ 663; 199, ¶579; 198, 303; & 201, ¶ 291 & 299; *See* §§ 1981 and 1985 (no extraterritorial application); *See Ofori-Tenkorang v. Am. Int'l Group, Inc.*, 460 F.3d 296, 304-05 (2d Cir. N.Y. 2006) (1981 has no extraterritorial application); *See* 11 ILSA J Int'l & Comp L 421, 429 (2005) (same); *and See Collins v. CSA, Ltd.*, 2012 U.S. Dist. LEXIS 50822, *5-*6 (N.D.Tex. March 27, 2012) (same).

As discussed in Rec. Doc. 150-1, Mississippi relies on the Restatement (Second) of Conflicts of Law to resolve questions concerning the source or origin of applicable law. *See id*. at Pg. 18 (citing *Ellis v. Liberty Mutual Ins. Co.*, 625 F.3d 222, 225-26 (5th Cir. 2010)). However, the original *Achari* Consolidated cases invoke Mississippi law[5] as the basis for their pendent state

---

[3] *See* Footnote 1.
[4] *See* Footnote 1.
[5] Fraud and Negligent Misrepresentation claims: "The actions of Defendants, as set forth herein, constitute fraudulent misrepresentation under Mississippi law." Rec. Doc. 199, ¶ 583; "Defendants intended that the false statements . . . would induce Plaintiffs to pay the exorbitant "recruitment fees," would induce Plaintiffs to leave their homes and jobs abroad, travel to the United States and work for Signal, and would induce Plaintiffs to pay the room and board fee . .

law claims, and each of the newly amended complaints expressly do the same.[6] *See* Rec. Docs. 200; 199; 198; & 201 (citing 28 U.S.C. § 1367 & Mississippi state law regarding fraudulent and negligent misrepresentation and breach of contract, and money had and received, and breach of special/confidential relationship). The sole question before the Court, in relation to Signal's Motion to Dismiss, is whether it is plausible to look to Mississippi law for relief from acts and omissions that transpired abroad, that impacted foreign nationals, and where the alleged injuries occurred outside the territorial boundaries of the United States. A plain reading of the *Achari* Consolidated Plaintiffs' Complaints show that the allegations plead extraterritorial conduct that render the Plaintiffs' state law claims implausible under Mississippi law, and accordingly warrant their dismissal. See Rec. Doc. 150-1; see *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 173 L. Ed. 2d 868 (2009) (remarking that standard of Rule 12(b)(6) review has become "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense" relative to plausibility); *See also Boureslan v. Aramco*, 892 F.2d 1271, 1272 (5th

---

. upon the workers' arrival in the United States." Id. at ¶ 587; "In reasonable reliance . . . Plaintiffs paid large sums of money and incurred substantial debt in the guise of "recruitment fees" and other travel- and immigration-related fees. . . ." Id. at ¶ 589; "In reasonable reliance . . . Plaintiffs surrendered employment opportunities in India and abroad, left their homes and families behind, sold personal and real property, secured loans at usurious interest rates, traveled to the United States and worked for Signal. . . ." Id. at ¶ 590; "As a direct and proximate result of Defendants' knowing, willing and intentional actions, each Plaintiff has been injured and is entitled to recover compensatory damages, including opportunity costs, out-of-pocket costs and other pecuniary losses. . . ." Id. at ¶ 593; "Compensatory damages will include, but are not limited to, recruitment and other fees paid to Signal, . . . out-of-pocket costs and other pecuniary losses." Id. at ¶ 594. "The actions of Defendants, as set forth herein, constitute negligent misrepresentation under Mississippi law." Id. at ¶598; "Defendants should have known that the false statements . . . would induce Plaintiffs to pay the exorbitant "recruitment fees," would induce Plaintiffs to leave their homes and jobs abroad, travel to the United States and work for Signal . . . ." id. at ¶ 602; "In reasonable reliance . . . Plaintiffs paid large sums of money and incurred substantial debt in the guise of "recruitment fees" and other travel- and immigration-related fees. . . . " Id. at ¶ 604; "In reasonable reliance on the negligent representations . . . Plaintiffs surrendered employment opportunities in India and abroad, left their homes and families behind, sold personal and real property, secured loans at usurious interest rates, traveled to the United States and worked for Signal. . . ." Id. at ¶ 605; "As a direct and proximate result of Defendants' negligent actions, Plaintiffs have been injured, and are entitled to recover compensatory damages, including opportunity costs, out-of-pocket costs and other pecuniary losses . . . ." Id. at ¶ 608; "Compensatory damages will include, but are not limited to, recruitment and other fees paid . . . as well as opportunity costs, out-of-pocket costs and other pecuniary losses." Id. at 609.

[6] In order to conserve judicial resources, Signal only lists the fraud and negligent misrepresentation claims, the breach of contract claims (in footnote 5) that are contained in the *CHAKKIYATTIL* amended complaint as *Achari, Devassy,* and *Karishnakutty* all state substantially similar allegations regarding the pendent Mississippi state law claims.

Cir. 1990) (en banc).

Additionally, as demonstrated above, and in Rec. Doc. 150-1, the relevant §§ 1981 and 1985 claims are explicitly territorial, have no extraterritorial application, and therefore also warrant dismissal. *See* Rec. Doc. 150-1.

## **CONCLUSION**

For the foregoing reasons Signal prays that this Court adopt and apply Signal's Motion for Judgment on the Pleadings in *David* and Signal's Motion to Partially Dismiss the *Achari* Consolidated Plaintiffs' Complaints for Failure to State a Claim Upon Which Relief Can be Granted.

Respectfully submitted,

*/s/ Erin Casey Hangartner*
Erin Casey Hangartner, La. Bar No. 24768
Alan Dean Weinberger, La. Bar No. 13331
Hal D. Ungar, La. Bar No. 31344
Elham R. Rabbani, La. Bar No. 33322
HANGARTNER RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras Street, Suite 310
New Orleans, LA 70139
Telephone (504) 522-5690,
Facsimile: (504) 522-5689
ehangartner@hanrylaw.com
aweinberger@hanrylaw.com
hungar@hanrylaw.com
erabbani@hanrylaw.com
    and
Patricia A. Bollman, La. Bar 17563
A Professional Law Corporation
Post Office Box 13707
New Orleans, LA 70185
Telephone: (504) 218-5887
Facsimile: (504) 304-0890
patricia@bollmanfirm.com

Counsel for Signal International, LLC and
Signal International, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2014, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to non-CM/ECF participants.

/s/ Erin Casey Hangartner
ERIN CASEY HANGARTNER
