## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAKSHMANAN PONNAYAN ACHARI, et al., <br> Plaintiffs, <br> v. <br> SIGNAL INTERNATIONAL, LLC, et al., <br> Defendants. | Case No.: 2:13-cv-06218 SM-DEK |
| ***Related Cases:*** | Case No.: 2:13-cv-06219 SM-DEK |
| GEORGE PAILY PAULOSE CHAKKIYATTIL, et al., <br> Plaintiffs, <br> v. <br> SIGNAL INTERNATIONAL, LLC, et al., <br> Defendants. | Case No.: 2:13-cv-06220 SM-DEK |
| SABU PUTHUKKUTTUMEL VEEDE KRISHNAKUTTY, et al., <br> Plaintiffs, <br> v. <br> SIGNAL INTERNATIONAL, LLC, et al., <br> Defendants. | Case No.: 2:13-cv-06221 SM-DEK |
| VARGHESE KURISINKAL DEVASSY, et al., <br> Plaintiffs, <br> v. <br> SIGNAL INTERNATIONAL, LLC, et al., <br> Defendants. | |

*Applies To:  Achari v. Signal, No. 13-6218; Chakkiyattil v. Signal, No. 13-6219; Krishnakutty v. Signal, No. 13-6220;  Devassy v. Signal, No. 13-6221*

**PLAINTIFFS' JOINT MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS SIGNAL INTERNATIONAL, LLC'S AND SIGNAL
INTERNATIONAL, INC.'S MEMORANDUM TO ADOPT SIGNAL'S
PENDING MOTIONS TO DISMISS PLAINTIFFS' AMENDED COMPLAINTS**

Plaintiffs in the above-captioned cases (collectively, "Plaintiffs") respectfully submit this Joint Memorandum of Law in Opposition to Defendant Signal International LLC's and Signal International, Inc.'s (collectively, "Signal") Memorandum To Adopt Signal's Pending Motions To Dismiss Plaintiffs' Amended Complaints (the "Signal Memorandum No. 2") (Doc. No. 216) and to Signal's original Motion To Dismiss (Doc. No. 150) (collectively, Signal's "Motions To Dismiss").[1] For the reasons discussed below and in Plaintiffs' opposition to Signal's original Motion To Dismiss (Doc. No. 159), Signal's arguments for dismissal in its Motions To Dismiss are substantially misplaced, and its motions should be denied.

## INTRODUCTION

The Signal Memorandum No. 2, which mirrors Signal's original Motion To Dismiss, is based on the remarkable and entirely misplaced assertion that this Court should dismiss entire claims in Plaintiffs' Amended Complaints (including their pendent state law claims and §§ 1981 and 1985 claims) as "implausible" because the conduct and injury at issue in those claims allegedly occurred in other countries, and Mississippi and federal law cannot provide relief for acts and omissions that occurred abroad. *See* Doc. No. 216 at 5.

As an initial matter, all of Plaintiffs' claims, including their pendent state law claims and §§ 1981 and 1985 claims, allege substantial conduct and injury within the United States. Plaintiffs demonstrated conclusively in their opposition to Signal's original Motion To Dismiss

---

[1] Signal's original Motion to Dismiss Plaintiffs' Complaints has been fully briefed. *See* Doc. Nos. 150, 159, and 176. Prior to ruling on Signal's original Motions To Dismiss, the Court ordered Plaintiffs to submit Amended Complaints, which they did on March 3, 2014. *See* Doc. Nos. 181 and 198-201. In response, Signal submitted the Signal Memorandum No. 2 seeking to dismiss Plaintiffs' Amended Complaints.

that, pursuant to Mississippi's choice-of-law principles, their claims are fundamentally grounded

in conduct and injury that occurred in Mississippi.  As Plaintiffs demonstrated, Mississippi is the

nexus among Signal, its agents and Plaintiffs. It is where Defendants lured Plaintiffs to work,

where Defendants repeatedly lied to and deceived Plaintiffs, and where Defendants caused

significant injuries to Plaintiffs. *See* Doc. No. 159, at 3-5, 7-9.  Thus, potentially subject to

further choice of law analysis following discovery, Plaintiffs' claims are governed by Mississippi

or U.S. federal law, not by foreign law.[2]  Contrary to Signal's unsupported assertions, the fact

that certain events at issue in Plaintiffs' claims may have occurred abroad does not mean that

Mississippi or U.S. federal law do not apply to those claims.

