UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KURIAN DAVID, et al.,<br>        Plaintiffs | CIVIL ACTION No. 08-1220 |
| VERSUS | |
| SIGNAL INTERNATIONAL, LLC, et al.,<br>        Defendants | SECTION "E" |

Related Cases:

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY<br>COMMISSION,<br>        Plaintiff | CIVIL ACTION NO. 12-557 |
| VERSUS | |
| SIGNAL INTERNATIONAL, LLC, et al.,<br>        Defendants | SECTION "E" |
| LAKSHMANAN PONNAYAN ACHARI, et al.,<br>        Plaintiffs | CIVIL ACTION No. 13-6218<br>(c/w 13-6219, 13-6220,<br>13- 6221) |
| VERSUS | |
| SIGNAL INTERNATIONAL, LLC, et al.,<br>        Defendants | SECTION "E" |

**Applies To:** *Achari, et al. v. Signal International, LLC, et al.*, **Case No. 2:13-cv-06218**

# ANSWER TO ACHARI PLAINTIFFS' SECOND AMENDED COMPLAINT ON BEHALF OF SACHIN DEWAN AND DEWAN CONSULTANTS PVT. LTD.

NOW INTO COURT, through undersigned counsel, come Sachin Dewan and Dewan

Consultants Pvt. Ltd. ("Dewan Consultants") (collectively referred to as the "Dewan

defendants"), who hereby answer Achari plaintiffs' Second Amended Complaint ("SAC") as follows:

1.

The allegations set forth in this paragraph of plaintiffs' SAC are denied.[1]

2.

The allegations set forth in this paragraph of plaintiffs' SAC are denied.

3.

The allegations set forth in this paragraph of plaintiffs' SAC require no answer from the Dewan defendants.  However, out of an abundance of caution, said allegations are denied.

4.

The allegations set forth in this paragraph of plaintiffs' SAC are denied as written.

5. through 23.

The allegations set forth in these paragraphs of plaintiffs' SAC are denied.

24. through 26

The allegations set forth in these paragraphs of plaintiffs' SAC require no answer from the Dewan defendants.  However, out of an abundance of caution, said allegations are denied.

27. through 29.

The allegations set forth in these paragraphs of plaintiffs' SAC are denied.

30.

The allegations set forth in this paragraph of plaintiffs' are denied.

---

1   The number used for each answer herein refers to the numerical paragraph utilized by plaintiffs in their SAC.

31. through 77.

The allegations set forth in these paragraphs of plaintiffs' SAC are denied for lack of sufficient information to justify a belief therein.

78. through 80.

The allegations set forth in these paragraphs of plaintiffs' SAC require no answer from the Dewan defendants.  However, out of an abundance of caution, said allegations are denied.

81.

The allegations set forth in this paragraph of plaintiffs' SAC are denied, except to admit that Dewan Consultants is a private limited liability company organized under the laws of India.

82.

The allegations set forth in this paragraph of plaintiffs' SAC are denied, except to admit that Sachin Dewan is a director of Dewan Consultants.

83. through 85.

The allegations set forth in these paragraphs of plaintiffs' SAC require no answer from the Dewan defendants.  However, out of an abundance of caution, said allegations are denied.

86 through 87.

The allegations set forth in these paragraphs of plaintiffs' SAC are denied.

88 through 90.

The allegations set forth in this paragraph of plaintiffs' SAC are denied for lack of sufficient information to justify a belief therein.

91.

The allegations set forth in this paragraph of plaintiffs' SAC are denied as written.

92.

The allegations set forth in this paragraph of plaintiffs' SAC are denied for lack of sufficient information to justify a belief therein.

93 through 97.

The allegations set forth in these paragraphs of plaintiffs' SAC are denied as written.

98. through 109.

The allegations set forth in these paragraphs of plaintiffs' SAC are denied.

110.

The allegations set forth in this paragraph of plaintiffs' SAC are denied for lack of sufficient information to justify a belief therein.

111. through 140.

The allegations set forth in these paragraphs of plaintiffs' SAC are denied for lack of sufficient information to justify a belief therein.

141. through 154.

The allegations set forth in these paragraphs of plaintiffs' SAC require no answer from the Dewan defendants.  However, out of an abundance of caution, said allegations are denied.

155.

The allegations set forth in these paragraphs of plaintiffs' SAC are denied for lack of sufficient information to justify a belief therein.

156.

The allegations set forth in this paragraph of plaintiffs' SAC are denied as written.

157. through 164.

The allegations set forth in these paragraphs of plaintiffs' SAC are denied for lack of sufficient information to justify a belief therein.

165.

The allegations set forth in this paragraph of plaintiffs' SAC are denied for lack of sufficient information to justify a belief therein.

166.

The allegations set forth in this paragraph of plaintiffs' SAC are denied for lack of sufficient information to justify a belief therein.

167.

The allegations set forth in this paragraph of plaintiffs' SAC are denied.

168.

The allegations set forth in this paragraph of plaintiffs' SAC are denied.

169. through 175.

The allegations set forth in these paragraphs of plaintiffs' SAC are denied for lack of sufficient information to justify a belief therein.

176.

The allegations set forth in this paragraph of plaintiffs' SAC are denied for lack of sufficient information to justify a belief therein.

177.

