UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KURIAN DAVID, et al., <br>     Plaintiffs | CIVIL ACTION No. 08-1220 |
| VERSUS | |
| SIGNAL INTERNATIONAL, LLC, et al., <br>     Defendants | SECTION "E" |

Related Cases:

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br>     Plaintiff | CIVIL ACTION NO. 12-557 |
| VERSUS | |
| SIGNAL INTERNATIONAL, LLC, et al., <br>     Defendants | SECTION "E" |
| LAKSHMANAN PONNAYAN ACHARI, et al., <br>     Plaintiffs | CIVIL ACTION No. 13-6218 <br> (c/w 13-6219, 13-6220, <br> 13-6221, 14-732) |
| VERSUS | |
| SIGNAL INTERNATIONAL, LLC, et al., <br>     Defendants | SECTION "E" |

**Applies To:**   *Singh v. Signal International, LLC, et al.,* **No. 2:14-732**

## ANSWER TO SINGH PLAINTIFFS' Complaint ON BEHALF OF SACHIN DEWAN AND DEWAN CONSULTANTS PVT. LTD.

NOW INTO COURT, through undersigned counsel, come Sachin Dewan and Dewan Consultants Pvt. Ltd. ("Dewan Consultants") (collectively referred to as the "Dewan defendants"), who hereby answer the Singh plaintiffs' Complaint as follows:

1

1.

The allegations set forth in paragraphs 1-14 of plaintiffs' Complaint are denied.

2.

The allegations set forth in paragraphs 15-23 of plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

3.

The allegations set forth in paragraph 24 of plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein, except to admit that Dewan Consultants Pvt. Ltd is a private limited liability company organized under the laws of India.

4.

The allegations set forth in paragraph 25 of plaintiffs' Complaint are denied.

5.

The allegations set forth in paragraph 26 of plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

6.

The allegations set forth in paragraphs 27-31 of plaintiffs' Complaint are denied.

7.

The allegations set forth in paragraphs 32-33 of plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

8.

The allegations set forth in paragraphs 34-35 of plaintiffs' Complaint are denied.

9.

The allegations set forth in paragraphs 36-37 of plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

10.

The allegations set forth in paragraphs 38-39 of plaintiffs' Complaint are denied.

11.

The allegations set forth in paragraph 40 of plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein, except to admit that Hurricane Katrina his the Gulf Coast of the United States leaving a trail of devastation.

12.

The allegations set forth in paragraphs 41-46 of plaintiffs' Complaint are denied.

13.

The allegations set forth in paragraph 47 of plaintiffs' Complaint are denied as written.

14.

The allegations set forth in paragraph 48 of plaintiffs' Complaint call for legal conclusions and therefore require no response from the Dewan defendants. However, out of an abundance of caution, said allegations are denied.

15.

The allegations set forth in paragraphs 49-52 of plaintiffs' Complaint are denied.

16.

The allegations set forth in paragraph 53 of plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

17.

The allegations set forth in paragraph 54 of plaintiffs' Complaint are denied.

18.

The allegations set forth in paragraph 55-56 of plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

19.

The allegations set forth in paragraphs 57-60 of plaintiffs' Complaint are denied.

20.

The allegations set forth in paragraph 61-63 of plaintiffs' Complaint are denied.

21.

The allegations set forth in paragraph 64 of plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

22.

The allegations set forth in paragraphs 65-66 of plaintiffs' Complaint are denied.

23.

The allegations set forth in paragraphs 67-103 of plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

24.

The allegations set forth in paragraphs 104-106 of plaintiffs' Complaint are denied.

25.

The allegations set forth in paragraphs 107-111 of plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

26.

The allegations set forth in paragraphs 112-113 of plaintiffs' Complaint are denied.

27.

The allegations set forth in paragraph 114 of plaintiffs' Complaint are denied as written.

28.

The allegations set forth in paragraphs 115-118 of plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

29.

The allegations set forth in paragraph 119 of plaintiffs' Complaint are denied.

30.

The allegations set forth in paragraphs 120-135 of plaintiffs' Complaint are denied.

