UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KURIAN DAVID, et al.,<br>    Plaintiffs | CIVIL ACTION No. 08-1220 |
| VERSUS | |
| SIGNAL INTERNATIONAL, LLC, et al.,<br>    Defendants | SECTION "E" |

Related Cases:

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY<br>COMMISSION,<br>    Plaintiff | CIVIL ACTION NO. 12-557 |
| VERSUS | |
| SIGNAL INTERNATIONAL, LLC, et al.,<br>    Defendants | SECTION "E" |
| LAKSHMANAN PONNAYAN ACHARI, et al.,<br>    Plaintiffs | CIVIL ACTION No. 13-6218<br>(c/w 13-6219, 13-6220,<br>13- 6221, 14-732) |
| VERSUS | |
| SIGNAL INTERNATIONAL, LLC, et al.,<br>    Defendants | SECTION "E" |

**Applies To:** *David, et al. v. Signal International, LLC, et al.,* **No. 2:08-cv-1220 and** *Achari* **Consolidated Cases, Nos. 13-6218 (c/w 13-6219, 13-6220, 13-6221, 14-732)**

## THE DEWAN DEFENDANTS' REPLY TO THE OPPOSITIONS TO MOTION FOR PROTECTIVE ORDER FILED BY DAVID PLAINTIFFS AND SIGNAL INTERNATIONAL, LLC.

MAY IT PLEASE THE COURT:

1

Both the David plaintiffs and Signal International, LLC ("Signal") offer a "hybrid" proposal for the taking of the depositions of Dewan Consultants officers and employees. At first glance, the proposal seems alluring. However, it is not. The deposition of Sachin Dewan was taken several years ago in India. The deposition was initially for the purpose of class certification. Mr. Dewan sat for this deposition from approximately 3:00 p.m. until Midnight (Mumbai, India Time) for 2 days, and from approximately 9:00 a.m. to 2:00 p.m. on a third day. Although designated for class certification, plaintiffs' counsel and counsel for Signal probed into many areas involving the merits of the case. In retrospect, undersigned counsel should have not allowed counsel to explore the merits in depth. However, recognizing that there was certainly some overlap between class and merits, and to avoid the usual bickering during the typical deposition in this case, counsel permitted this line of questioning and the deposition moved forward accordingly.

In one of the status conferences before this Court, and at least within the past 6 months or so, plaintiffs' counsel made clear that they got everything they wanted from Sachin Dewan's prior deposition testimony, and they did not need to depose him again.[1] In fact, prior to when the deposition notices were issued, plaintiffs' counsel advised undersigned counsel that if the depositions were to be conducted in the United States, then they would notice Sachin Dewan's deposition along with the other Dewan deponents. Yet, if the depositions were to go forward in India, then would not need to take Mr. Dewan's deposition (citing weakly to time constraints and "logistical difficulties" as reasons not to take Mr. Dewan's deposition in India). Interestingly, both the David plaintiffs and Signal now offer to take the Dewan Defendants depositions via videoconferencing, but they want to compel only

---

1    Signal did not take this position, and indicated that it might want to take the merits deposition of Mr. Dewan.

2

Mr. Dewan to sit for his deposition in the United States and will pay for his expenses and costs in connection with his deposition. Frankly, this leaves the Dewan Defendants puzzled. Neither the David plaintiffs nor Signal offer any reasonable explanation for compelling only Mr. Dewan to fly halfway around the world over more than 10 time zones to be present, in person. If there is a legitimate reason, then the Dewan Defendants would like to know what the reason is, and such reason should be stated on the record.

The Dewan Defendants anticipate that the David plaintiffs and Signal will claim that they need Mr. Dewan's personal presence so that he can review documents presented to him by counsel (and perhaps other purposes), and that such procedure will not be necessary for the deponents whose deposition will be taken via videoconferencing because documents will not be presented to them. Such a contention would be without merit. As noted, Mr. Dewan's deposition was taken over the course of nearly 3 days in India and numerous documents were presented to him for review and explanation during his testimony.

