UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURIAN DAVID, et al.**<br>        Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **No. 08-1220** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>        Defendants | **SECTION "E"** |

**Related Cases:**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br>        Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **No. 12-557** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>        Defendants | **SECTION "E"** |
| **LAKSHMANAN PONNAYAN ACHARI, et al.,**<br>        Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **No. 13-6218**<br>**(c/w 13-6219, 13-6220, 13-6221, 14-732)** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>        Defendants | **SECTION "E"** |

**Applies To:** *Achari v. Signal* **(13-6218 c/w 13-6219, 13-6220, 13-6221)**

### ORDER AND REASONS

Before the Court is a Motion to Dismiss filed by Billy Wilks, J&M Associates, Inc., and J&M Marine & Industrial, LLC (collectively, the "J&M Defendants") in *Achari v. Signal*

1

(13-6218, 13-6219, 13-6220, 13-6221)(the "*Achari* cases").[1] Plaintiffs in the *Chakkiyattil* case (13-6219) filed an opposition to the J&M Defendants' motion.[2]

The J&M Defendants move to dismiss Plaintiffs' claims in all of the *Achari* cases for failure to state a claim, primarily denying the factual allegations pled in Plaintiffs' complaints.[3] Under Rule 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief. *Bell Atl. Corp. v. Twombly* 550 U.S. 554 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). In assessing the Plaintiffs' complaint, the Court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the Plaintiffs. *Lowry v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

The Court finds the facts pled in Plaintiffs' complaints are sufficient to support their claims against the J&M Defendants. This Court already denied a similar motion filed by the J&M Defendants seeking to dismiss the Plaintiffs' RICO claim in *David v. Signal* (08-1220)(the "*David* case").[4] The Court is not persuaded to reach a contrary decision when the factual allegations in the *Achari* Plaintiffs' complaints are substantially similar to the Plaintiffs' allegations in the *David* case. Moreover, for the reasons set forth in the Court's Order and Reasons in the *David* case on the 12(c) Motion for Partial Judgment on the Pleadings and 12(b)(6) Motion to Dismiss filed by Signal and the 12(c) Motion for Partial

---

[1] R. Doc. 195.

[2] R. Doc. 215.

[3] The J&M Defendants' motion, filed pro se, does not specifically move under Rule 12(b)(6) or 12(c) to dismiss Plaintiffs' claims. However, based on the arguments made in the J&M Defendants' motion, the Court construes the motion as a 12(b)(6) motion to dismiss.

[4] R. Doc. 288.

Judgment on the Pleadings filed by Burnett,[5] the *Achari* Plaintiffs' complaints allege sufficient facts to survive a motion to dismiss.

Accordingly, **IT IS ORDERED** that the J&M Defendants' Motion to Dismiss be and hereby is **DENIED**.

**New Orleans, Louisiana, this 14th day of August, 2014.**

                                      _____
                                          **SUSIE MORGAN**
                              **UNITED STATES DISTRICT JUDGE**

---

[5] R. Doc. 1713 in the *David* case.