UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURIAN DAVID, et al.**<br>    Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **No. 08-1220** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    Defendants | **SECTION "E"** |

**Related Cases:**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **No. 12-557** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    Defendants | **SECTION "E"** |
| **LAKSHMANAN PONNAYAN ACHARI, et al.,**<br>    Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **No. 13-6218**<br> **(c/w 13-6219, 13-6220, 13-6221, 14-732)** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    Defendants | **SECTION "E"** |

**Applies To:** *Achari v. Signal* **(13-6218 c/w 13-6219, 13-6220, 13-6221, 14-732)**

### ORDER AND REASONS

Before the Court is a Motion for Protective Order filed by Plaintiffs in *Achari v. Signal* (13-6218, 13-6219, 13-6220, 13-6221)(the "*Achari* cases").[1] Defendants Signal

---

[1] R. Doc. 144. All documents referenced in this order were filed in 13-6218 unless otherwise indicated.

International, LLC ("Signal") and Burnett oppose Plaintiffs' motion.[2]

Plaintiffs in the *Achari* cases move for entry of a protective order to prohibit discovery of documents and information relating to the Plaintiffs' (and their families') current immigration status, immigration history, addresses or residences following employment at Signal, places of birth, social security numbers, aliases or nicknames, post-Signal employers or potential employers, and sources of income (other than income received from the defendants).[3] Plaintiffs argue the requested protective order mimics the protections already afforded in *David v. Signal* (08-1220)(the "*David* case") and *EEOC v. Signal* (12-557)(the "*EEOC* case"). Plaintiffs further argue the protections are necessary because the relevance of the information Signal will otherwise seek is severely outweighed by the intimidating *in terrorem* effect discovery of such information has on the Plaintiffs' willingness to prosecute their claims.

During the class certification phase, the Plaintiffs in the *David* case sought and obtained a protective order preventing defendants from inquiring into the current immigration status of any Plaintiff, current address or place of residence of any plaintiff, and employers or potential employers of any plaintiff post-termination of employment with Signal.[4] Because it would require an inquiry into the Plaintiffs current immigration status, on August 26, 2010 Judge Knowles denied Signal's request for production of the Plaintiffs'

---

[2] R. Doc. 147; R. Doc. 158.

[3] R. Doc. 144. The Court, with the consent of the parties, entered a protective order covering other topics on February 17, 2014. *See* R. Doc. 183.

[4] Judge Knowles granted the plaintiffs' request for a protective order (R.Doc. 367 in the *David* case), and on June 2, 2009 Judge Zainey upheld Judge Knowles' findings. R. Doc. 476 in the *David* case. Judge Zainey denied a request for reconsideration of his order based on changed circumstances and clarified that the protective ordered entered by the Court does not preclude Defendants from "delving into facts pertaining to plaintiffs' immigration status prior to leaving Signal – only post-Signal immigration status is affected." R. Doc. 650 in the *David* case.

2

T-Visa applications but, based on a compromise proposed by the parties, ordered that the affidavits attached to the applications should be produced.[5] The Court entered a protective order with respect to production of the affidavits clarifying that they were to be marked as confidential and redacted to remove the following information:

> a. any information identifying members of the affiant's family, the affiant's residences prior to employment at Signal, or the residences of any member of the affiant's family.
> b. Any address or employment information protected from disclosure by the Court's earlier protective order [preventing inquiry into the Plaintiffs' current immigration status, current addresses, and employment history post-termination from Signal].
> c. Any information evidencing the affiant's cooperation with any law enforcement investigation or prosecution related to the subject matter of the instant lawsuit.
> d. Any information evidencing grounds for inadmissibility.
> e. Any information evidencing the commission of prior crimes or civil offenses, or any explanation of any act set forth on Form I-914, Part D.[6]

Motions for a protective order also were granted in the *EEOC* case over Signal's objection that protective orders had been issued in the David case only because the parties were concentrating on class discovery issues at the time.[7] The Court found the fact that the parties were not engaging in discovery relating to certification of the class to be of no moment, saying:

> The case law cited by this Court does not distinguish between class-certification and merits-based discovery to arrive at their conclusions. Indeed, in many of the cases, it is not readily apparent that the plaintiffs sought class certification. The Court finds that the underlying reasoning and analysis of those courts apply equally here at this stage of the litigation. [8]

---

[5] R. Doc. 854 in the *David* case. On November 5, 2010 Judge Knowles ordered the redacted affidavits to be produced within ten days of the date of his Order. R. Doc. 912 in the *David* case.

