UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


KURIAN DAVID, et al.                                       CIVIL ACTION No. 08-1220
                        Plaintiffs
VERSUS

SIGNAL INTERNATIONAL, LLC, et al.,                        SECTION "E"
                        Defendants



EQUAL EMPLOYMENT OPPORTUNITY                              CIVIL ACTION No. 12-557
COMMISSION,
                        Plaintiff
VERSUS

SIGNAL INTERNATIONAL, LLC, et al.,                        SECTION "E"
                        Defendants



LAKSHMANAN PONNAYAN ACHARI, et al.,                       CIVIL ACTION No.  13-6218
                        Plaintiffs                        (c/w 13-6219, 13-6220, 13- 6221)
VERSUS


SIGNAL INTERNATIONAL, LLC, et al.,                        SECTION "E"
                        Defendants
Applies To: Achari, 13-6218 ;


ANSWER OF MALVERN C. BURNETT, THE LAW OFFICES OF MALVERN C. BURNETT,
A.P.C., AND GULF COAST IMMIGRATION LAW CENTER, L.L.C.
TO SECOND AMENDED COMPLAINT

Now comes Malvern C. Burnett, The Law Offices of Malvern C. Burnett, A.P.C. , and the

Gulf Coast Immigration Law Center, L.L.C., hereinafter referred to collectively as "Burnett, who

in response to the Second Amended Complaint of the above captioned matter herewith makes

the following objections, defenses, and answer.

GENERAL OBJECTION TO COMPLAINT.

Burnett objects to the complaint as being in violation of Rule 8 of the Federal Rules of Civil Procedure, in that it does not contain a short and plain statement of claims, but rather a 152 page, 699 paragraph narrative, being essentially argument of counsel, replete with conclusory, inflammatory, and superfluous statements designed solely to inflame, and engender passion and prejudice against defendants, including Burnett, and containing several erroneously portrayed events, which events, even if correctly described, are irrelevant and inadmissible to the claims asserted by these Plaintiffs against Burnett.

FIRST DEFENSE

The assertions and allegations of Plaintiffs' complaint, including the five asserted Claims for Relief, fail to state a claim against Burnett upon which relief can be granted.

SECOND DEFENSE

Burnett has no record of representing Biju John, and to the extent he did not represent this named Plaintiff, Burnett, neither owed nor breached any obligation or duty to same.

THIRD DEFENSE

At all times, Burnett merely acted as attorney for his clients, lawfully representing same, performing the tasks and assignments requested of him, filing lawful and proper petitions, legal applications to the government, and asserting constitutionally guaranteed rights and actions for and on behalf of his clients, which lawful conduct and action in representation of his clients

-2-

cannot serve as the basis for violations of 18 U.S.C. 1589, et seq., or 18 U.S.C. 18 1590, et seq,

and which lawful representations are afforded a common law qualified immunity from liability.

FOURTH DEFENSE

At all times pertinent, Burnett was filing lawful and proper petitions to the United States

government for and on behalf of his clients, which right of petition is guaranteed by the First

Amendment, affording Burnett immunity from statutory liability under 18 U.S.C. 1589, et seq.,

and 18 U.S.C. 18 1590, et seq, for said petitioning conduct, and as such herewith pleads the

doctrine of Noerr-Pennington as a defense to Plaintiffs' First Claim for Relief.

FIFTH DEFENSE

Burnett fully, faithfully, and lawfully fulfilled all contractual obligations to his clients,

and properly filed H-2B applications and extensions for Plaintiffs, with the possible exception

of named Plaintiff, Biju John.

SIXTH DEFENSE

All statements and representations made by Burnett were accurate renditions of

statements and representations he was instructed and authorized to make by Signal in the

performance of his responsibilities as an immigration attorney, for which statements he cannot

personally be held liable for misrepresentation or fraud.

SEVENTH DEFENSE

Plaintiffs have suffered no damages as a result of any action or conduct by Burnett, all

in fact being gainfully employed in the United States at high paying jobs, and have had filed or

will have filed by their respective employers on their behalf applications for permanent residency.

EIGHTH DEFENSE

All state based claims, or that is the Third, Fourth, and Fifth Claim of Plaintiffs' complaint for fraudulent misrepresentation, negligent misrepresentation, and breach of contract, are barred by the statute of limitations, in that the state of Mississippi does not recognize or afford putative class members a tolling of the statute of limitations for state based actions from a federal class action in another state whose class certification was denied under Federal Rule 23, which state law must be applied by federal courts under the Erie doctrine.

