UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

KURIAN DAVID, et al.       CIVIL ACTION No. 08-1220
     Plaintiffs
VERSUS

SIGNAL INTERNATIONAL, LLC, et al.,   SECTION "E"
     Defendants


EQUAL EMPLOYMENT OPPORTUNITY   CIVIL ACTION No. 12-557
COMMISSION,
     Plaintiff
VERSUS

SIGNAL INTERNATIONAL, LLC, et al.,   SECTION "E"
     Defendants


LAKSHMANAN PONNAYAN ACHARI, et al.,  CIVIL ACTION No.  13-6218
     Plaintiffs    (c/w 13-6219, 13-6220, 13- 6221)
VERSUS


SIGNAL INTERNATIONAL, LLC, et al.,   SECTION "E"
     Defendants
Applies To: Chakkiyattil v. Signal**, No. 13-6219**:


ANSWER OF MALVERN C. BURNETT, THE LAW OFFICES OF MALVERN C. BURNETT,
A.P.C., AND GULF COAST IMMIGRATION LAW CENTER, L.L.C.
TO FIRST AMENDED COMPLAINT

Now comes Malvern C. Burnett, The Law Offices of Malvern C. Burnett, A.P.C. , and the

Gulf Coast Immigration Law Center, L.L.C., hereinafter referred to collectively as "Burnett, who

in response to the Second Amended Complaint of the above captioned matter herewith makes

the following objections, defenses, and answer.

GENERAL OBJECTION TO COMPLAINT.

Burnett objects to the complaint as being in violation of Rule 8 of the Federal Rules of Civil Procedure, in that it does not contain a short and plain statement of claims, but rather a 123 page, 623 paragraph narrative, being essentially argument of counsel, replete with conclusory, inflammatory, and superfluous statements designed solely to inflame, and engender passion and prejudice against defendants, including Burnett, and containing several erroneously portrayed events, which events, even if correctly described, are irrelevant and inadmissible to the claims asserted by these Plaintiffs against Burnett.

FIRST DEFENSE

The assertions and allegations of Plaintiffs' Second Amended Complaint, including the four Claims for Relief against Burnett, fail to state a claim against Burnett upon which relief can be granted.

SECOND DEFENSE

At all times, Burnett merely acted as attorney for his clients, lawfully representing same, performing the tasks and assignments requested of him, filing lawful and proper petitions, legal applications to the government, and asserting constitutionally guaranteed rights and actions for and on behalf of his clients, which lawful conduct and action in representation of his clients cannot serve as the basis for violations of 18 U.S.C. 1589, et seq., or 18 U.S.C. 18 1590, et seq, and which lawful representations are afforded a common law qualified immunity from liability.

-2-

THIRD DEFENSE

At all times pertinent, Burnett was filing lawful and proper petitions to the United States government for and on behalf of his clients, which right of petition is guaranteed by the First Amendment, affording Burnett immunity from statutory liability under 18 U.S.C. 1589, et seq., and 18 U.S.C. 18 1590, et seq, for said petitioning conduct, and as such herewith pleads the doctrine of Noerr-Pennington as a defense to Plaintiffs' First Claim for Relief.

FOURTH DEFENSE

Burnett fully, faithfully, and lawfully fulfilled all contractual obligations to his clients, and properly filed H-2B applications and extensions for Plaintiffs.

FIFTH DEFENSE

All statements and representations made by Burnett were accurate renditions of statements and representations he was instructed and authorized to make by Signal in the performance of his responsibilities as an immigration attorney, for which statements he cannot personally be held liable for misrepresentation or fraud.

SIXTH DEFENSE

Plaintiffs have suffered no damages as a result of any action or conduct by Burnett, all in fact being gainfully employed in the United States at high paying jobs, and have had filed or will have filed by their respective employers on their behalf applications for permanent residency.

