UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KURIAN DAVID, et al.<br>                    Plaintiffs<br>VERSUS | CIVIL ACTION No. 08-1220 |
| SIGNAL INTERNATIONAL, LLC, et al.,<br>                    Defendants | SECTION "E" |
| EQUAL EMPLOYMENT OPPORTUNITY<br>COMMISSION,<br>                    Plaintiff<br>VERSUS | CIVIL ACTION No. 12-557 |
| SIGNAL INTERNATIONAL, LLC, et al.,<br>                    Defendants | SECTION "E" |
| LAKSHMANAN PONNAYAN ACHARI, et al.,<br>                    Plaintiffs<br>VERSUS | CIVIL ACTION No.  13-6218<br>(c/w 13-6219, 13-6220, 13- 6221) |
| SIGNAL INTERNATIONAL, LLC, et al.,<br>                    Defendants<br>Applies To:  Krishanakutty 13-6220; | SECTION "E" |

ANSWER OF MALVERN C. BURNETT, THE LAW OFFICES OF MALVERN C. BURNETT,
A.P.C., AND GULF COAST IMMIGRATION LAW CENTER, L.L.C.
TO FIRST AMENDED COMPLAINT

Now comes Malvern C. Burnett, The Law Offices of Malvern C. Burnett, A.P.C. , and the

Gulf Coast Immigration Law Center, L.L.C., hereinafter referred to collectively as "Burnett, who

in response to the First Amended Complaint of the above captioned matter herewith makes the

following objections, defenses, and answer.

GENERAL OBJECTION TO COMPLAINT.

Burnett objects to the complaint as being in violation of Rule 8 of the Federal Rules of Civil Procedure, in that it does not contain a short and plain statement of claims, but rather a 70 page, 372 paragraph narrative, being essentially argument of counsel, replete with conclusory, inflammatory, and superfluous statements designed solely to inflame, and engender passion and prejudice against defendants, including Burnett, and containing several erroneously portrayed events, which events, even if correctly described, are irrelevant and inadmissible to the claims asserted by these Plaintiffs against Burnett.

FIRST DEFENSE

The assertions and allegations of Plaintiffs' First Amended Complaint, including the Fourth through Tenth Claims for Relief, fail to state a claim against Burnett upon which relief can be granted.

SECOND DEFENSE

Burnett was retained by Indo-Amerisoft to prepare and process I-140 petitions, and was not retained or paid by either Plaintiff.

THIRD DEFENSE

At all times, Burnett merely acted as attorney for his clients, lawfully representing same, performing the tasks and assignments requested of him, filing lawful and proper petitions, legal applications to the government, and asserting constitutionally guaranteed rights and actions for

-2-

and on behalf of his clients, which lawful conduct and action in representation of his clients cannot serve as the basis for violations of 18 U.S.C. 1589, et seq., or 18 U.S.C. 18 1590, et seq, and which lawful representations are afforded a common law qualified immunity from liability.

FOURTH DEFENSE

At all times pertinent, Burnett was filing lawful and proper petitions to the United States government for and on behalf of his clients, which right of petition is guaranteed by the First Amendment, affording Burnett immunity from statutory liability under 18 U.S.C. 1589, et seq., and 18 U.S.C. 18 1590, et seq, for said petitioning conduct, and as such herewith pleads the doctrine of Noerr-Pennington as a defense to Plaintiffs' First Claim for Relief.

FIFTH DEFENSE

Burnett fully, faithfully, and lawfully  fulfilled all contractual obligations to his clients, and properly filed H-2B applications and extensions for Plaintiffs, with the possible exception of named Plaintiff, Biju John.

SIXTH DEFENSE

All statements and representations made by Burnett were accurate renditions of statements and representations he was instructed and authorized to make by Signal in the performance of his responsibilities as an immigration attorney, for which statements he cannot personally be held liable for misrepresentation or fraud.

