## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAKSHMANAN PONNAYAN ACHARI, et al.,<br>                                        Plaintiffs,<br>          v.<br>SIGNAL INTERNATIONAL, LLC, et al.,<br>                                        Defendants.<br><br>***Related Cases***:<br><br>GEORGE PAILY PAULOSE CHAKKIYATTIL, et al.,<br>                                        Plaintiffs,<br>          v.<br>SIGNAL INTERNATIONAL, LLC, et al.,<br>                                        Defendants.<br><br>SABU PUTHUKKUTTUMEL VEEDE<br>KRISHNAKUTTY, et al.,<br>                                        Plaintiffs,<br>          v.<br>SIGNAL INTERNATIONAL, LLC, et al.,<br>                                        Defendants.<br><br>VARGHESE KURISINKAL DEVASSY, et al.,<br>                                        Plaintiffs,<br>          v.<br>SIGNAL INTERNATIONAL, LLC, et al.,<br>                                        Defendants. | Case No.: 2:13-cv-06218 SM-DEK<br><br>**This document applies to Case No. 2:13-cv-06220 only.**<br><br><br><br>Case No.: 2:13-cv-06219 SM-DEK<br><br><br><br>Case No.:2:13-cv-06220 SM-DEK<br><br><br><br>Case No.:2:13-cv-06221 SM-DEK |

## KRISHNAKUTTY PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO SIGNAL'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF WHAT SUBSTANTIVE LAW APPLIES TO PLAINTIFFS' COMMON LAW CLAIMS

Plaintiffs Sabu Puthukkuttumel Veede Krishnakutty and Thampy Putham Parambil Edicula (collectively, the "Krishnakutty Plaintiffs"), through their undersigned counsel, hereby submit the following supplemental brief in support of Plaintiffs' Memorandum of Law in Opposition to Signal's Motion for Partial Summary Judgment on the Issue of What Substantive Law Applies to Plaintiffs' Common Law Claims [ECF No. 347] (the "Achari Opposition").

The Krishnakutty Plaintiffs fully adopt, and incorporate by reference for all purposes, the Achari Opposition and file this supplemental brief solely to address the three, unique causes of action that the Krishnakutty Plaintiffs have asserted in addition to the claims addressed in the Achari Opposition.   These causes of action are: (1) money had and received (against all Defendants), arising out of the Krishnakutty Plaintiffs' payment of fees to Defendants in exchange for false promises that they would receive permanent residence and immigration status to live and work in Mississippi (Krishnakutty Complaint at ¶¶ 327-33); (2) breach of fiduciary duty (against the Burnett Defendants), related to their breach of the duties of candor, loyalty, trust, good faith, and special confidence that arose when Burnett undertook the Krishnakutty Plaintiffs' legal representation (*id.* at ¶¶ 334-39); and (3) breach of special/confidential relationship (against all Defendants), arising out of Defendants' failure to protect Plaintiffs from harm by failing to comply with their promises, making false representations and omissions about Plaintiffs' immigration applications/status and employment, and failing to provide adequate conditions for the Plaintiffs in Mississippi (*id.* at ¶¶ 340-44).[1]

For the reasons set forth in the Achari Opposition, *Ferens* applies to all of the Krishnakutty Plaintiffs' claims.   Therefore, the Court should look to Mississippi conflict-of-law principles, which in turn adopt the Restatement, in analyzing the Krishnakutty Plaintiffs' unique claims.

Under Mississippi law, breach of fiduciary duty sounds in tort.   *Union Nat'l Life Ins. Co. v. Crosby*, 870 So. 2d 1175, 1180 (Miss. 2004).   Therefore, the analysis set forth in the Achari

---

[1] Signal has made no effort to meaningfully analyze the conflict-of-law issue as it relates to the Krishnakutty Plaintiffs' claims; rather, it seeks to defer the issue on ripeness grounds.   *See* Signal's Memo Supporting Summary Judgment [ECF No. 333-1] at 5.   Notwithstanding Signal's failure to conduct discovery on this issue, the majority of the facts governing the conflict-of-law analysis is undisputed.

