UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KURIAN DAVID, et al. | CIVIL ACTION No. 08-1220 |
| Plaintiffs | |
| VERSUS | |
| SIGNAL INTERNATIONAL, LLC, et al., | SECTION "E" |
| Defendants | |

Related Cases:

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. 12-557 |
| Plaintiff | |
| VERSUS | |
| SIGNAL INTERNATIONAL, LLC, et al., | SECTION "E" |
| Defendants | |

| | |
|---|---|
| LAKSHMANAN PONNAYAN ACHARI, et al., | CIVIL ACTION NO. 13-6218 (c/w 13-6219, 13-6220, 13-6221, 14-1818) |
| VERSUS | |
| SIGNAL INTERNATIONAL, LLC, et al., | SECTION "E" |
| Defendants | |

RELATED CASE:

| | |
|---|---|
| REJI SAMUEL, et al., | CIVIL ACTION No.14-2811 |
| Plaintiffs | |
| VERSUS | SECTION "E |
| SIGNAL INTERNATIONAL, LLC, et al., | |
| Defendants | |

RELATED CASE:

BIJU MAKRUKKATTU JOSEPH, et al.,  CIVIL ACTION No. 14-2826
      Plaintiffs

VERSUS  SECTION "E"

SIGNAL INTERNATIONAL, LLC, et al.,
      Defendants
Applies To: David 08-1220 ; Thomas 14-1818; Samuel 14-2811; Joseph 14-2826

BURNETT DEFENDANTS' REPLY MEMORANDUM TO
SIGNAL'S MEMORANDUM IN OPPOSITION TO
BURNETT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
ON SIGNAL'S CROSS CLAIMS

May it Please the Court,

  Signal's Memorandum In Opposition to Burnett's Motion for Summary Judgment on grounds of res judicata misses the mark on several key points. It erroneously argues that the jury verdict is not a final decision on the merits because of the appeal pending in David. Signal completely misunderstands the concept of the finality of a verdict and sorely misreads the jurisprudence on this point. Contrary to Signal's assertion, a case pending appeal is res judicata and is entitled to full faith and credit unless and until reversed on appeal. Fidelity Standard Life Ins. Co. v. First Nat'l Bank & Trust Co, 510 F.2d 272, 273 (5th Cir. 1975); Comer v. Murphy Oil USA, Inc., 718 F.3d 460 (5th. Cir., 2013); Guidry v. Gulf Coast Teaching Family Servs., Civil Action No. 13-4812 at p. 6, (E.D. La., Aug, 14, 2013).

  Signal then disingenuously argues that its indemnity claims for all the remaining cases are different. Such an argument flies in the face of its own Cross Claims, its arguments in the

David case, and gives but lip service to Fifth Circuit precedent. The critical issue in determining whether two suits involve the same claim is whether the two actions are based on the "same nucleus of operative facts ". In re Southmark Corp., 163 F.3d 925 (5th Cir., 1999); Petro-Hunt, L.L.C. v. United States, 365 F.3d 385, 395 (5th Cir.2004); U.S. v. Davenport, 484 F.3d 321 (5th. Cir., 2007); Procter & Gamble Co. v. Amway Corp., 376 F.3d 496, at 499 (5th Cir., 2004); Davis v. Dallas Area Rapid Transit, 383 F.3d 309 (5th Cir., 2004); Test Masters Educational Services, Inc. v. Singh, 428 F.3d 559 (5th Cir., 2005); U.S. v. Davenport, 484 F.3d 321 (5th. Cir., 2007); Ries v. Paige (In re Paige), 610 F.3d 865 (5th. Cir., 2010). Signal's arguments that its claims for indemnity do not arise from the same operative facts as its cross claim for indemnity in David is disingenuous, and simply incorrect.

CASES ON APPEAL SUBJECT TO RES JUDICATA.

A judgment in a case involving the same claims between the same parties is res judicata, even if the original case is on appeal. Signal, tries to distinguish Comer v. Murphy Oil USA, Inc., 718 F.3d 460 (5th. Cir., 2013), by asserting, incorrectly, that the Fifth Circuit was only "reviewing the impact of the taking of, and ultimately the dismissal of an appeal, for res judicata purposes". (See Signal memorandum, p. 7). This is a total misreading of that decision. The point the Fifth Circuit was making, as concerns the original panel's mandate not being issued, was that in the absent of the issuance of a mandate, "the original district court judgment remain [s] in effect". Comer, supra at 468. The Fifth Circuit unequivocally held that a judgment, even pending appeal, will constitute res judicata.

