UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURIAN DAVID, et al.**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 08-1220** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    **Defendants** | **SECTION "E"** |

**Related Cases:**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-557** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    **Defendants** | **SECTION "E"** |
| **LAKSHMANAN PONNAYAN ACHARI, et al.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 13-6218**<br>    **(c/w 13-6219,**<br>    **13-6220, 13-6221,**<br>    **14-732, 14-1818)** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    **Defendants** | **SECTION "E"** |
| **REJI SAMUEL, et al.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 14-2811** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    **Defendants** | **SECTION "E"** |

| | |
|---|---|
| **BIJU MAKRUKKATTU JOSEPH, et al.,**     **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 14-2826** |
| **SIGNAL INTERNATIONAL, LLC, et al.,** | **SECTION "E"** |

**Applies To:** *Achari v. Signal* (13-6218)

## ORDER

This matter was initially filed in the Southern District of Mississippi and transferred to the Eastern District of Louisiana under the "first-to file" rule.[1] Signal has moved for summary judgment on choice of law.[2] The threshold issue is whether the choice-of-law analysis is governed by Mississippi law or instead by the law of Louisiana. After resolving this issue, the Court must engage in a substantive conflicts analysis to determine the law applicable to Plaintiffs' common law claims.

I.   <u>Whose Law Governs the Choice-of-Law Analysis?</u>

A federal court exercising supplemental jurisdiction over state law claims applies the forum state's choice-of-law rules.[3] The Supreme Court has held that when a case is transferred pursuant to 28 U.S.C. § 1404(a),[4] the transferee court must apply the choice-of-law rules that prevailed in the transferor court.[5] Plaintiffs contend the so-called "*Van Dusen* rule" applies in this case and that therefore Mississippi's choice-of-law principles control.  Plaintiffs offer two arguments in support.

---

[1] *See generally Achari v. Signal Int'l, LLC*, Nos. 1:13CV222–LG–JMR, 1:13CV318–LG–JMR, 1:13CV319–LG–JMR, 2013 WL 5705660 (S.D. Miss. Oct. 18, 2013).
[2] R. Doc. 333.
[3] *See Janvey v. Brown*, 767 F.3d 430, 434 n.10 (5th Cir. 2014)
[4] This statue permits change of venue "[f]or the convenience of parties and witnesses," and "in the interest of justice."  28 U.S.C. § 1404(a).
[5] *See generally Ferens v. John Deere Co.*, 494 U.S. 516 (1990).

First, they argue a transfer order under the first-to-file rule is effectuated through Section 1404(a) as a matter of law.[6]  The Court disagrees.  Plaintiff has not identified any Fifth Circuit precedent to support this novel argument,[7] nor has the Court found any.  The first-to-file rule is a distinct procedural mechanism for transferring venue.[8]  For this reason, district courts in the Fifth Circuit routinely distinguish between transfers under Section 1404(a) and transfers under the first-to-file rule.[9]

Second, even if this case was transferred under the first-to-file rule, Plaintiffs argue the "logic and holdings of both *Van Dusen* and *Ferens*" should still apply.[10]  The Fifth Circuit has not yet addressed this issue.[11]  As far as this Court can tell, only four courts have addressed whether the *Van Dusen* rule applies to first-to-file transfers.  One court has squarely held it does not.[12]  The other three—while not directly answering the question—expressed skepticism that *Van Dusen* applies to transfers under the first-to-file rule.[13]  The Court finds the reasoning in these cases persuasive.  Furthermore,