But even if Signal were correct (which it is not) that events and injuries at issue in

Plaintiffs' claims occurred predominantly abroad, that means simply that Plaintiffs' state law

claims may be adjudicated in this Court, applying the law of a foreign state.  The mere fact that

foreign law may be applicable does not, as Signal asserts, render Plaintiffs' state law claims

"implausible" and subject to dismissal.  Indeed, there is absolutely no legal basis to dismiss

Plaintiffs' claims on the ground that the relief Plaintiffs seek is based on foreign law, and Signal

has not – and cannot – cite any cases supporting that relief.  In fact, in the one Fifth Circuit

decision Signal cites, *McGee v. Arkel Int'l LLC*, 671 F.3d 539 (5th Cir. 2012), the court remanded

the case to the district court to apply Iraqi law to the plaintiff's tort claims.

Moreover, as discussed below, federal courts routinely apply the law of foreign countries,

and there is nothing preventing the Court from doing so here if it ultimately determines that the

law of another country applies.  In addition, controlling case law is clear that federal courts may

exercise pendent jurisdiction over claims even if they are pled under foreign law.  Thus, a

---

[2] Plaintiffs further demonstrated in their opposition to Signal's original Motion To Dismiss that no choice of law determination is necessary at this stage of the litigation, and certainly no such determination is necessary to determine whether Plaintiffs have adequately pled their claims. *See* Doc. No. 159 at 5-7.

determination that the law of a foreign country may apply to Plaintiffs' claims does not, as Signal asserts, render them "implausible."

For all of these reasons, Signal's Motions To Dismiss necessarily fails.

## ARGUMENT

As demonstrated in Plaintiffs' opposition to Signal's original Motion To Dismiss, Signal's assertions that Plaintiffs' state law claims are "implausible" because they are based on conduct and injury that occurred abroad are simply wrong, both factually and legally.  As a matter of law, even if, *arguendo*, Signal were correct and the law of a foreign country (*e.g.*, India) applies to Plaintiffs' claims, Signal has not demonstrated that this Court could not apply the law of that country.  Indeed, U.S. courts routinely apply the law of foreign countries and exercise supplemental jurisdiction over claims controlled by foreign law.  Moreover, Signal has not even sought to demonstrate that Plaintiffs' claims are not viable under the law of India or any other foreign country.  In fact, as discussed below, the opposite is true.

**I.      Federal Courts Apply Foreign Law as a Matter of Course**

U.S. Courts routinely apply foreign law.  *See, e.g., Printz v. United States*, 521 U.S. 898, 907 (1997) (courts "appl[y] the law of other sovereigns all the time"); *Day & Zimmermann, Inc. v. Challoner*, 423 U.S. 3 (1975) (reversing Fifth Circuit for refusing to apply choice-of-law rules that would have resulted in the substantive law of Cambodia governing a lawsuit filed in the Eastern District of Texas); *Karim v. Finch Shipping Co., Ltd.*, 265 F.3d 258 (5th Cir. 2001) (affirming maintenance of jurisdiction over claims governed by Bangladeshi law even after dismissal of federal claims); *Banque Libanaise Pour Le Commerce v. Khreich*, 915 F.2d 1000, 1006 (5th Cir. 1990) ("We uphold the district court's decision due to the Bank's failure to adequately prove in the district court the applicable Abu Dhabi law.").

Notably, even the cases cited by Signal confirm this point.  For instance, Signal relies on

*McGee v Arkel*, 671 F.3d 539 (5th Cir. 2012) in its original Motion To Dismiss (Doc. No. 12 at

17 n.1), and also referred to that case repeatedly in the status conference held before the Court on

March 24, 2014.  Far from supporting Signal's position, *McGee* demonstrates that Signal's

position is entirely misguided.  In *McGee*, the Fifth Circuit applied Louisiana Civil Code Article

3542 – Louisiana's choice of law provision – to conclude that Iraqi law governed the plaintiff's

tort claims.  Rather than dismiss those claims on account of their being subject to foreign law,

which is precisely what Signal asserts the Court should do here, the Fifth Circuit instead

remanded the case to the district court for adjudication pursuant to Iraqi law.  In so holding, the

Fifth Circuit made clear that, for purposes of Louisiana's choice of law analysis, "'State' . . .

includes a foreign country."  671 F.3d at 542 n.1.  Moreover, the Fifth Circuit endorsed

plaintiff's showing of Iraqi law pursuant to Fed. R. Civ. P. 44.1, which is the mechanism

prescribed by the federal rules to allow federal courts to apply foreign law – precisely what

Signal tells this Court is "implausible."