The allegations set forth in this paragraph of plaintiffs' SAC are denied as written.

178. through 183

The allegations set forth in these paragraphs of plaintiffs' SAC are denied for lack of sufficient information to justify a belief therein.

184 through 188.

The allegations set forth in these paragraphs of plaintiffs' SAC are denied for lack of sufficient information to justify a belief therein.

189.

The allegations set forth in this paragraph of plaintiffs' SAC are denied.

190. through 635.

The allegations set forth in these paragraphs are denied to the extent that they accuse Sachin Dewan and/or any employee or agent of Dewan Consultants misled, threatened, or intimidated any of these plaintiffs in any way are denied.  Further, any allegation set forth in these paragraphs that Sachin Dewan and/or Dewan Consultants or any of its employees or agents mislead the United States Consulate in any way or instructed any of these plaintiffs to lie or mislead the United States Consulate are denied.  Any allegations that Sachin Dewan and/or Dewan Consultants or any of its employees or agents charged any of these plaintiffs exorbitant recruitment fees are denied.  Finally, any allegations set forth in these paragraphs that Sachin Dewan and/or Dewan Consultants or any of its employees or agents unlawfully obtained any of these plaintiffs' passports are denied.  The remaining allegations are denied for lack of sufficient information to justify a belief therein.

636. through 649.

The allegations set forth in these paragraphs of plaintiffs' SAC are denied.

650. though 663.

The allegations set forth in these paragraphs of plaintiffs' SAC require no answer from the Dewan defendants.  However, out of an abundance of caution, said allegations are denied.

664 through 699.

The allegations set forth in these paragraphs of plaintiffs' SAC are denied.

700.

The allegations set forth in the Prayer for Relief are denied.

**AFFIRMATIVE DEFENSES**

The Dewan defendants hereby set forth their affirmative defenses as follows:

1.

This Court lacks personal jurisdiction over the Dewan defendants.

2.

Plaintiffs have failed to state a claim upon which relief can by granted in connection with any and/or all of their claims or causes of action against the Dewan defendants.

3.

This Court lacks subject matter jurisdiction over any and/or all claims or causes of action against the Dewan defendants.

4.

Plaintiffs' claims and/or causes of action against the Dewan defendants are barred by any applicable statute of limitations or preemption.

5.

At all times pertinent hereto, the Dewan defendants acted good faith and in a lawful manner in connection with their dealings and/or contracts with plaintiffs. At no time did the Dewan defendants or any of their employees intentionally or negligently mislead any of the plaintiffs in any manner.

6.

At all times pertinent hereto, the contracts entered into by the Dewan defendants with plaintiffs were arms-length transactions under which either party could have refrained from becoming a signatory thereto prior to their execution.

7.

The fees charged by the Dewan defendants to all plaintiffs for recruitment services were fair and reasonable.

8.

Plaintiffs have failed to plead fraud against the Dewan defendants with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure

9.

Plaintiffs have not suffered any damages.

10.

Plaintiffs are barred from recovery due their own fraudulent conduct.

11.

Plaintiffs are solely at fault and/or negligent in causing any damages they may have suffered.

12.

Plaintiffs are comparatively negligent.

13.

The Dewan defendants are not liable for actions and/or omissions of any third parties over whom they reasonably relied to carry out and/or perform specific functions and tasks in good faith and/or third-parties whose advice and information was reasonably relied, when the Dewan defendants exercised no authority or control over any of these third parties.

14.

Plaintiffs' claims are barred or reduced by the doctrine *in pari delicto*.

15.

Any damages suffered by plaintiffs (all of which are denied) should be offset by the benefits and income they received from Signal and/or which they could have received had they not left Signal's employ or performed acts which caused the termination of their employment with Signal, and/or which they have otherwise received while working in the United States.

16.

Plaintiffs have failed to mitigate their damages.

17.

The Dewan defendants hereby adopt and incorporate all affirmative defenses asserted by any other party to the extent applicable.  Further, the Dewan defendants reserve the right to amend and/or supplement in this Answer.  Finally, the Dewan defendants demand a jury trial.

WHEREFORE, Sachin Dewan and Dewan Consultants Pvt. Ltd. pray that this Answer to Plaintiffs' SAC be deemed good and sufficient, and that after due proceedings,

including a jury trial of this matter, there be Judgment herein in their favor dismissing all claims against them with prejudice; for a Judgment in their favor for all attorney's fees and costs incurred by them in the defense of this matter; and for all general and equitable relief to which they may be entitled.

Respectfully submitted;

/s/ Stephen H. Shapiro
STEPHEN H. SHAPIRO (#21076)
Attorney at Law
A Limited Liability Company
700 Camp Street
New Orleans, LA 70130
Telephone: (504) 309-8442
E-mail: steve@shapirolaw-nola.com

**Counsel for Sachin Dewan and Dewan Consultants Pvt. Ltd.**

## CERTIFICATE OF SERVICE

I hereby certify that this Answer to Achari Plaintiffs' Second Amended Complaint on behalf of Sachin Dewan and Dewan Consultants Pvt. Ltd. has been filed electronically using this Court's ECF system, and therefore has been served on all counsel of record by electronic transmission or by means which this Court has deemed necessary and appropriate on this 7th day of April 2014.

/s/ Stephen H. Shapiro
Stephen H. Shapiro

10