31.

The allegations set forth in paragraphs 136-147 of plaintiffs' Complaint require no answer from the Dewan defendants. However, out of an abundance of caution, said allegations are denied for lack of sufficient information to justify a belief therein.

32.

The allegations set forth in paragraphs 148-179 of plaintiffs' Complaint are denied.

33.

The allegations set forth in plaintiffs' Prayer for Relief are denied.

**AFFIRMATIVE DEFENSES**

The Dewan defendants hereby set forth their affirmative defenses as follows:

1.

This Court lacks personal jurisdiction over the Dewan defendants.

2.

Plaintiffs have failed to state a claim upon which relief can by granted in connection with any and/or all of their claims or causes of action against the Dewan defendants.

3.

This Court lacks subject matter jurisdiction over any and/or all claims or causes of action against the Dewan defendants.

4.

Plaintiffs' claims and/or causes of action against the Dewan defendants are barred by any applicable statute of limitations or prescriptive period.

5.

At all times pertinent hereto, the Dewan defendants acted good faith and in a lawful manner in connection with their dealings and/or contracts with plaintiffs. At no time did the Dewan defendants or any of their employees intentionally or negligently mislead any of the plaintiffs in any manner.

6.

At all times pertinent hereto, the contracts entered into by the Dewan defendants with plaintiffs were arms-length transactions under which either party could have refrained from becoming a signatory thereto prior to their execution.

7.

The fees charged by the Dewan defendants to all plaintiffs for recruitment services were fair and reasonable.

8.

Plaintiffs have failed to plead fraud against the Dewan defendants with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure

9.

Plaintiffs have not suffered any damages.

10.

Plaintiffs are barred from recovery due their own fraudulent conduct.

11.

Plaintiffs are solely at fault and/or negligent in causing any damages they may have suffered.

12.

Plaintiffs are comparatively negligent.

13.

The Dewan defendants are not liable for actions and/or omissions of any third parties over whom they reasonably relied to carry out and/or perform specific functions and tasks in good faith and/or third-parties whose advice and information was reasonably relied, when the Dewan defendants exercised no authority or control over any of these third parties.

14.

Plaintiffs' claims are barred or reduced by the doctrine *in pari delicto*.

15.

Any damages suffered by plaintiffs (all of which are denied) should be offset by the benefits and income they received from Signal and/or which they could have received had

they not left Signal's employ or performed acts which caused the termination of their employment with Signal, and/or which they have otherwise received while working in the United States.

16.

Plaintiffs have failed to mitigate their damages.

17.

The Dewan defendants hereby adopt and incorporate all affirmative defenses asserted by any other party to the extent applicable. Further, the Dewan defendants reserve the right to amend and/or supplement in this Answer. Finally, the Dewan defendants demand a jury trial.

WHEREFORE, Sachin Dewan and Dewan Consultants Pvt. Ltd. pray that this Answer to the Singh Plaintiffs' Complaint be deemed good and sufficient, and that after due proceedings, including a jury trial of this matter, there be Judgment herein in their favor dismissing all claims against them with prejudice; for a Judgment in their favor for all attorney's fees and costs incurred by them in the defense of this matter; and for all general and equitable relief to which they may be entitled.

Respectfully submitted;


/s/ *Stephen H. Shapiro*
STEPHEN H. SHAPIRO (#21076)
Attorney at Law
A Limited Liability Company
700 Camp Street
New Orleans, LA 70130
Telephone:  (504) 309-8442
E-mail:  steve@shapirolaw-nola.com

**Counsel for Sachin Dewan and Dewan Consultants Pvt. Ltd.**


### CERTIFICATE OF SERVICE

I hereby certify that this Answer to Singh Plaintiffs' Complaint on Behalf of Sachin Dewan and Dewan Consultants Pvt. Ltd. has been filed electronically using this Court's ECF system, and therefore has been served on all counsel of record by electronic transmission or by means which this Court has deemed necessary and appropriate on this 23[th] day of May, 2014.


/s/ *Stephen H. Shapiro*
Stephen H. Shapiro