This Court made clear at the previous status conference that counsel are to limit the time frame for the Dewan Defendant depositions so as to avoid the inevitable duplication. This apparently has not been done. Given the fact that Mr. Dewan has already given nearly 3 days of deposition testimony, his merits deposition is not likely to last more than one day (and, frankly, it should not be permitted to go longer than that). While it is commendable that counsel for plaintiffs and Signal wish to pay Mr. Dewan's expenses and costs to come to the United States for his deposition, to require him to take a 20 hour flight each way between India and the United States for a one or even 1 ½ day deposition it is unduly oppressive and abusive, particularly when the very same deposition can be taken via video conferencing, as has been suggested by this Court and offered by counsel to the other Dewan Consultants

employees.  Further, the procedure suggested by plaintiffs and Signal would run contrary to the presumption that these depositions should be taken in the Dewan Defendants' principal place of business in India.  The spirit of this presumption will be satisfied if Dewan Consultants manager and employee depositions are taken via videoconferencing, and this procedure is the most beneficial approach for the parties and their counsel.

Plaintiffs mildly complain that the Dewan Defendants have not produced any evidence in support of their position that the Dewan Defendants lack the financial resources to come to the United States for their depositions.  The Dewan Defendants initially planned on filing an affidavit or declaration in support of this position.  However, this Court held a status conference to discuss counsel's motion to withdraw as counsel, and later addressed the Dewan Defendants' Motion for Protective Order.  Indeed, this Court ordered the David plaintiffs, in particular, to respond to this Court's desire to reduce the costs and expenses for these depositions, particularly given undersigned counsel's predicament and pending motion to withdraw.

In the context of a motion to withdraw, the United States Fifth Circuit Court of Appeals has held that a status conference called by the district court to discuss the issue of reasons for withdraw is sufficient to satisfy the evidentiary requirement.  *Roshan Associates, Inc. v. Motiva Enterprises,* 66 Fed. Appx. 525, 2003 WL 21017504, at *1 (5th Cir. 2003) (per curiam) (affirming the district court's decision to allow counsel to withdraw, despite the fact that the motion to withdraw "failed to give a reason for withdrawal," on the ground that "[t]he record does reflect that the judge held a status conference for the express purpose of discussing the motion").  The *Roshan* case similarly applies in this context, where counsel not only seeks to withdraw for *valid financial reasons* (in contrast to failure to give any

reason as in *Roshan*), but, for similar reasons, seeks a protective order to assist his clients from undue financial burden and oppression.[2]

The Dewan Defendants did receive the David plaintiffs' Fourth Request for Production of Documents. These requests seek a host of very detailed financial information from the Dewan Defendants, and they essentially resemble a judgment debtor rule. As such, these requests are inappropriate at this time, and may only be appropriate if the David plaintiffs' prevail on the merits of this case and obtain a judgment against the Dewan Defendants. These requests for production, veiled, in part, as a way to seek information to satisfy a punitive damage award, are yet another attempt to block undersigned counsel from withdrawing from this case.

Respectfully submitted;

/s/ *Stephen H. Shapiro*
STEPHEN H. SHAPIRO (#21076)
Attorney at Law
A Limited Liability Company
700 Camp Street
New Orleans, LA 70130
Telephone: (504) 309-8442
E-mail: steve@shapirolaw-nola.com

**Counsel for Sachin Dewan and Dewan Consultants Pvt. Ltd.**

---

[2] The Dewan Defendants nevertheless stand ready to furnish this Court with an affidavit or declaration in support of their Motion for Protective Order.

5

**CERTIFICATE OF SERVICE**

I hereby certify that this Reply to Oppositions to Motion for Protective Order on Behalf of Sachin Dewan and Dewan Consultants Pvt. Ltd. has been filed electronically using this Court's ECF system, and therefore has been served on all counsel of record by electronic transmission or by means which this Court has deemed necessary and appropriate on this July 9, 2014.

/s/ *Stephen H. Shapiro*
Stephen H. Shapiro