[6] R. Doc. 913 in the *David* case. Judge Zainey upheld this ruling. *See* R. Doc. 991.

[7] R. Doc. 237 in the *EEOC* case. Affirmed in R. Doc. 313 in the *EEOC* case.

[8] R. Doc. 237, p. 12 in the *EEOC* case.

3

Thereafter, a Protective Order was entered in the *EEOC* case providing that Defendants shall not seek, request or subpoena the following documents or information:

> a. Documents and information relating to, or that would disclose, the current immigration status, immigration history, or any immigration proceeding of any member of the class of Indian employees described in Plaintiff's Complaint, as amended, or the Intervenor Plaintiffs, or any members of the families of either of these groups;
> b. Documents and information relating to the addresses or places of residence following employment at Signal, place of birth, social security number, and aliases and nicknames (other than those used while employed by Defendant) of any class member described in Plaintiff's Complaint, as amended, or the Intervenor Plaintiffs, or any members of the families of either of these groups;
> c. Documents and information relating to, or that would disclose, post-Signal employers or potential employers of any class member described in Plaintiff's Complaint, as amended, or the Intervenor Plaintiffs, or any members of the families of either of these groups;
> d. Documents and information relating to income received or sources of income, other than income received by Defendant, of any class member described in Plaintiff's Complaint, as amended, or the Intervenor Plaintiffs, or any members of the families of either of these groups.[9]

The Court has repeatedly explained its reasons for finding that the *in terrorem* effect of inquiring into the Plaintiffs' immigration status after they left the employment of Signal, and other information at issue, is outweighed by the public interest in allowing employees to enforce their rights, and will not do so again in this Order. The underlying reasoning and analysis of previous orders apply with equal force to the merits stage of this proceeding. Plaintiffs' post-Signal immigration status is not relevant to a material aspect of any defense. Any prejudice suffered by the Defendants is obviated by the production of the redacted affidavits attached to the T and U Visa applications.

Accordingly, **IT IS ORDERED** that Plaintiffs' Motion for Protective Order be and

---

[9] R. Doc. 285 in the *EEOC* case.

hereby is **GRANTED.** The current protective order in the *Achari* cases[10] be and hereby is supplemented to include the following in Paragraph 1 of Section A:

> 1. The Defendants shall not seek, request, or subpoena the following; documents or information:
>
> a. Documents and information relating to, or that would disclose, the current immigration status, immigration history, or any immigration proceeding of any Plaintiff in the Consolidated Actions or any members of the families of such Plaintiffs;
>
> b. Documents and information relating to addresses or places of residence following employment at Signal International, LLC ("Signal"), place of birth, social security number, and aliases and nicknames (other than those used while employed by Signal) of any Plaintiff in the Consolidated Actions or any members of the families of such Plaintiffs;
>
> c. Documents and information relating to, or that would disclose, post-Signal employers or potential employers of any Plaintiff in the Consolidated Actions or any members of the families of such Plaintiffs;
>
> d. Documents and information relating to income received or sources of income, other than income received from the Defendants, of any Plaintiff in the Consolidated Actions or any members of the families of such Plaintiffs.

**IT IS FURTHER ORDERED** that the Plaintiffs in the *Achari* cases are to produce the affidavits attached to their T or U visa applications to Defendants within 30 days of the date of this order, redacted as set forth above with production to be subject to the terms of the Protective Order.

**New Orleans, Louisiana, this 18th day of August, 2014.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[10] R. Doc. 183.