NINTH DEFENSE

Plaintiffs have failed to state a claim for relief under any state law upon which relief can be granted as none of the alleged tortuous conduct occurred in the state of Mississippi, or any other state of the United States, and all damages allegedly suffered from such asserted conduct were incurred in either India or the United Arab Emirates.

NINTH DEFENSE

Plaintiffs breached applicable contracts, thereby terminating any further contractual obligations that might otherwise have been due by Burnett, estopping them from making any claims for damages.

TENTH DEFENSE

Burnett pleads misjoinder of parties, of both Plaintiffs and Defendants, pursuant to Rule

21 of the Federal Rules of Civil Procedure.

ELEVENTH DEFENSE

Plaintiffs have failed to state the with particularity the facts and circumstances constituting fraud against Burnett, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

TWELFTH DEFENSE

As to all Plaintiffs and all pertinent allegations against Burnett, Burnett herewith denies all and singularly that he made any representation other than that he would prepare and have filed all H-2B applications and extensions sponsored by Signal, and that at such time as Signal sponsored Plaintiffs for a permanent residency application, that he would prepare such applications for filing.

TWELFTH DEFENSE

At all material times the Burnett Defendants acted lawfully and in good faith and any alleged legal advice rendered was sound, legal and proper.  Burnett denies that any wrongful or illegal acts were committed by any of the defendants as alleged.  However, the Burnett Defendants aver that in the event it shall be determined that any alleged wrongful and/or illegal acts were committed by any defendant, which is denied, at no time did the Burnett Defendants condone, support, authorize, approve of, join in, participate in, or know of any such alleged wrongful or illegal acts.

THIRTEENTH DEFENSE

Plaintiffs cannot recover for any alleged claims or damage stated in the Amended Complaint as plaintiffs' conduct and actions were themselves the cause of any alleged injury or damage; or alternatively, in the event that this Court should find any liability on the part of the Burnett Defendants, which is denied, the Burnett Defendants plead the contributory negligence or comparative fault of plaintiffs which serves as a bar and/or diminution of plaintiffs' recovery. In the further alternative, the Burnett Defendants plead in bar or diminution of recovery the doctrine of assumption of risk and/or volenti non fit inuria.

FOURTEENTH DEFENSE

In the alternative, in the event this Court should find that plaintiffs have suffered any of the damages alleged, which is denied, the Burnett Defendants aver that plaintiffs' damages, if any, were caused or contributed to by other persons or parties for whose actions the Burnett Defendants are not legally responsible.

FIFTEENTH DEFENSE

Plaintiffs have failed to mitigate their alleged damages so that any alleged recovery sought herein should be reduced or be precluded entirely.

SIXTEENTH DEFENSE

Any damages suffered by plaintiffs (all of which are denied) must be offset by the benefits and income they received from Signal and/or which they could have received had they not left Signal's employ or performed such acts which caused the termination of employment

with Signal; and/or which they have otherwise received while working in the United States.

SEVENTEENTH DEFENSE

The Plaintiffs seek relief to which they are not entitled, including, but not limited to punitive damages.

EIGHTEENTH DEFENSE

Plaintiffs' claims are barred or reduced by the doctrine in pari delicto, in that plaintiffs, in direct contravention of specific instructions by Burnett, have asserted that they deliberately and knowingly lied and made false statements to American consular officials in order to obtain work visas to the United States.  If that is proved, then plaintiffs' RICO claims are barred under said doctrine; to-wit: as a result of their own conscious and knowing actions, plaintiffs bear at least substantially equal responsibility for the violations they seek to redress via RICO.  Their own culpability was a cause-in-fact and proximate cause of the alleged violations.  Not only would none of the alleged violations have occurred without this culpability, it was a direct rather than a remote cause of any alleged violations.  Therefore, many, if not all, of the plaintiffs' claims are barred by their own delictual responsibility.  It is specifically averred that at no time did the Burnett Defendants know of any such alleged misrepresentations by plaintiffs.  Nor did the Burnett Defendants advise or counsel any of the plaintiffs or any other party to make or cause any such alleged misrepresentations to any person or agency or party.  Nor did the Burnett Defendants make any statement to any agency or party that was false or known to be false when made.  To the contrary, those Indians with whom Burnett met, he instructed them to answer

any questions put to them in an honest and truthful manner.   Nor did the Burnett Defendants authorize any other person to instruct or counsel any Indian applicant to lie or intentionally make false statements to the American consular officials.