-3-

SEVENTH DEFENSE

All state based claims, or that is the Third, Fourth, and Fifth Claim of Plaintiffs' Second Amended Complaint for fraudulent misrepresentation, negligent misrepresentation, and breach of contract, are barred by the statute of limitations, in that neither the state of Mississippi or the state of Louisiana recognizes or affords putative class members a tolling of the statute of limitations for state based actions from a federal class action in another state whose class certification was denied under Federal Rule 23, which state law must be applied by federal courts under the Erie doctrine.

EIGHTH DEFENSE

Plaintiffs have failed to state a claim for relief under any state law upon which relief can be granted as none of the alleged tortuous conduct occurred in the state of Mississippi, or any other state of the United States, and all damages allegedly suffered from such asserted conduct were incurred in either India or the United Arab Emirates.

NINTH DEFENSE

Plaintiffs breached applicable contracts, thereby terminating any further contractual obligations that might otherwise have been due by Burnett, estopping them from making any claims for damages.

TENTH DEFENSE

Burnett pleads misjoinder of parties, of both Plaintiffs and Defendants, pursuant to Rule 21 of the Federal Rules of Civil Procedure.

ELEVENTH DEFENSE

Plaintiffs have failed to state the with particularity the facts and circumstances constituting fraud against Burnett, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

TWELFTH DEFENSE

As to all Plaintiffs and all pertinent allegations against Burnett, Burnett herewith denies all and singularly that he made any representations other than those authorized and directed to by Signal, which was that he would prepare and have filed all H-2B applications and extensions sponsored by Signal, and that at such time as Signal sponsored Plaintiffs for a permanent residency application, that he would prepare and file such applications.

THIRTEENTH DEFENSE

At all material times the Burnett Defendants acted lawfully and in good faith and any alleged legal advice rendered was sound, legal and proper.  Burnett denies that any wrongful or illegal acts were committed by any of the defendants as alleged.  However, the Burnett Defendants aver that in the event it shall be determined that any alleged wrongful and/or illegal acts were committed by any defendant, which is denied, at no time did the Burnett Defendants condone, support, authorize, approve of, join in, participate in, or know of any such alleged wrongful or illegal acts.

FOURTEENTH DEFENSE

Plaintiffs cannot recover for any alleged claims or damage stated in the Amended Complaint as plaintiffs' conduct and actions were themselves the cause of any alleged injury or damage; or alternatively, in the event that this Court should find any liability on the part of the Burnett Defendants, which is denied, the Burnett Defendants plead the contributory negligence or comparative fault of plaintiffs which serves as a bar and/or diminution of plaintiffs' recovery. In the further alternative, the Burnett Defendants plead in bar or diminution of recovery the doctrine of assumption of risk and/or volenti non fit inuria.

FIFTEENTH DEFENSE

In the alternative, in the event this Court should find that plaintiffs have suffered any of the damages alleged, which is denied, the Burnett Defendants aver that plaintiffs' damages, if any, were caused or contributed to by other persons or parties for whose actions or conduct the Burnett Defendants had no control and for which they are not legally responsible.

SIXTEENTH DEFENSE

Plaintiffs have failed to mitigate their alleged damages so that any alleged recovery sought herein should be reduced or be precluded entirely.

SEVENTEENTH DEFENSE

Any damages suffered by Plaintiffs (all of which are denied) must be offset by the benefits and income they received from Signal and/or which they could have received had they not left Signal's employ or performed such acts which caused the termination of employment

with Signal; and/or which they have otherwise received while working in the United States.

EIGHTEENTH DEFENSE

The Plaintiffs seek relief to which they are not entitled, including, but not limited to punitive damages.