SEVENTH DEFENSE

Plaintiffs have suffered no damages as a result of any action or conduct by Burnett, all

-3-

in fact being gainfully employed in the United States at high paying jobs, and have had filed or will have filed by their respective employers on their behalf applications for permanent residency.

### EIGHTH DEFENSE

All state based claims, or that is the Fourth through Tenth Claim of Plaintiffs' First Amended Complaint, are barred by the statute of limitations.

### NINTH DEFENSE

Plaintiffs have failed to state a claim for relief under any state law upon which relief can be granted as none of the alleged tortuous conduct occurred in the state of Mississippi, or any other state of the United States, and all damages allegedly suffered from such asserted conduct were incurred in either India or the United Arab Emirates.

### NINTH DEFENSE

Plaintiffs breached applicable contracts, thereby terminating any further contractual obligations that might otherwise have been due by Burnett, estopping them from making any claims for damages.

### TENTH DEFENSE

Burnett pleads misjoinder of parties, of both Plaintiffs and Defendants, pursuant to Rule 21 of the Federal Rules of Civil Procedure.

### ELEVENTH DEFENSE

Plaintiffs have failed to state the with particularity the facts and circumstances

constituting fraud against Burnett, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

TWELFTH DEFENSE

As to all Plaintiffs and all pertinent allegations against Burnett, Burnett herewith denies all and singularly that he made any representation other than that he would prepare and have filed all H-2B applications and extensions sponsored by Signal, and that at such time as Signal sponsored Plaintiffs for a permanent residency application, that he would prepare such applications for filing.

THIRTEENTH DEFENSE

At all material times the Burnett Defendants acted lawfully and in good faith and any alleged legal advice rendered was sound, legal and proper. Burnett denies that any wrongful or illegal acts were committed by any of the defendants as alleged. However, the Burnett Defendants aver that in the event it shall be determined that any alleged wrongful and/or illegal acts were committed by any defendant, which is denied, at no time did the Burnett Defendants condone, support, authorize, approve of, join in, participate in, or know of any such alleged wrongful or illegal acts.

FOURTEENTH DEFENSE

Plaintiffs cannot recover for any alleged claims or damage stated in the Amended Complaint as plaintiffs' conduct and actions were themselves the cause of any alleged injury or damage; or alternatively, in the event that this Court should find any liability on the part of the

Burnett Defendants, which is denied, the Burnett Defendants plead the contributory negligence or comparative fault of plaintiffs which serves as a bar and/or diminution of plaintiffs' recovery. In the further alternative, the Burnett Defendants plead in bar or diminution of recovery the doctrine of assumption of risk and/or volenti non fit inuria.

### FIFTEENTH DEFENSE

In the alternative, in the event this Court should find that plaintiffs have suffered any of the damages alleged, which is denied, the Burnett Defendants aver that plaintiffs' damages, if any, were caused or contributed to by other persons or parties for whose actions the Burnett Defendants are not legally responsible.

### SIXTEENTH DEFENSE

Plaintiffs have failed to mitigate their alleged damages so that any alleged recovery sought herein should be reduced or be precluded entirely.

### SEVENTEENTH DEFENSE

Any damages suffered by plaintiffs (all of which are denied) must be offset by the benefits and income they received from Signal and/or which they could have received had they not left Signal's employ or performed such acts which caused the termination of employment with Signal; and/or which they have otherwise received while working in the United States.

### EIGHTEENTH DEFENSE

The Plaintiffs seek relief to which they are not entitled, including, but not limited to punitive damages.