Opposition with respect to Plaintiff's other tort claims applies and dictates that Mississippi law governs the *Krishnakutty* plaintiffs' fiduciary duty claims.  Indeed, the Krishnakutty Plaintiffs' breach of fiduciary duty claim against Burnett militates even more heavily toward the application of Mississippi law, insofar as Burnett is a Mississippi attorney with offices in Mississippi; he performed the plaintiffs' legal work in Mississippi; he "frequently met" with and made false representations to the plaintiffs in Mississippi; he attended meetings at Signal's Mississippi facility, where workers were threatened; and he undertook and performed conflicting legal representation of the Krishnakutty Plaintiffs on the one hand, and Signal on the other, in Mississippi.  *See* Krishnakutty Complaint at ¶¶ 13(e)-(g), 23-25, 83, 93, 126, 181-84, 203, 334-39.

Under Mississippi law, claims for money had and received, as well as breach of special/confidential relationship, sound in equity.  *See id.*; *Griffin v. Armana*, 687 So. 2d 1188, 1195 (Miss. 1996).  The Restatement applies the most significant relationship test to claims sounding in equity, considering a slightly modified set of factors from those applicable to torts:

> (a) the place where a relationship between the parties was centered, provided that the receipt of enrichment was substantially related to the relationship, (b) the place where the benefit or enrichment was received, (c) the place where the act conferring the benefit or enrichment was done, (d) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (e) the place where a physical thing, such as land or a chattel, which was substantially related to the enrichment, was situated at the time of the enrichment.

Restatement (Second) of Conflict of Laws § 221 (1971).[2]

---

[2] As with the tort and contract analysis, Section 6 of the Restatement provides an overarching set of conflicts principles, including (a) the needs of the interstate and international systems; (b) the relevant policies of the forum; (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue; (d) the protection of justified expectations; (e) the basic policies underlying the particular field of law; (f) certainty, predictability and uniformity of result; and (g) ease in the determination and application of the law to be applied.  Restatement (Second) Conflict of Laws §§ 6(2), 221 (1971).  These factors

Whether the parties' relationship "germinated" in India is of little consequence to any of the factors above.  *See* Signal's Memo Supporting Summary Judgment [ECF No. 333-1] at 11. The parties' relationship always centered around one thing—Plaintiffs' employment at Signal's Mississippi facilities—and the place where the relationship between the parties was centered is the most important factor.  *Id.* cmt. 2(d).  Here, as set forth in the Achari Opposition, the entire relationship between the Plaintiffs (including the Krishnakutty Plaintiffs) and the Defendants was centered around Signal's Mississippi facilities (Achari Opp. at 3-4, 12-13); indeed, Defendants' receipt of the Plaintiffs' money was directly related to the Plaintiffs' employment and residence in *Mississippi*.  Likewise, as set forth in the Achari Opposition, the parties' domicile, residence, place of incorporation and place of business during the relevant timeframe also militate toward the application of Mississippi law.  *Id.*

Moreover, Mississippi was the place where a large portion of the money was received. *See See* Michael L. Pol Dep. 323:21-329:12, Nov. 12, 2009 (discussing Sachin Dewan's method of mailing hundreds of thousands of dollars in the form of checks from India to Michael Pol); *see also* Michael L. Pol Dep. 94:14-97:2, Oct. 2, 2013, *In re: Michael L. Pol*, Case No. 13-51168 (discussing same and stating that he deposited the aforementioned checks into his Wachovia bank accounts) &  19:6-20:8 (Michael Pol lived in Mississippi at least from 2000-2013). Therefore, the Court should not place particular weight on the place-where-the-act-conferring-the-benefit-was-done factor.  *See id.* (the state where the act conferring the benefit was done should be given particular weight "where the benefit or enrichment was received cannot be