> Accordingly, "[a] case pending appeal is res judicata and entitled to full faith and credit unless and until reversed on appeal." Fid. Standard Life Ins. Co. v. First Nat'l Bank & Trust Co., 510 F.2d 272, 273 (5th Cir.1975) (per curiam); see United States v. Munsingwear, Inc., 340 U.S. 36, 39, 71 S.Ct. 104, 95 L.Ed. 36 (1950) (declining to create an exception to res judicata for "those who have been prevented from obtaining the review to which they are entitled"); 18A Charles A. Wright & Arthur D. Miller, Federal Practice and Procedure § 4427 (2d ed. 2012) ("[R]es judicata ordinarily attaches to a final lower-court judgment even though an appeal has been taken and remains undecided."); cf. Johnson Steel St. Rail Co. v. William Wharton, Jr., & Co., 152 U.S. 252, 261, 14 S.Ct. 608, 38 L.Ed. 429 (1894) (holding that the "existence or nonexistence of a right, in either party, to have the judgment in the prior suit re-examined, upon appeal or writ of error, cannot, in any case, control" the "inquiry as to the conclusiveness of a judgment in a prior suit between the same parties").

Comer, supra at 467.

In Fidelity Standard Life Ins. Co. v. First Nat. Bank & Trust Co. of Vidalia, Georgia, 510 F.2d 272,(5th Cir., 1975), cited by he Comer Court, it was conclusively held that the fact that a lower judgment was on appeal did not effect the res judicata status of the judgment, unless and until the case was reversed on appeal.

> The Louisiana judgment is presently pending appeal in the state court system. This fact does not affect the judgment's binding force in a second court as to all issues, including that of jurisdiction, where the appeal remains binding and final between the parties under the law of the state rendering the judgment. Denham v. Shellman Grain Elevator, Inc., 5 Cir. 1971, 444 F.2d 1376, 1380; Maner v. Maner, 5 Cir. 1969, 412 F.2d 449, 451.  A case pending appeal is res judicata and entitled to full faith and credit unless and until reversed on appeal.

Fidelity, supra at 273.

In, Guidry v. Gulf Coast Teaching Family Servs., Civil Action No. 13-4812 at p. 6, (E.D. La., Aug, 14, 2013) Judge Berrigan, citing Fidelity, supra and Comer, supra, likewise ruled that a case, although pending appeal, is res judicata.

-4-

> The fact that the judgment issued by the district court in the First Action is currently being challenged on appeal does not save Guidry's cause of action here: "A case pending appeal is res judicata and entitled to full faith and credit unless and until reversed on appeal.

Guidry , supra at p. 7.

The fact that Signal has filed an appeal of the judgment in David, does not prevent the application of res judicata.

INDEMNITY CLAIMS ARISE FROM SAME NUCLEUS OF OPERATIVE FACTS.

Signal agrees that the transactional test adopted by the Fifth Circuit requires the application of res judicata when the two suits arise out of the same nucleus of operative facts. On the one hand, Signal seems to agree that res judicata bars all of its cross claims (Cross Claims One through Eight) save its claim for indemnity, because those other cross claims arose out of the same nucleus of operative facts. Yet, somehow, Signal asserts that its cross claims for indemnity do not arise out of those same operative facts because its indemnity claims were specific to the individual Plaintiffs.

However, this assertion is belied by the very arguments by Signal as to why it was entitled to indemnity, the evidence it established, as well as the prelude of facts claimed in each the cases in which it filed a Cross Claim. It is also contrary to the jury verdict form on its Cross Claim for Indemnity, which was not directed to each of the first five Plaintiffs, but rather, to the conduct of Signal, Burnett and Dewan. Signal did not suggest that it was necessary to have a verdict for each individual Plaintiff because it knew that the issue was the conduct of the Defendants, vis-a-vis each other, based on the exact same facts and the exact same occurrences

-5-

from its first meeting with Michael Pol, to and through, the filing of its Cross Claims in the David class action, and not based on what any particular Plaintiff said or did.