---

[6] *See* R. Doc. 347, p. 12.
[7] Plaintiffs cite one district court decision from Delaware in support.
[8] *See White v. Peco Foods, Inc.*, 546 F. Supp. 2d 339, 343 (S.D. Miss. 2008) ("As other district courts have pointed out, a motion to transfer pursuant to the first-to-file rule does not depend on the presence or absence of the § 1404(a) considerations.").
[9] *See, e.g., Partners, L.P. v. Land Am. Am. Title Co.*, No. 3-08-CV-1547-O, 2008 WL 5119599, at *4 (N.D. Tex. Dec. 3, 2008) ("Even if the court does not follow the 'first-to-file' rule, transfer is warranted under 28 U.S.C. § 1404(a)."); *Strukmyer, LLC v. Infinite Fin. Solutions, Inc.*, No. 3:13–cv–3798–L, 2013 WL 6388563, at *7 (N.D. Tex. Dec. 5, 2013) ("Plaintiff's efforts to invoke Sections 1404(a) and 1406 and contractual forum-selection clauses are misplaced under a first-to-file rule analysis. Defendants are not moving to transfer based on Section 1404(a) but rather based on the first-to-file rule."); *Rooster Prods. Int'l, Inc. v. Custom Leathercraft Mfg. Co., Inc.*, No. SA: 04-CA-864-XR, 2005 WL 357657, at *3 n.2 (W.D. Tex. Feb. 1, 2005) (acknowledging parties were "conflating the 1404(a) analysis and the first-to-file analysis.").  *But see Old Republican Title Ins. Co. v. Transcontinental Title Co.*, No. 06-11148, 2007 WL 2284547, at *2 (E.D. La. Aug. 6, 2007) (noting that a first-to-file transfer is made pursuant to Section 1404(a)).
[10] R. Doc. 347, p. 10.
[11] *See Chartis Specialty Ins. Co. v. Tesoro Corp.*, 930 F. Supp. 2d 653, 663 (W.D. Tex. 2013) (acknowledging lack of Fifth Circuit precedent).
[12] *See Hill-Rom Servs. Inc. v. Verses Tech., Inc.*, Nos. 1:03CV1227, 1:04CV1116, 2006 WL 1540851, at *10 (M.D. N.C. June 2, 2006).
[13] *See Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co, Inc.*, 386 F.3d 581, 600 (4th Cir. 2004) ("Under these circumstances, and in light of the principles animating the Supreme Court's decision in *Van Dusen*, we are not at all sure that the *Van Dusen* precedent should be blindly and mechanically applied, as

because the policy justifications underlying Section 1404(a) and the first-to-file rule are often in tension,[14] it makes little sense to apply the *Van Dusen* rule—a rule developed to govern Section 1404(a) transfers—to a first-t0-file transfer.  Because the Court finds the *Van Dusen* rule inapplicable in this case, Louisiana law governs the choice-of-law analysis.

II.     Choice-of-Law Analysis

The Court has already engaged in a similar Louisiana conflicts analysis in the *David* case.[15]  Because the operative facts and causes of action in *David* are substantially similar to the instant case,[16] the *David* opinion guides the Court's analysis.  In *David*, the Court held that the law of India governs the claims for fraud and negligent misrepresentation and that Mississippi law governs the claims for breach of contract and agency.  There is no reason to deviate from this analysis.

---

the [plaintiffs] would have us do."); *Chartis*, 930 F. Supp. 2d at 663 ("The [defendants] jump too quickly to the conclusion that the *Van Dusen* rule applies when a case is transferred pursuant to the first-to-file rule."); *Yancey v. Remington Arms Co., LLC*, Nos. 1:12CV477, 1:12CV437, 1:10CV918, 2013 WL 5462205, at *3 (M.D. N.C. Sept. 30, 2013).

[14] *See Twin City Ins. Co. v. Key Energy Servs.*, Inc., No. H–09–0352, 2009 WL 1544255, at *7 (S.D. Tex. June 2, 2009) ("If this court were to evaluate the § 1404(a) factors, i.e., make a determination as to whether 'the convenience of parties and witnesses' and 'the interest of justice' favors venue in Houston, 28 U.S.C. § 1404(a), this court would find itself doing exactly what the first-to-file rule is designed to avoid."); *Atlantic Sound Co., Inc. v. Steward*, No. 5:08–cv–307(DCB)(JMR), 2009 WL 1375699, at *2 (S.D. Miss. May 15, 2009) ("The 'first-to-file' rule cannot 'trump' the transfer analysis; in other words, 'when a transfer analysis under section 1404(a) dictates that a case should be transferred, this constitutes a 'compelling circumstance' that warrants an abrogation from the first-filed rule.'") (quoting *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 697 n.12 (8th Cir. 1997)); *Tillery v. Higman Barge Lines, Inc.*, No. 2:14–CV–40, 2014 WL 1689942, at *2 (S.D. Tex. Apr. 29, 2014).
[15] *See* R. Doc. 2088 in No. 08-1220.
[16] Even Plaintiffs acknowledge the similiarity.  *See* R. Doc. 426, p. 4.

## CONCLUSION

The law of India governs Plaintiffs' claims of fraud and negligent misrepresentation, and the law of Mississippi governs Plaintiffs' claims of breach of contract and agency.

**New Orleans, Louisiana, this 4th day of June, 2015.**

                               _____
                                     **SUSIE MORGAN**
                       **UNITED STATES DISTRICT JUDGE**