## II.    Courts Routinely Apply Foreign Law to Supplemental Claims under § 1367

Cases interpreting 28 U.S.C. § 1367, the federal supplemental jurisdiction statute, make

clear that supplemental jurisdiction applies to claims pled under foreign law.  For instance, in

*Voda v. Cordis Corp.*, the Federal Circuit held that "because the 'inherent powers' of state courts

permit them to entertain  transitory causes of action arising under the laws of foreign sovereigns,

§ 1367 supplemental jurisdiction appears to include foreign law claims."  476 F.3d 887, 894

(Fed. Cir. 2007).[3]  More recently, the Southern District of Texas opined that "[a] district court

---

[3] While the *Voda* court ultimately concluded that exercising supplemental jurisdiction was not appropriate because the specific claims at issue in that case encroached upon "limitations imposed by treaties that are the 'supreme law of the land' and considerations of comity," not because foreign claims are excluded by § 1367.  476 F.3d at 904.

may exercise supplemental jurisdiction where foreign law claims form part of the same case or controversy and arise under a common nucleus of operative facts." *In re BP P.L.C. Sec. Litig.*, 843 F. Supp. 2d 712, 798-99 (S.D. Tex. 2012); *see also Rundquist v. Vapiano SE*, 798 F. Supp. 2d 102, 132 (D. D.C. 2011) ("The Court sees no basis for declining supplemental jurisdiction over Count III of the plaintiff's Amended Complaint. Application of the laws of foreign countries will not overly burden the Court and will promote judicial economy."). Thus, this Court clearly has the authority to adjudicate Plaintiffs' pendent state law claims, even if the law of India or some other foreign nation applies.

**III.    Signal Makes No Showing That Plaintiffs' Claims Are Implausible under Foreign Law**

As noted above, Signal has not even attempted to demonstrate that Plaintiffs' claims are legally implausible under Indian law (in the unlikely event that Indian law applies). To the contrary, Plaintiffs' pendent state law claims are simple, common law tort and contract claims that are recognized under Indian law and involve essentially the same elements as Mississippi law.

For example, federal courts have applied Indian tort law potentially at issue here, holding that "Indian law recognizes a cause of action for fraudulent and negligent misrepresentation, with the elements of these claims being the same as exist under the common law of this country." *See MM Global Servs., Inc. v. Dow Chem. Co.*, 283 F. Supp. 2d 689, 705 (D.Conn. 2003). Likewise, under the Indian Contracts Act of 1872, "a plaintiff is successful on a breach of contract action if he can establish (1) the existence of a legally enforceable obligation, (2) a breach of that obligation, (3) and damages suffered as a result of the defendant's breach." *Best Med. Int'l v. Tata Elxsi Ltd.*, 1:10-CV-01273 IDD, 2011 WL 5843627 (E.D. Va. Nov. 21, 2011) (citing Indian Contract Act §§ 2, 7, 10, 73, No. 9 of 1872, A.I.R. Manual (2006)).

Thus, even if the Court assumes that Indian law applies to Plaintiffs' claims, which is far from being established, Signal's motion fails because it has not even attempted to make the critical showing that Plaintiffs' allegations are insufficient under Indian law.  Indeed, just as Plaintiffs have pled facts sufficient to support a claim under Mississippi state law (*see* Doc. No. 159 at 9-13), Plaintiffs' allegations also would be sufficient to support their claims under Indian law.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Signal's Motions to Dismiss.