NINETEENTH DEFENSE

All forms, petitions, applications and other documents prepared and filed by Burnett were in full accord with all federal, state, or local laws and regulations, were completely proper under said laws and regulations, and cannot serve as the basis for any claims of fraud or misrepresentation.

TWENTIETH DEFENSE

At not time did the Burnett Defendants knowingly engage in a pattern of racketeering activity, engage with any enterprise involved in racketeering activity, promote the enterprise of any association engaged in racketeering activity, or threaten anyone with the continuation of, much less the initiation of, any enterprise engaged in criminality.  The Burnett Defendants are not, nor have they ever been organized for any immoral, unlawful or illicit purpose.  The Burnett Defendants have never knowingly used any unlawful tactic or practice to further its business or satisfy its business needs.

TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred under the doctrine of unclean hands.

TWENTY-SECOND DEFENSE

The doctrine of res judicata, collateral estoppel, and/or issue preclusion prevent Plaintiffs

from asserting the claims set forth herein.

TWENTY-THIRD DEFENSE

The actions for which Plaintiffs seek recovery resulted from the unilateral actions of government entities, agents, agencies, or employees over which defendants had no control.

TWENTY-FOURTH DEFENSE

Plaintiffs claims are barred because they resulted from government action unrelated to the actions of any defendant.  Moreover, Plaintiffs assumed the risk that the US Government may deny or refuse to extend applications.

TWENTY-FIFTH DEFENSE

Plaintiffs' damages were caused in whole or in part by third parties other than the Burnett Defendants, and/or by their own conduct or actions, over which Burnett had no control.

TWENTY-SIXTH DEFENSE

Burnett performed the services he contracted to provide, earned the fee charged, and as such, as well as under the specific provisions of the contracts with Plaintiffs, Plaintiffs are not entitled to a refund from the Burnett Defendants.

TWENTY-SEVENTH DEFENSE

Plaintiffs voluntarily, after due consideration, knowingly and consciously entered into contracts with Burnett, being fully aware of all risks attendant in entering into such contracts, including but not limited to those of traveling to the United States for work, that there was no guarantee or assurance that the United States would issue either temporary or permanent work

visas, or that any employment in the United States would be totally satisfactory.

TWENTY-EIGHTH DEFENSE

And now more particularly answering the assertions and allegations of Plaintiffs'

complaint, Burnett avers as follows.

1.      Burnett objects to the conclusory and argumentative assertions of paragraph 1 of

Plaintiffs complaint, phrased solely to inflame prejudice and passion against Defendants,

including Burnett, and as such appear to require no answer on behalf of Burnett.  To the extent

any of the assertions can be deemed an allegation against Burnett, same are denied all and

singularly.   Beyond legal representation of Signal in the preparing and filing of immigration

related documents to allow Plaintiffs to legally enter the United states to work for Signal, it is

denied that Burnett was an Agent for Signal.

2.      The statements contained in paragraph 2 of plaintiffs' complaint appear to be Plaintiffs'

statement of intent, and require no answer on behalf of Burnett.  To the extent an answer is

deemed necessary, any and all allegations of unlawful and fraudulent behavior are denied.

3.      The allegations of paragraph 3 of Plaintiffs' complaint appear to require no answer on

behalf of Burnett.  To the extent an answer is deemed necessary the assertions are believed for

the most part by Burnett to be true.

4.      The allegations of paragraph 4 of Plaintiffs' complaint are denied, except to admit that

Burnett was contacted by Pol, whose company, Global Resources, had contracted with Signal,

and was requested to file on behalf of Plaintiffs any necessary and proper documents, petitions,

and applications so that Plaintiffs could legally obtain admittance to the United States for work.

5.     Burnett objects to the inflammatory, baseless, and conclusory assertions of paragraph 5 of Plaintiffs' complaint, which serve no purpose herein other than to inflame passion and prejudice against Defendants, and move that same be stricken as in violation of Rule 8 of the Federal Rules of Civil Procedure.  Although said conclusory and argumentative assertions do not appear to specifically involve Burnett, the inference of any improper or illegal conduct is denied all and singularly.