NINETEENTH DEFENSE

Plaintiffs' claims are barred or reduced by the doctrine <u>in pari delicto</u>, in that plaintiffs, in direct contravention of specific instructions by Burnett, have asserted that they deliberately and knowingly lied and made false statements to American consular officials in order to obtain work visas to the United States.  Their own culpability was a cause-in-fact and proximate cause of the alleged violations.  Not only would none of the alleged violations have occurred without this culpability, it was a direct rather than a remote cause of any alleged violations.  Therefore, many, if not all, of the plaintiffs' claims are barred by their own delictual responsibility.  It is specifically averred that at no time did the Burnett Defendants know of any such alleged misrepresentations by plaintiffs.  Nor did the Burnett Defendants advise or counsel any of the plaintiffs or any other party to make or cause any such alleged misrepresentations to any person or agency or party.  Nor did the Burnett Defendants make any statement to any agency or party that was false or known to be false when made.  To the contrary, those Indians with whom Burnett met, were instructed by him to answer any questions put to them in an honest and truthful manner.   Nor did the Burnett Defendants authorize any other person to instruct or counsel any Indian applicant to lie or intentionally make false statements to the American

-7-

consular officials.

TWENTIETH DEFENSE

All forms, petitions, applications and other documents prepared and filed by Burnett were in full accord with all federal, state, or local laws and regulations, were completely proper under said laws and regulations, and cannot serve as the basis for any claims of fraud or misrepresentation.

TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred under the doctrine of unclean hands.

TWENTY-SECOND DEFENSE

The doctrine of res judicata, collateral estoppel, and/or issue preclusion prevent Plaintiffs from asserting the claims set forth herein.

TWENTY-THIRD DEFENSE

The actions for which Plaintiffs seek recovery resulted from the unilateral actions of government entities, agents, agencies, or employees over which defendants had no control.

TWENTY-FOURTH DEFENSE

Plaintiffs claims are barred because they resulted from government action unrelated to the actions of any defendant.  Moreover, Plaintiffs assumed the risk that the US Government may deny or refuse to extend applications.

TWENTY-FIFTH DEFENSE

Plaintiffs' damages were caused in whole or in part by third parties other than the

Burnett Defendants, and/or by their own conduct or actions, over which Burnett had no control.

TWENTY-SIXTH DEFENSE

Burnett performed the services he contracted to provide, earned the fee charged, and as such, as well as under the specific provisions of the contracts with Plaintiffs, Plaintiffs are not entitled to a refund from the Burnett Defendants.

TWENTY-SEVENTH DEFENSE

Plaintiffs voluntarily, after due consideration, knowingly and consciously entered into contracts with Burnett, being fully aware of all risks attendant in entering into such contracts, including but not limited to those of traveling to the United States for work, that there was no guarantee or assurance that the United States would issue either temporary or permanent work visas, or that any employment in the United States would be totally satisfactory.

TWENTY-EIGHTH DEFENSE

And now more particularly answering the assertions and allegations of Plaintiffs' complaint, Burnett avers as follows.

1.    Burnett objects to the conclusory and argumentative assertions of paragraphs 1 and 2 of Plaintiffs Second Amended Complaint, phrased solely to inflame prejudice and passion against Defendants, including Burnett, and as such appear to require no answer on behalf of Burnett. To the extent any of the assertions can be deemed an allegation against Burnett, same are denied all and singularly.

2.    The statements contained in paragraph 3 of plaintiffs' First Amended Complaint appear

-9-

to be Plaintiffs' statement of intent, and require no answer on behalf of Burnett.  To the extent an answer is deemed necessary, any and all allegations against Burnett of tortuous, unlawful or fraudulent behavior are denied.

3.      The allegations of paragraph 4 of Plaintiffs' First Amended Complaint are denied, except to admit that Burnett lawfully and properly prepared H-2B visas so that Plaintiffs could legally enter the United States, and thereafter filed extensions, and at the time Plaintiffs were sponsored by Signal for I-140s, as per the statements of Signal, would prepare and file same.

4.      The allegations of paragraphs 5 through and including paragraph 32 of Plaintiffs' First are denied for lack of information on which to justify a belief, except to admit that Plaintiffs all legally entered the United States at some point under valid H-2B visas.