-6-

NINETEENTH DEFENSE

Plaintiffs' claims are barred or reduced by the doctrine in pari delicto, in that plaintiffs, in direct contravention of specific instructions by Burnett, have asserted that they deliberately and knowingly lied and made false statements to American consular officials in order to obtain work visas to the United States.  If that is proved, then plaintiffs' RICO claims are barred under said doctrine; to-wit: as a result of their own conscious and knowing actions, plaintiffs bear at least substantially equal responsibility for the violations they seek to redress via RICO.  Their own culpability was a cause-in-fact and proximate cause of the alleged violations.  Not only would none of the alleged violations have occurred without this culpability, it was a direct rather than a remote cause of any alleged violations.  Therefore, many, if not all, of the plaintiffs' claims are barred by their own delictual responsibility.  It is specifically averred that at no time did the Burnett Defendants know of any such alleged misrepresentations by plaintiffs.  Nor did the Burnett Defendants advise or counsel any of the plaintiffs or any other party to make or cause any such alleged misrepresentations to any person or agency or party.  Nor did the Burnett Defendants make any statement to any agency or party that was false or known to be false when made.  To the contrary, those Indians with whom Burnett met, he instructed them to answer any questions put to them in an honest and truthful manner.   Nor did the Burnett Defendants authorize any other person to instruct or counsel any Indian applicant to lie or intentionally make false statements to the American consular officials.

TWENTIETH DEFENSE

All forms, petitions, applications and other documents prepared and filed by Burnett were in full accord with all federal, state, or local laws and regulations, were completely proper under said laws and regulations, and cannot serve as the basis for any claims of fraud or misrepresentation.

TWENTY-FIRST DEFENSE

At not time did the Burnett Defendants knowingly engage in a pattern of racketeering activity, engage with any enterprise involved in racketeering activity, promote the enterprise of any association engaged in racketeering activity, or threaten anyone with the continuation of, much less the initiation of, any enterprise engaged in criminality.  The Burnett Defendants are not, nor have they ever been organized for any immoral, unlawful or illicit purpose.  The Burnett Defendants have never knowingly used any unlawful tactic or practice to further its business or satisfy its business needs.

TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred under the doctrine of unclean hands.

TWENTY-THIRD DEFENSE

The doctrine of res judicata, collateral estoppel, and/or issue preclusion prevent Plaintiffs from asserting the claims set forth herein.

TWENTY-FOURTH DEFENSE

The actions for which Plaintiffs seek recovery resulted from the unilateral actions of

government entities, agents, agencies, or employees over which defendants had no control.

### TWENTY-FIFTH DEFENSE

Plaintiffs claims are barred because they resulted from government action unrelated to the actions of any defendant.  Moreover, Plaintiffs assumed the risk that the US Government may deny or refuse to extend applications.

### TWENTY-SIXTH DEFENSE

Plaintiffs' damages were caused in whole or in part by third parties other than the Burnett Defendants, and/or by their own conduct or actions, over which Burnett had no control.

### TWENTY-SEVENTH DEFENSE

Burnett performed the services he contracted to provide, earned the fee charged, and as such, as well as under the specific provisions of the contracts with Plaintiffs, Plaintiffs are not entitled to a refund from the Burnett Defendants.

### TWENTY-EIGHTH DEFENSE

Plaintiffs voluntarily, after due consideration, knowingly and consciously entered into contracts with Burnett, being fully aware of all risks attendant in entering into such contracts, including but not limited to those of traveling to the United States for work, that there was no guarantee or assurance that the United States would issue either temporary or permanent work visas, or that any employment in the United States would be totally satisfactory.

### TWENTY-NINTH DEFENSE

And now more particularly answering the assertions and allegations of Plaintiffs'

complaint, Burnett avers as follows.

1.      Burnett objects to the conclusory and argumentative assertions of paragraphs 1 through paragraph 7 of Plaintiffs' First Amended Complaint, phrased solely to inflame prejudice and passion against Defendants, including Burnett, and as such appear to require no answer on behalf of Burnett.  To the extent any of the assertions can be deemed an allegation against Burnett, same are denied all and singularly.  Beyond legal representation of Signal in the preparing and filing of immigration related documents to allow Plaintiffs to legally enter the United States to work for Signal, it is denied that Burnett was an Agent for Signal.