_____

militate toward Mississippi law.  Critically, this is not a case where a foreign party is urging the application of his own state's law.  Quite the contrary, here, it is Plaintiffs—Indian nationals—who are urging the application of Mississippi law.  Signal cannot seriously argue that it had "justified expectations" that litigation arising out of its Mississippi mancamps would be governed by Indian law.

identified or where this place differs from that where the act conferring the benefit was done and bears little relation to the occurrence and the parties.").   Finally, there is no dispute that Mississippi is the place where the "physical thing[s]" promised to Plaintiffs—here, Signal's Mississippi facilities and visas to work there—were situated in Mississippi at all times.

For the foregoing reasons, as well as the reasons outlined in the Achari Brief, the Krishnakutty Plaintiffs respectfully request that the Court apply Mississippi law to all of their state law claims.[3]

Dated: September 16, 2014                         Respectfully submitted,

                                                  By: /s/  *Justin P. Aiello*
                                                  A. Gregory Grimsal (#06332)
                                                  Steven W. Copley (#16869)
                                                  GORDON, ARATA, McCOLLAM,
                                                  DUPLANTIS & EAGAN, LLC
                                                  201 St. Charles Avenue, Suite 4000
                                                  New Orleans, Louisiana 70170-4000
                                                  Telephone: (504) 582-1111
                                                  Facsimile: (504) 582-112

                                                  Steven G. Spears, admitted *pro hac vice*
                                                  Scott W. Clark, admitted *pro hac vice*
                                                  John Low, admitted *pro hac vice*
                                                  MCDERMOTT WILL & EMERY LLP
                                                  1000 Louisiana St., Suite 3900
                                                  Houston, Texas 77002
                                                  Tel: 713.653.1700
                                                  Fax: 713.739.7592
                                                  Email: sspears@mwe.com
                                                  Email: sclark@mwe.com
                                                  Email: jlow@mwe.com

---

[3] Should the Court determine that the law of India, rather than Mississippi, applies to some or all of the Krishnakutty Plaintiffs' claims against some or all Defendants, the Krishnakutty Plaintiffs should be granted leave to amend their complaint to reflect this finding.  In *David*, this Court rejected Defendants' argument that the Court either does not have the power to adjudicate claims or instead should decline to exercise supplemental jurisdiction over claims if they arise under Indian law.  Order and Reasons, *David v. Signal*, ECF No. 1713, at 9-12 (E.D. La. Aug. 12, 2014).

Robert M. Kline, admitted *pro hac vice*
Asra A. Chatham, admitted *pro hac vice*
Marissa C. Krumm, admitted *pro hac vice*
Justin P. Aiello, admitted *pro hac vice*
MCDERMOTT WILL & EMERY LLP
333 Avenue of the Americas, Suite 4500
Miami, Florida 33131
Tel: 305.358.3500
Fax: 305.347.6500
Email: rkline@mwe.com
Email: achatham@mwe.com
Email: mkrumm@mwe.com
Email: jaiello@mwe.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2014, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to counsel for the following: Signal International, LLC, Signal International, Inc., Malvern C. Burnett, the Law Offices of Malvern C. Burnett, A.P.C. and the Gulf Coast Immigration Law Center, L.L.C., and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants.

/s/      *Justin P. Aiello*

## SERVICE LIST

Billy R. Wilks
9136 Heather Lane
Moss Point, MS 39562


J & M Associates, Inc. of Mississippi
9136 Heather Lane
Moss Point, MS 39562

Global Resources, Inc.
James H. Heidelberg, Registered Agent
711 Delmas Avenue
PO Box 1407
Pascagoula, MS 39568-1407


J & M Marine & Industrial, LLC
9136 Heather Lane
Moss Point, MS 39562

DM_US 54565485-5.099747.0243