As this Court is well aware, in the David trial Signal asserted and argued to the jury that it was entitled to indemnity because it relied on the advise of Burnett and Michael Pol in deciding to hire workers from India. It claimed that it was unfamiliar with immigration law, that its decisions were made solely on account of its meeting with Burnett and Michael Pol; that at the time it did not know that some workers applied for jobs with other companies, which it blamed on the workers' discontent. Signal claimed that it relied on Sachin Dewan to properly recruit the skilled workers, and Burnett to properly file immigration documents. Signal's entire case for indemnity hinged on its claimed innocence, ignorance, and misplaced reliance on Burnett and Dewan, and those two Defendants' alleged unlawful misconduct. That was the core and essence of Signal's case for indemnity in David, as it is in all the remaining cases.

The evidence in David is the exact same evidence that Signal would use in any of the other suits where it has made the identical claim for indemnity. Signal cannot deny that it would elicit the same testimony from Ronald Schnoor, William Bingle, Tracey Binion, Richard Marler, and Darryl Schneider. It would conduct the same cross examination of Burnett and Dewan. It would make the same arguments of innocence, ignorance, and reliance, and assertions of unlawful conduct as it did in David. Signal can be counted on, as well, to ask similar questions on cross examination of the plaintiffs in the remaining cases as it asked of the David Plaintiffs. That the questions and answers would necessarily vary slightly because the

individual is a different person, the import and thrust of the questions would be the same, Burnett's and Dewan's conduct was unlawful, improper, and exceeded their authority.

The slight variation in testimony from different plaintiffs, though, does not alter the fact that all of Signal's Cross Claims for Indemnity arise from the same operative facts. Variations in evidence needed in different cases do not equate with the claims being different. At most, such slight differences constitute "different shadings of the facts", or "emphasize different elements of the facts", which does not mean it is not the same claim.

> Therefore, as the bankruptcy court noted, "the type of relief requested, substantive theories advanced, or types of rights asserted" is not controlling for purposes of the transactional test. Davenport, 484 F.3d at 326. This is true even where "several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts, or would call for different measures of liability ...." Restatement (Second) of Judgments § 24 cmt. c (1982); see also Agrilectric Power Partners, Ltd. v. Gen. Elec. Co., 20 F.3d 663, 665 (5th Cir.1994) ("The substantive theories advanced, forms of relief requested, types of rights asserted, and variations in evidence needed do not inform this inquiry.")

Ries v. Paige (In re Paige), 610 F.3d 865, at 873 (5th. Cir., 2010), emphasis added.

In Davis v. Dallas Area Rapid Transit, 383 F.3d 309, (5th Cir., 2004) the Fifth Circuit, again emphasizing that the critical test is whether the or not the claims arise out of the same nucleus of operative facts, noted that, the matter must be assessed pragmatically, and courts should consider whether the facts are related in "time, space, origin, or motivation".

> What grouping of facts constitutes a "transaction" or a "series of transactions" must "be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."

Davis, supra, at 313 (5th Cir., 2004), emphasis added.

There is no doubt that all of Signal's Cross Claims for Indemnity are related to everything that happened from its first meeting with Michael Pol, its initial discussions with Mr. Burnett, the recruiting and hiring of all the Indian workers on H-2B visas, subsequent discussions with Burnett and Dewan, the termination of workers, and the extensions of H-2B visas, up until the first suit was filed.  In each and every suit in which Signal filed its Cross Claims it made the exact same recitation of facts in the opening thirty one paragraphs as the basis for each and every cross claim, including its claims for indemnity.  All of its Cross Claims for Indemnity are related in time, space, origin, and claimed motivation.  It is totally disingenuous to ague that its Cross Claims for Indemnity do not arise out of the same nucleus of operative facts.