Respectfully submitted,

GORDON, ARATA, McCOLLAM,
DUPLANTIS & EAGAN, LLC

By: A. Gregory Grimsal / by DJC

A. Gregory Grimsal (#06332)
Steven W. Copley (#16869)
201 St. Charles Avenue
40th Floor
New Orleans, Louisiana 70170
Tel: (504) 569-1834
Fax: (504) 582-1121
E-mail: ggrimsal@gordonarata.com
E-mail: scopley@gordonarata.com

*Trial Attorney for the* Achari, Krishnakutty, *and* Devassy *Plaintiffs*

MANATT, PHELPS & PHILLIPS, LLP

By: 

Stephen T. Raptis, *pro hac vice*
Daniele Capasso, *pro hac vice*
Andrew Case, *pro hac vice*

Jeremy R. Lacks, *pro hac vice*
700 12th Street, NW, Suite 1100
Washington, DC 20005
Telephone: (202) 585-6500
Fax: (202) 585-6600
Email: sraptis@manatt.com
Email: dcapasso@manatt.com
Email: acase@manatt.com

*Attorneys for the* Devassy *Plaintiffs*

LATHAM & WATKINS LLP

By: ___Daniel O. Adams /by DK___

Daniel D. Adams, *pro hac vice*
Miles N. Ruthberg, *pro hac vice*
Benton J. Campbell, *pro hac vice*
Christopher Harris, *pro hac vice*
Craig A. Batchelor, *pro hac vice to be filed*
Elizabeth C. Rowland, *pro hac vice*
Aaron M. Safane, *pro hac vice*
885 Third Avenue
New York, New York 10022
Tel: (212) 906-1200
Fax: (212) 751-4864
E-mail: miles.ruthberg@lw.com
E-mail: benton.campbell@lw.com
E-mail: christopher.harris@lw.com
E-mail: craig.batchelor@lw.com
E-mail: daniel.adams@lw.com
E-mail: elizabeth.rowland@lw.com
E-mail: aaron.safane@lw.com

*Attorneys for the* Achari *Plaintiffs*

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP

By: ___Eben P. Colby /by EPC___

Eben P. Colby, *pro hac vice*
Peter Simshauser, *pro hac vice*
One Beacon Street

Boston, Massachusetts 02108
Tel: (617) 573-4800
Fax: (617) 573-4822
E-mail: eben.colby@skadden.com
E-mail: peter.simshauser@skadden.com

*Attorneys for the* Chakkiyattil *Plaintiffs*


MCDERMOTT WILL & EMERY LLP

By: _Scott W. Clark / by DSC_

Scott W. Clark, *pro hac vice*
Steven G. Spears, *pro hac vice*
John Low, *pro hac vice*
1000 Louisiana St., Suite 3900
Houston, Texas 77002
Tel: (713) 653-1700
Fax: (713) 739-7592
E-mail: sclark@mwe.com
E-mail: sspears@mwe.com
E-mail: jlow@mwe.com

Robert M. Kline, *pro hac vice*
Asra A. Chatham, *pro hac vice*
Marissa C. Krumm, *pro hac vice*
Justin P. Aiello, *pro hac vice*
333 Avenue of the Americas, Suite 4500
Miami, Florida 33131
Tel: (305) 358-3500
Fax: (305) 347-6500
E-mail: rkline@mwe.com
E-mail: achatham@mwe.com
E-mail: mkrumm@mwe.com
E-mail: jaiello@mwe.com

*Attorneys for the* Krishnakutty *Plaintiffs*

## CERTIFICATE OF SERVICE

I, Stephen Raptis, hereby certify that on March 31, 2014, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification to counsel for the following: Signal International, LLC, Signal International, Inc., Malvern C. Burnett, the Law Offices of Malvern C. Burnett, A.P.C. and the Gulf Coast Immigration Law Center, L.L.C. Furthermore, I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants:

Billy R. Wilks
9136 Heather Lane
Moss Point, MS 39562

Global Resources, Inc.
James H. Heidelberg, Registered Agent
711 Delmas Avenue
PO Box 1407
Pascagoula, MS 39568-1407

J & M Marine & Industrial, LLC
9136 Heather Lane
Moss Point, MS 39562

J & M Associates, Inc. of Mississippi
9136 Heather Lane
Moss Point, MS 39562


Dated March 31, 2014

Stephen Raptis