6.     The assertions of paragraph 6 of Plaintiffs' complaint appear to be directed toward the Signal defendants.  To the extent any are directed toward Burnett, Burnett denies same, and denies any and all inferences of improper or illegal conduct.

7.     To the extent that the assertions of paragraph 7 of Plaintiffs Amended Complaint suggest, assert, or infer any illegal or improper conduct by Burnett, same are denied all and singularly. To the extent said assertions are that Burnett made any determinations or decisions as to why H-2B visas would be sought or when Signal may or may not be able to sponsor Plaintiffs for permanent residency, same are denied.   It is specifically denied that applications or petitions for H-2B visas and petitions or applications for I-140s would ever be filed "simultaneously".

8.     Burnett objects to the self-serving, and argumentative statements of paragraph 8 of Plaintiffs' complaint, as being in contravention of Rule 8 of the Federal Rules of Civil Procedure, and move that they be stricken.  To the extent an answer is deemed necessary, same are denied.

9.     Burnett objects to the inflammatory, conclusory, and argumentative statements of

paragraph 9 of Plaintiffs' complaint and move that they be stricken.  To the extent an answer is deemed necessary, same are denied.

10.     Burnett objects to the conclusory and self-serving statements of paragraphs 10 and 11 of Plaintiffs' Second Amended Complaint and move that they be stricken.  To the extent an answer is deemed necessary, same are denied.

11.     Burnett objects to the inflammatory, conclusory, and argumentative assertions in paragraphs 12, through 23 of Plaintiffs Seconded Amended Complaint, and that same are irrelevant and inadmissible to the claims asserted by these Plaintiffs, and move that they be stricken.  The allegations contained in said paragraphs, to the extent directed toward Burnett, are denied.   As to all other Defendants, same are denied for lack of information on which to base a belief.

12.     The assertions of paragraphs 24, 25, and 26 of Plaintiffs' complaint are conclusions of law, which appear to require no answer.  To the extent an answer is required, the assertions are denied as being incomplete, inaccurate, and incorrect statements of law.

13.     The allegations of paragraph 27 and 28 of Plaintiffs' complaint are denied except to admit as to the jurisdiction of this Court over the subject matter and jurisdiction over the person of Burnett.

14.     The allegations of paragraph 29 of Plaintiffs' Second Amended Complaint are denied.

15.     Burnett objects to the conclusory, argumentative, and self-serving statements of paragraph 30 of Plaintiffs Second Amended Complaint, and move that same be stricken.  To the

-12-

extent the allegations are that Burnett conducted any of the activities alleged therein, same are denied.  All other allegations are denied for lack of information on which to justify a belief.

16.     The allegations of paragraphs 31 through and including paragraph 77 of Plaintiffs' Second Amended Complaint are denied for lack of information on which to justify a belief as to the dates when each Plaintiff may have been recruited, and the exact date when each Plaintiff may have physically arrived in the United States.

17.     The allegations of paragraphs 78 through and including paragraph 82 of the Second Amended Complaint do not appear to require an answer on behalf Burnett.  To the extent an answer is deemed necessary, same are denied for lack of information on which to justify a belief.

18.     The allegations of paragraphs 83 are denied., except to admit that Malvern C. Burnett maintains a small satellite office in Ocean Springs, Mississippi.

19.     The allegations of paragraph 84 of the Second Amended Complaint are admitted, except to deny that the Law Offices of Malvern C. Burnett, A.P.C. that once maintained an office in Ocean Springs, Mississippi.

20.     The allegations of paragraph 85 of the Second Amended Complaint are admitted, except to deny that Gulf Coast Immigration Law Center maintains an office in Ocean Springs, Mississippi, and that Burnett, the Burnett Law Offices and the Gulf Coast Immigration operated as a joint venture and/or alter egos.

21.     The allegations of paragraphs 86 and 87 of the Second Amended Complaint are denied.  Beyond a limited contract for specific legal work on behalf of Signal, it is denied that Burnett

-13-

was ever an Agent for Signal, spoke for Signal, or had the power and authority to bind Signal.