5.      The allegations of paragraphs 33 through and including paragraph 40 of the First Amended Complaint do not appear to require an answer on behalf Burnett.  To the extent an answer is deemed necessary, same are denied for lack of information on which to justify a belief.

6.      The allegations of paragraphs 41 are denied, except to admit that Malvern C. Burnett maintains a small satellite office in Ocean Springs, Mississippi.

7.      The allegations of paragraph 42 of the First Amended Complaint are admitted, except to deny that the Law Offices of Malvern C. Burnett, A.P.C. maintained an office in Ocean Springs, Mississippi.

8.      The allegations of paragraph 43 of the First Amended Complaint are admitted, except to

deny that Gulf Coast Immigration Law Center maintains an office in Ocean Springs, Mississippi, and that Burnett, the Burnett Law Offices and the Gulf Coast Immigration operated as a joint venture and/or alter egos.

9.      The allegations of paragraph 44 of the First Amended Complaint are denied, except to admit that Burnet represented Plaintiffs for the express and sole purpose of preparing and filing H-2B visas to allow them to lawfully enter the United States, file any necessary extensions, and to prepare and file I-140 petitions as such time as Signal would sponsor them for such.

10.     The allegations of paragraphs 45 and 46 of the First Amended Complaint are denied, except to admit that as the immigration attorney who was to prepare necessary immigration papers and documents for Signal and/or J & M so that foreign workers could legally enter the United, made such statements and representations, and took such actions as authorized and directed by Signal and/or J & M.

11.     The allegations of paragraph 47 of the First Amended Complaint are conclusions of law, and do not appear to require an answer by Burnett.  To the extent an answer is deemed necessary, it is admitted that this Court has jurisdiction over the subject matter of this suit.

12.     The allegations as to other Defendants of paragraphs 48 through paragraph 52 of the First Amended Complaint are denied for lack of information on which to justify a belief.

13.     The allegations of paragraphs 53 through 55 of the First Amended Complaint are denied, except to admit that Burnett is subject to the personal jurisdiction of this Court.

14.     The allegations of paragraph 56 of the First Amended Complaint are denied, except to

admit that venue of this matter is proper in this Court.

15.    The allegations as to Burnett of paragraphs 57 through paragraph 78 of the First Amended Complaint are denied as written, except to admit that Burnett made accurate and truthful statements and representations, and undertook all obligations at that time to begin the process necessary for the filing of I-140 petitions that J & M had agreed to sponsor.

16.    The allegations as to Burnett of paragraphs 79 through paragraph 89 of the First Amended Complaint are denied, except to admit that as an immigration attorney Burnett agreed to properly prepare all necessary immigration documents, applications, and petitions so that unnamed workers could legally migrate to the United States under legal and proper H-2B visas to work for Signal, and to that end made truthful and accurate statements and representations to potential workers as to the process and agreements authorized by Signal, and that at such time as Signal would sponsor any of these workers for I-140 petitions that he would prepare and file such.

17.    The allegations of  paragraph 90 of the First Amended Complaint are denied, except to admit that sometime around May or June of 2006, Burnett, on behalf of Signal, prepared and submitted to the Mississippi Department of Employment and the United States Department of Labor completed forms ETA 750 and attachments (the "ETA 750 forms") seeking to hire a certain number of unnamed foreign welders and fitters specified by Signal for Signal,  under the provisions of 8 U.S.C. § 1101(a)(15)(H)(ii)(b), and attendant regulations.

18.    The allegations of  paragraphs 91 through paragraph 93 of the First Amended Complaint

-12-

appear to be conclusions of law, and as such require no answer on behalf of Burnett. To the extent an answer is deemed necessary, same are denied as being incomplete, inaccurate, and misleading inferences of law.

19.     The allegations of paragraphs 94 through paragraph 97 of the First Amended Complaint are incomplete, inaccurate, and misleading inferences of fact, which, as such, Burnett denies, except to admit that all forms were properly and accurately prepared and said forms are the best evidence of their content.