2.      The statements contained in paragraph 8 through 11 of plaintiffs' First Amended Complaint  do not appear to concern allegations against Burnett, and as such, do appear to require an answer on behalf of Burnett.  To the extent an answer is deemed necessary, same are denied for lack of information on which to justify a belief.

3.      The allegations of paragraph12 and 13 of Plaintiffs' First Amended Complaint are denied except to admit as to the jurisdiction of this Court over the subject matter and jurisdiction over the person of Burnett.

4.      The allegations of paragraph 14 of Plaintiffs' First Amended Complaint are denied except to admit that this Court is a proper venue of this matter.

5.      The allegations of paragraph 15 of Plaintiffs' First Amended Complaint are denied for lack of information on which to justify a belief.

6.      The allegations of paragraphs16 through 22 of Plaintiffs' First Amended Complaint are denied for lack of information on which to justify a belief.

7.      The allegations of paragraphs 23 through 25 of Plaintiffs' First Amended Complaint are admitted, except to deny that the Burnett Defendants operated as a joint venture or an alter ego.

8.      The allegations of paragraphs 26 through 32 of Plaintiffs' First Amended Complaint are denied.

9.      The allegations of paragraphs 33 through 36 of Plaintiffs' First Amended Complaint are denied for lack of information on which to justify a belief, except to deny that Burnett had anything to do with the advertisements or advertising process in India.

10.      The allegations of paragraphs 37 through 42 of Plaintiffs' First Amended Complaint are denied for lack of information on which to justify a belief, except to admit that at certain informational meetings Burnett explained the immigration process for those I-140 petitions that Indo-Amerisoft would be filing.

11.      The allegations of paragraph 43 are denied.

12.      The allegations of paragraphs 44 through 50 of Plaintiffs' First Amended Complaint are denied for lack of information on which to justify a belief, except to deny that Burnett made any statement guaranteeing labor certifications during any particular time period.

13.      The allegations of paragraph 51 of Plaintiffs' First Amended Complaint are denied for lack of information on which to justify a belief, except to deny that Burnett made any guarantees to Plaintiffs or make any statements other than explain the immigration process for

those whom Indo-Amerisoft would be sponsoring for an I-140 petition.

14.     The allegations of paragraphs 52 of Plaintiffs' First Amended Complaint are denied for lack of information on which to justify a belief.

15.     The allegations of paragraphs 53 of Plaintiffs' First Amended Complaint are denied.

16.     The allegations of paragraphs 54 through 62 of Plaintiffs' First Amended Complaint are denied for lack of information on which to justify a belief, except to deny that Burnett made any statement guaranteeing I-140 approvals during any particular time period.

17.     The allegations of paragraphs 63 through 78 of Plaintiffs' First Amended Complaint as to Burnett are denied, as are any allegations that Burnett was at any time referenced in these paragraphs acting as an Agent for anyone, other than to prepare and file immigration documents on behalf of Indo-Amerisoft.  The allegations as to all other Defendants are denied for lack of information on which to justify a belief.

18.     Any and all allegations of paragraphs 79 through 82 of Plaintiffs' First Amended Complaint as to Burnett are denied.  The allegations as to all other Defendants are denied for lack of information on which to justify a belief.

19.     The allegations of paragraphs 83 of Plaintiffs' First Amended Complaint as to Burnett are denied, except to admit that Burnett agreed to file and prepare documents on behalf of Signal necessary for foreign workers to legally enter the United States, and later entered into a written agreement setting forth their agreement, which agreement is the best evidence of its content.

20.     Any and all allegations of paragraphs 84 through 86 of Plaintiffs' First Amended

Complaint as to Burnett are denied, and deny that except to the extent he agreed to perform

services on behalf of Signal to allow workers to legally enter the United States, that Burnett was

an Agent.   All allegations as to other Defendants are denied for lack of information on which

to justify a belief.