The incongruity of Signal's arguments become obvious in the actual application of what it seeks in the cases involved here.  Taking Signal's argument to its illogical conclusion would mean that each of the Texas cases would have to be tried from beginning to end both here and in Texas.  Signal would have to cross examine each of the Plaintiffs in those cases all over again, or at the very least, present the same testimony to the jury in the trial before this Court.  It is absolutely clear that the Plaintiffs in each of the Texas cases will try their claims to a Texas jury.  It is equally clear that all of Signal's Cross Claims in the Texas cases will be before this Court.[1]

---

[1] Burnett filed Motions to Stay the proceedings in Texas based on the first-filed rule, with an alternative suggestion of transfer in only <u>Samuel</u> and <u>Joseph</u>, thus far, as those cases were scheduled for trial first and certain deadlines were approaching.  Burnett has not yet filed similar motions in the three remaining Texas cases primarily because of Signal's assertion that it would be filing for bankruptcy either during or shortly after the <u>Joseph</u> case was set to commence.  If Signal has determined that it will not or does not need to file for bankruptcy, or if Signal's Cross Claims in the remaining Texas cases proceed, then Burnett will file a similar motion.  It is almost certain that the same courts will rule the same way, especially considering the fact that Signal's Cross Claims were tried in the David case and its Cross Claims in Joseph and Samuel are

Signal's argument that its Cross Claim for Indemnity is peculiar to each individual Plaintiff, and its need to cross examine each and every individual Plaintiff, and explore Burnett's and Dewan's conduct and interaction with each and every Plaintiff would then require a complete separate trial before this Court for each and every Plaintiff in the Texas cases, notwithstanding the exact same evidence will necessarily be presented to the various juries in Texas.

In those cases, essentially the same evidence will again be presented by Signal as to why it decided to hire skilled foreign workers under the H-2B program, how it went about recruiting and hiring the skilled workers, how and why it was unaware of previous recruitments for other companies for some of the workers it hired, and how it relied on Burnett and Dewan. The same cross examination of Burnett and Dewan would have to be made. The same direct examination of each Signal witness would have to be made, again, and again, and again, for each trial for the various subsets of Plaintiffs in each of the Texas cases. The same would be true for the various trials of subsets of Plaintiffs <u>Thomas</u>, and the remaining Plaintiffs in <u>David</u>. The point is, though, the only difference in the evidence would be the slight variation of answers from different plaintiffs, although, the thrust of the examination and the points to be made would remain the same.

Signal's hope is that one or more of the juries might come to a different conclusion. That is not a basis for relitigating the same claim. The United States Supreme Court's observation in

---

presently before this Court. The result will be that the Cross Claims involving approximately 93 Plaintiffs will be before this Court.

Blonder-Tunge Laboratories, Inc v. University of Illinois Foundation, 402 U.S. 313, at 339, 91 S.Ct. 1434, 28 L.Ed.2d 788 is most appropriate.

> Permitting repeated litigation of the same issue as long as the supply of unrelated defendants holds out reflects either the aura of the gaming table or 'a lack of discipline and of disinterestedness on the part of the lower courts, hardly a worthy or wise basis for fashioning rules of procedure.'

Blonder-Tunge Laboratories, Inc v. University of Illinois Foundation, 402 U.S. 313, at 339, 91 S.Ct. 1434, 28 L.Ed.2d 788.

Allowing Signal to try and try again, through trials of subsets of approximately 232 Plaintiffs, in hopes of a jury reaching a different conclusion, indeed, reflects the "aura of the gaming table".  Signal's Cross Claims for Indemnity not only arise out of the same nucleus of operative facts, it is based on the exact same evidence and exact same argument.  There is no reason to allow the same question be presented to jury after jury.

Wherefore, the Burnett Defendants pray that this Court dismiss all of Signal's Cross Claims in Thomas, Joseph, and Samuel be dismissed with prejudice.

Respectfully submitted,

 s/ Timothy W.  Cerniglia
Timothy W. Cerniglia, (La. Bar # 03964)
1521 St. Charles Avenue  New Orleans, Louisiana 70130  Telephone: 504-586-0555
Facsimile:  504-586-0550
Counsel for Malvern Burnett,  Gulf Coast Immigration Law  Center, LLC and the Law Offices of  Malvern C. Burnett, A.P.L.C.

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on counsel of record electronically through this Court's EM/ECF system, this 19th day of May, 2015.

s/Timothy W. Cerniglia