22.      The allegations of paragraphs 88 through 91 of the Second Amended Complaint, as well as those contained in the preamble to these paragraphs, are denied for lack of information on which to justify a belief.

23.      The allegations of paragraphs 92 of the Second Amended Complaint are denied, except to admit that Burnett entered into a limited and specific contract for legal work on behalf of Signal in 2006, and that, as allowed under then USCIS regulations, the applicants would remain responsible for any attendant legal fees for the preparation of H-2B applications and extensions.


24.      The allegations of paragraph 93 of the Second Amended Complaint as to Burnett are denied.   Beyond a limited contract for specific legal work on behalf of Signal, it is denied that Burnett was an Agent for Signal, spoke for Signal, or had the power and authority to bind Signal.

25.       As to Burnett, the allegations of paragraph 94 and 95 of the Second Amended Complaint are denied.  As to any other Defendant the allegations are denied for lack of information on which to justify a belief.   Beyond a limited contract for specific legal work on behalf of Signal, it is denied that Burnett was an Agent for Signal, spoke for Signal, or had the power and authority to bind Signal.

26.      Burnett objects to the self-serving and argumentative statements found in paragraph 96, of the Second Amended Complaint.  As to Burnett, the allegations of paragraph 96 are denied. As to any other Defendant the allegations are denied for lack of information on which to justify

a belief.   Beyond limited and specific filing of necessary and proper forms to allow Plaintiffs to legally enter the United States to work for of Signal, it is denied that Burnett was an Agent for Signal, spoke for Signal, or had the power and authority to bind Signal.

27.     The allegations of paragraph 97 are denied, except to admit that Burnett did perform the necessary work for obtaining H-2B visas and extensions for Plaintiffs to legally enter into and remain in the United States, and that Signal had agreed to sponsor Plaintiffs for permanent residency after the last H-2B extension had been filed.  Beyond a limited and specific filing of necessary and proper forms to allow Plaintiffs to legally enter the United States to work for of Signal, it is denied that Burnett was an Agent for Signal, spoke for Signal, or had the power and authority to bind Signal.

28.     As to Burnett, the allegations of paragraph 98 of Plaintiffs' Second Amended Complaint are denied.  As to any other Defendant the allegations are denied as written, and further denied for lack of information on which to justify a belief.

29.     The allegations of paragraph 99  of Plaintiffs' Second Amended Complaint appear to require no answer on behalf of Burnett.  To the extent an answer is deemed necessary, same are denied as written, except to admit that some Signal employees did travel to India on occasion.

30.     Burnett objects to the self-serving and argumentative statements of paragraph 100 of Plaintiffs' Second Amended Complaint and move that they be stricken.  As to Burnett, the allegations of this paragraph are denied.  As to other Defendants same are denied for lack of information on which to justify a belief.

-15-

31.     The allegations of paragraphs 101 through 106, and 108 of Plaintiffs' Second Amended Complaint, as well as the allegations of the preamble to these paragraphs, are denied.

32.     The allegations of paragraphs 107, 109, and 110 do not concern Burnett, and as such appear to require no answer by Burnett.  To the extent an answer is deemed necessary, same are denied for lack of information on which to justify a belief, .

33.     As to Burnett, the allegations of paragraphs 92 and 94 are denied.  As to all other Defendants same are denied for lack of information on which to justify a belief, except to admit that at some point in time each Plaintiff obviously boarded a flight to the United States.

34.     The allegations of paragraphs 111 through and including paragraph 154 of Plaintiffs' Second Amended Complaint, including all allegations contained in preambles to those paragraphs, do not concern Burnett, and as such, do not appear to require an answer by Burnett. To the extent an answer is deemed necessary, same are denied for lack of information on which to justify a belief.

35.     As to Burnett, the allegations of paragraphs 155 through and including 166 of Plaintiffs' Second Amended Complaint and the allegations of the preamble to said paragraphs  are denied, except to admit that on occasion Burnett was requested to again explain to workers at signal's facility the process to which they had agreed that was explained to Plaintiffs while they were in India and the United Arab Emirates.  As to all other Defendants same are denied for lack of information on which to justify a belief.

36.     The allegations contained in paragraphs 184 through and including paragraph 187, as

well as the preambles to those paragraphs,  are denied, except to admit that Burnett did prepare

H-2B applications and extensions for Plaintiffs, with the possible exception of BiJu John, in full

compliance with all then USCIS regulations, and that under said regulations, applicants for an

H-2B visa can be eligible file an application for permanent residency.