20.     The allegations of paragraph 98 of the First Amended Complaint are denied, except to admit that on dates in late 2006 the U.S. Labor Department approved the labor certifications filed.

21.     The allegations of paragraphs 99 through paragraph 102 of the First Amended Complaint are denied, except to admit that on dates in mid to late 2006 Burnett, on behalf of Signal, filed with the U.S. Citizenship and Immigration Service ("USCIS") properly and accurately prepared and filed I-129 forms and attachments seeking 590 H-2B visas for a certain number of unnamed Indian welders and fitters as specified by Signal.

22.     The allegations of paragraphs 103 through paragraph 112 of the First Amended Complaint are denied, except to admit that Burnett did meet with and properly, honestly, and ethically prepared many Indian workers for their interview with the U.S. consulate, always instructing said applicants to answer all questions honestly.

23.     The allegations of paragraph 113 of the First Amended Complaint are admitted.

24.     The allegations of paragraphs 114 through paragraph 125 of the First Amended Complaint are denied for lack of information on which to justify a belief.

25.     The allegations of paragraphs 126 through paragraph 127 of the First Amended Complaint are denied.

26.     The allegations of paragraphs 128 through paragraph 173 of the First Amended Complaint are denied for lack of information ion which to justify a belief, except to deny all and singularly allegations against Burnett.

27.     The allegations as to Burnett of paragraphs 174 through paragraph 181 of the First Amended Complaint, as well as to all conclusory preambles to these paragraphs, are denied.  The allegations as to other Defendants are denied for lack of information on which to justify a belief.

28.     The allegations as to Burnett of paragraphs 182 through paragraph 203 of the First Amended Complaint, as well as to all conclusory preambles to these paragraphs, are denied.  The allegations as to other Defendants are denied for lack of information on which to justify a belief.

29.     The allegations as to Burnett of paragraphs 206 through paragraph 549 of the First Amended Complaint are denied.  The allegations as to other Defendants are denied for lack of information on which to justify a belief.

30.     The allegations of paragraph 550 appear to require no answer on behalf of Burnett, to the extent an answer is deemed necessary, Burnett re-avers and incorporates in response thereto each and every defense, and response to the previous paragraphs of Plaintiffs' First Amended Complaint.

31.     The allegations of paragraph 551 appear to require no answer on behalf of Burnett.  To the extent an answer is deemed necessary, it is admitted that Plaintiffs have brought their First Claim for Relief against all Defendants.

32.     The allegations of paragraph 552 appear to require no answer on behalf of Burnett, being but a conclusion of law.  To the extent an answer is deemed necessary, the allegations are denied as to Burnett, being an improper conclusion of law.

33.     The allegations as to Burnett of paragraphs 553 through paragraph 563 of the First Amended Complaint are denied.  The allegations as to other Defendants are denied for lack of information on which to justify a belief.

34.     The allegations of paragraphs 564 and 565 of Plaintiffs' First Amended Complaint are denied.

35.     The allegations contained in paragraphs 566 through and including paragraph 580 do not concern Burnett, and as such appear to require no answer by him.  To the extent an answer is deemed necessary, same are denied for lack of information ion which to justify a belief.

36.     The allegations of paragraph 581 appear to require no answer on behalf of Burnett, to the extent an answer is deemed necessary, Burnett re-avers and incorporates in response thereto each and every defense, and response to the previous paragraphs of Plaintiffs' First Amended Complaint.

37.     The allegations of paragraph 582 appear to require no answer on behalf of Burnett.  To

the extent an answer is deemed necessary, it is admitted that Plaintiffs have brought their Third Claim for Relief against all Defendants.

38.     The allegations of paragraph 583 appear to require no answer on behalf of Burnett, being but a conclusion of law.  To the extent an answer is deemed necessary, the allegations are denied as to Burnett, being an improper conclusion of law.