21.     The allegations of paragraph 87 of Plaintiffs' First Amended Complaint as to Burnett are

denied.

22.     The allegations of paragraph 88 of Plaintiffs' First Amended Complaint are denied, except

that Signal did file for unnamed Indian welders and fitters, which applications are the best

evidence of their content.

23.     The allegations of paragraph 89 and 91 of Plaintiffs' First Amended Complaint are denied

for lack of information on which to justify a belief, except to admit that some Signal employees

did at some point in time travel to India.

24.     The allegations of paragraphs 92 and 93 of the First Amended Complaint are denied,

except to admit that sometime around May or June of 2006, Burnett, on behalf of Signal,

prepared and submitted to the Mississippi Department of Employment and the United States

Department of Labor completed forms ETA 750 and attachments (the "ETA 750 forms") seeking

to hire a certain number of unnamed foreign welders and fitters specified by Signal for Signal,

under the provisions of 8 U.S.C. § 1101(a)(15)(H)(ii)(b), and attendant regulations, and that hese

documents are the best evidence of their content.

25.     The allegations of paragraphs 94 through paragraph 95 of the First Amended Complaint

appear to be conclusions of law, and as such require no answer on behalf of Burnett.  To the extent an answer is deemed necessary, same are denied as being incomplete, inaccurate, and misleading inferences of law.

26.     The allegations of paragraphs 96 through paragraph 98 of the First Amended Complaint are admitted, except to deny that anyone was able to project labor needs as a result of Hurricane Katrina, and that the forms are the best evidence of their content.

27.     The allegations of  paragraph 99 of the First Amended Complaint are denied.

28.     Any and all allegations of paragraphs 100 through 117 of Plaintiffs' First Amended Complaint as to Burnett are denied.  As to all other Defendants same are denied for lack of information on which to justify a belief, except to deny that any applications, petitions, or other similar immigration documents were anything other than proper, accurate, and in full compliance with all laws and regulations.

29.     The allegations of paragraphs 118 through paragraph 120 of the First Amended Complaint appear to be conclusions of law, and as such require no answer on behalf of Burnett. To the extent an answer is deemed necessary, same are denied as being incomplete, inaccurate, and misleading inferences of law.

30.     The allegations of paragraph 121 of the First Amended Complaint are denied, except to admit that on dates in late 2006 the U.S. Labor Department approved the labor certifications filed.

31.     The allegations of paragraphs 122 through paragraph 123 of the First Amended

Complaint appear to be conclusions of law, and as such require no answer on behalf of Burnett. To the extent an answer is deemed necessary, same are denied as being incomplete, inaccurate, and misleading inferences of law.

32.     The allegations of paragraphs 124 through paragraph 126 of the First Amended Complaint are denied.

33.     The allegations of paragraph 127 of the First Amended Complaint are denied for lack of information on which to justify a belief.

34.     The allegations of paragraph 128 of admitted.

35.     All allegations as to Burnett in paragraphs 129 through 137 of the First Amended Complaint are  denied.  As to other Defendants same are denied for lack of information on which to justify a belief.

36.     The allegations of paragraphs 138 through paragraph 139 of the First Amended Complaint are denied.

37.     All allegations as to Burnett in paragraphs 140 through 144 of the First Amended Complaint are  denied.  As to other Defendants same are denied for lack of information on which to justify a belief.

38.     The allegations of paragraph 145 are denied.

39.     The allegations of paragraphs 146 through paragraph 213 of the First Amended Complaint do not appear to concern Burnet, and as such do not appear to require an answer. To the extent an answer is deemed necessary, same are denied for lack of information on which

to justify a belief, except to deny that Burnett at any time represented anything other than what he was authorized and directed to communicate to Plaintiffs, that he would prepare all necessary documents for Plaintiffs to legally enter the United States to work for Signal, and that at such time as Signal would sponsor them in an I-40 petition, that he would prepare the necessary documents.