37.    Burnett objects to the argumentative, conclusory, and inflammatory statements in these

paragraphs 188 through and including 193 of Plaintiffs' Second Amended Complaint, and that

same involve incidents that are inadmissible and irrelevant to Plaintiffs' claims, and move that

they be stricken.  Burnett denies the inference, suggestion, and allegations of any deception,

concealment, conflict of interest, or dishonest conduct by Burnett asserted in these paragraphs,

except to admit that under Rules of Professional Conduct for at least the states of Mississippi and

Louisiana, an attorney-client relationship between Burnett and Dewan and Pol likely developed,

although no formal retainer agreement or attorney employment contract was executed.

However, Burnett denies the inference, suggestion, and assertion of any deception, concealment

or conflict of interest, or that Plaintiffs had any need to approve any such attorney client

relationship, or that any conduct on his part violated the rules of Professional Conduct of the

state of Mississippi or Louisiana.

38.    The allegations as to Burnett of paragraphs 194 through and including paragraph 635 of

Plaintiffs' Second Amended Complaint, including the preamble to these paragraphs, are denied,

 except to admit that Burnett represented that he would prepare and have filed all H-2B

applications and extensions, and that at such time as Signal sponsored Plaintiffs for a permanent

-17-

residency application, that he would prepare such applications for filing.  As to all other

Defendants the allegations of fact are denied for lack of information on which to justify a belief.

39.      The allegations of paragraph 636 appear to require no answer on behalf of Burnett, to the

extent an answer is deemed necessary, Burnett re-avers and incorporates in response thereto

each and every defense, and response to the previous paragraphs of Plaintiffs' Second Amended

Complaint.

40.      The allegations of paragraph 637 appear to require no answer on behalf of Burnett.  To

the extent an answer is deemed necessary, it is admitted that Plaintiffs have brought their First

Claim for Relief against all Defendants.

41.      The allegations of paragraph 638 appear to require no answer on behalf of Burnett, being

but a conclusion of law.  To the extent an answer is deemed necessary, the allegations are denied

as to Burnett, being an improper conclusion of law.

42.      The allegations of paragraph 639 are denied.

43.      As to Burnett, the allegations of paragraphs 640 through and including paragraph 649 are

denied.  As to all other defendants they are denied for lack of information on which to justify

a belief.

44.      The allegations of paragraphs 650 through and including paragraph 663 do not apply to

Burnett.  To the extent an answer is deemed necessary, same are denied for lack of information

on which to justify a belief.

45.      The allegations of paragraphs 664 through and including paragraph 699, including the

preamble to these paragraphs, are denied.

46.    Burnett denies the allegations contained in Plaintiffs' prayer and denies that Plaintiffs are entitled to the relief requested.

WHEREFORE,  MALVERN C. BURNETT, THE LAW OFFICES OF MALVERN C. BURNETT, A.P.C. , AND THE GULF COAST IMMIGRATION LAW CENTER, L.L.C., pray that this answer be deemed good and sufficient, and that they be relieved of further answer, and that after due proceedings had there be judgment in their favor and against Plaintiffs.

MALVERN C. BURNETT, THE LAW OFFICES OF MALVERN C. BURNETT, A.P.C. , AND THE GULF COAST IMMIGRATION LAW CENTER, L.L.C., further pray for all just and equitable relief to which they may be entitled, and for trial by jury.

Respectfully submitted,

 s/  Timothy W.  Cerniglia
Timothy W. Cerniglia (LA Bar# 03964)
1521 St. Charles Avenue
New Orleans, Louisiana 70130
Office: 504-586-0555
Facsimile: 504-586-0550

BURAS LAW FIRM, LLC
Daniel E. Buras, Jr. (#26226)
301 N Columbia St.
Covington, LA 70433
Telephone:     985-306-1769
Facsimile:      888-383-4079

COUNSEL FOR Malvern Burnett,
Gulf Coast Immigration Law

Center, LLC and the Law Offices of
Malvern C. Burnett, A.P.L.C.


CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on counsel of record for Plaintiffs

electronically through this Court's EM/ECF system, this 24th day of August, 2014


s/Timothy W. Cerniglia