39.     The allegations as to Burnett of paragraphs 584 through paragraph 593 of the First Amended Complaint are denied.  The allegations as to other Defendants are denied for lack of information on which to justify a belief.

40.     The allegations of paragraphs 594 and 595 of Plaintiffs' First Amended Complaint are denied.

41.     The allegations of paragraph 596 appear to require no answer on behalf of Burnett, to the extent an answer is deemed necessary, Burnett re-avers and incorporates in response thereto each and every defense, and response to the previous paragraphs of Plaintiffs' First Amended Complaint.

42.     The allegations of paragraph 597 appear to require no answer on behalf of Burnett.  To the extent an answer is deemed necessary, it is admitted that Plaintiffs have brought this Fourth Claim for Relief against all Defendants.

43.     The allegations of paragraph 598 appear to require no answer on behalf of Burnett, being but a conclusion of law.  To the extent an answer is deemed necessary, the allegations are denied as to Burnett, being an improper conclusion of law.

-16-

44.     The allegations as to Burnett of paragraphs 599 through paragraph 608 of the First Amended Complaint are denied.  The allegations as to other Defendants are denied for lack of information on which to justify a belief.

45.     The allegations of paragraphs 609 and 610 of Plaintiffs' First Amended Complaint are denied.

46.     The allegations of paragraph 611 appear to require no answer on behalf of Burnett, to the extent an answer is deemed necessary, Burnett re-avers and incorporates in response thereto each and every defense, and response to the previous paragraphs of Plaintiffs' First Amended Complaint.

47.     The allegations of paragraph 612 appear to require no answer on behalf of Burnett.  To the extent an answer is deemed necessary, it is admitted that Plaintiffs have brought their Fifth Claim for Relief against all Defendants.

48.     The allegations of paragraph 613 appear to require no answer on behalf of Burnett, being but a conclusion of law.  To the extent an answer is deemed necessary, the allegations are denied as to Burnett, being an improper conclusion of law.

49.     The allegations as to Burnett of paragraphs 614 through paragraph 621 of the First Amended Complaint are denied.  The allegations as to other Defendants are denied for lack of information on which to justify a belief.

50.     The allegations of paragraphs 622 and 623 of Plaintiffs' First Amended Complaint are

-17-

denied.

51.     To the extent deemed necessary, Burnett denies any allegations of fact as to the Burnett Defendants contained in Plaintiffs' Prayer and denies that Plaintiffs are entitled to the relief requested.

WHEREFORE, MALVERN C. BURNETT, THE LAW OFFICES OF MALVERN C. BURNETT, A.P.C., AND THE GULF COAST IMMIGRATION LAW CENTER, L.L.C., pray that this answer be deemed good and sufficient, and that they be relieved of further answer, and that after due proceedings had there be judgment in their favor and against Plaintiffs.

MALVERN C. BURNETT, THE LAW OFFICES OF MALVERN C. BURNETT, A.P.C. , AND THE GULF COAST IMMIGRATION LAW CENTER, L.L.C., further pray for all just and equitable relief to which they may be entitled, and for trial by jury.

Respectfully submitted,

 s/  Timothy W.  Cerniglia
Timothy W. Cerniglia (LA Bar# 03964)
1521 St. Charles Avenue
New Orleans, Louisiana 70130
Office: 504-586-0555
Facsimile: 504-586-0550

BURAS LAW FIRM, LLC
Daniel E. Buras, Jr. (#26226)
301 N Columbia St.
Covington, LA 70433
Telephone:     985-306-1769
Facsimile:     888-383-4079

-18-

COUNSEL FOR Malvern Burnett,
Gulf Coast Immigration Law
Center, LLC and the Law Offices of
Malvern C. Burnett, A.P.L.C.

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on counsel of record for Plaintiffs

electronically through this Court's EM/ECF system, this 28th day of August, 2014

    s/Timothy W.  Cerniglia

-19-