40.     The allegations of paragraph 214 appear to require no answer on behalf of Burnett, to the extent an answer is deemed necessary, Burnett re-avers and incorporates in response thereto each and every defense, and response to the previous paragraphs of Plaintiffs' First Amended Complaint.

41.     The allegations of paragraph 215 appear to require no answer on behalf of Burnett.  To the extent an answer is deemed necessary, it is admitted that Plaintiffs have brought their First Claim for Relief against all Defendants.

42.     The allegations of paragraphs 216 through paragraph 219  appear to require no answer on behalf of Burnett, being but a conclusion of law.  To the extent an answer is deemed necessary, the allegations are denied as to Burnett, being an improper conclusion of law.

43.     The allegations as to Burnett of paragraphs 220 through paragraph 227 of the First Amended Complaint are denied.  The allegations as to other Defendants are denied for lack of information on which to justify a belief.

44.     The allegations of paragraph 228 of Plaintiffs' First Amended Complaint are denied.

45.     The allegations of paragraphs 229 and 230 of Plaintiffs' First Amended Complaint are but

assertion of relief sought by Plaintiffs, and as such do not appear to require an answer by Burnett.  To the extent an answer is deemed necessary, Burnett denies Plaintiffs are entitled to any of the relief claimed.

46.     The allegations of paragraph 231 appear to require no answer on behalf of Burnett, to the extent an answer is deemed necessary, Burnett re-avers and incorporates in response thereto each and every defense, and response to the previous paragraphs of Plaintiffs' First Amended Complaint.

47.     All allegations as racketeering, wrongdoing, or fraud contained in Plaintiffs RICO Case Statement, and as incorporated here in paragraph 232 are denied.

48.     It is admitted that Plaintiffs have brought claims under RICO, however, it is denied Plaintiffs have stated any cause of action under said statutes.

49.     The allegations as of paragraphs 234 through 279 of the First Amended Complaint are denied.

50.     The allegations of paragraphs 280 through paragraph 293 of the First Amended Complaint do not appear to concern Burnet, and as such do not appear to require an answer. To the extent an answer is deemed necessary, same are denied for lack of information on which to justify a belief.

51.     The allegations of paragraphs 293 through paragraph 372 of the First Amended Complaint are denied.

52.     To the extent deemed necessary, Burnett denies any allegations of fact as to the Burnett

Defendants contained in Plaintiffs' Prayer and denies that Plaintiffs are entitled to the relief requested.

WHEREFORE, MALVERN C. BURNETT, THE LAW OFFICES OF MALVERN C. BURNETT, A.P.C., AND THE GULF COAST IMMIGRATION LAW CENTER, L.L.C., pray that this answer be deemed good and sufficient, and that they be relieved of further answer, and that after due proceedings had there be judgment in their favor and against Plaintiffs.

MALVERN C. BURNETT, THE LAW OFFICES OF MALVERN C. BURNETT, A.P.C. , AND THE GULF COAST IMMIGRATION LAW CENTER, L.L.C., further pray for all just and equitable relief to which they may be entitled, and for trial by jury.

Respectfully submitted,

 s/  Timothy W.  Cerniglia
Timothy W. Cerniglia (LA Bar# 03964)
1521 St. Charles Avenue
New Orleans, Louisiana 70130
Office: 504-586-0555
Facsimile: 504-586-0550

BURAS LAW FIRM, LLC
Daniel E. Buras, Jr. (#26226)
301 N Columbia St.
Covington, LA 70433
Telephone:   985-306-1769
Facsimile:   888-383-4079

COUNSEL FOR Malvern Burnett,
Gulf Coast Immigration Law
Center, LLC and the Law Offices of
Malvern C. Burnett, A.P.L.C.

-18-

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on counsel of record for Plaintiffs

electronically through this Court's EM/ECF system, this 28th day of August, 2014

      s/Timothy W. Cerniglia