UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAKSHMANAN PONNAYAN ACHARI, et al.,** | **CIVIL ACTION** |
| **Plaintiffs** | **No. 13-6218 (c/w 13-6219, 13-6220,** & **13-6221, 14-732, & 14-1818)** |
| **VERSUS** | |
| **SIGNAL INTERNATIONAL, LLC, et al.,** | |
| **Defendants** | **SECTION "E"** |
| **Applies To:**   *Devassy v. Signal* **(13-6221)** | |

**ANSWER[1], AFFIRMATIVE DEFENSES AND CROSS CLAIMS OF
SIGNAL INTERNATIONAL, L.L.C. AND SIGNAL INTERNATIONAL, INC.
TO THE PLAINTIFFS' COMPLAINT**

**MAY IT PLEASE THE COURT:**

Defendants, Signal International, LLC and Signal International, Inc., (hereafter "Signal"),

while reserving all rights, respectfully pleads as follows in response to Plaintiffs' First Amended

Complaint.

**DEFENSES**

First Defense

The Sixth Amended Complaint fails to state a claim upon which relief can be granted.

Second Defense

Plaintiffs have failed to plead with the particularity required by Rule 9(b).

---

[1] On June 2, 2015, Signal became authorized to re-urge its Motion for Partial Dismissal Under Rule 12(b)(6), consistent with the Court's Order and Reasons initially denying said motion, Rec. Doc. 305, at p. 8.  Due to its current financial position, Signal is choosing to file this Answer, Affirmative Defenses and Cross Claims rather than incur the costs of briefing a Motion to Dismiss.

Third Defense

Some or all of plaintiffs' claims are barred by statutes of limitation or repose.

Fourth Defense

The damages and injuries claimed to have been suffered were caused, in whole or in part, by the fault of plaintiffs themselves, barring or reducing any right they may otherwise have to a judgment herein.  This fault includes, but is not limited to the fact that some of them had actual or constructive knowledge of the falsity, or likely falsity, of information and/or promises they were receiving from some of the defendants, and that they knowingly made false statements to officials; plaintiffs knew or should have known that they were engaged and participating in wrongdoing. Further, plaintiffs had ample reason to investigate the situation and failed to do so. As a consequence, though Signal denies any liability to the plaintiffs whatsoever as to any claim, with regard to all or some of the claims set forth in the Complaint, plaintiffs were, in the alternative, gravely, *in pari delicto*.

Fifth Defense

The damages and injuries claimed to have been suffered by the Indian Workers were caused, in whole or in part, not by any fault, misconduct or alleged, nefarious behavior of Signal, but solely by the idiosyncrasies, misapprehensions and misunderstandings of the H-2B workers and by cultural and other such differences.

Specifically, relating to the recruitment claims, each Indian H-2B worker: (1) elected to employ the services of Michael Pol, Malvern Burnett, and Sachin Dewan; and their respective companies, Global Resources, Inc.; Gulf Coast Immigration Law Center, LLC and the Law Offices of Malvern C. Burnett; and Dewan Consultants Pvt. Ltd a/k/a Medtech Consultants; (2) was willing to pay the money that they allegedly paid in order to gain entry into

the United States; and (3) knew that the U.S. government was the only entity with the authority to issue visas and/or permanent residence.

Further, relating to the housing provided by Signal: (1) the realities of the post Katrina/Rita housing shortages required that Signal build the housing facilities, as the only reasonable means by which the Indian workers could be provided living quarters; (2) each worker knowingly and willingly signed housing agreements authorizing the housing deduction, and were advised of same during recruitment; (3) Signal did not force anyone to live at the housing facility; (4) the provided housing was not deficient; and (5) Signal continually worked to improve the living conditions of the Indian H-2B workers.

<u>Sixth Defense</u>

Plaintiffs claim reasonable reliance on representations made to them by agents of Signal. First, Signal denies that it authorized anyone to make false representations to the plaintiffs. If false representations were made to the plaintiffs by persons who were alleged agents of Signal, such representations were neither actually, impliedly, nor apparently authorized by Signal. Additionally, Signal's alleged agents were either not Signal's agents or were acting outside the scope of their actual and/or apparent authority. Further, Signal denies that plaintiffs justifiably relied on representations allegedly made to them by alleged agents of Signal.

Specifically, Michael Pol, Malvern Burnett, and Sachin Dewan; and their respective companies, Global Resources, Inc.; Gulf Coast Immigration Law Center, LLC and the Law Offices of Malvern C. Burnett; and Dewan Consultants Pvt. Ltd a/k/a Medtech Consultants, were either not Signal's agents or were acting outside the scope of their actual, implied, and/or apparent authority.

At no time did Signal ever authorize any of the above in alleged privity with it, or allegedly representing it, to deceive anyone, anywhere, for any reason, much less for reasons of employment.   To the contrary, Signal reasonably expected, and was affirmatively assured, that the above individuals and their companies were behaving legally and ethically in their dealings with both Signal and the incoming H-2B candidates.

To the degree that any of the above, or any other person or entity, allegedly representing Signal, or allegedly in privity with Signal, ever deceived anyone that said person or entity was not acting within the scope of such person's or entity's real, implied, or apparent authority. Accordingly, Signal is not, and cannot, be held responsible or liable for the acts of individuals and/or entities that are/were not its agents, or had exceeded the express, implied, or apparent authority of any such person and/or entity.

<u>Seventh Defense</u>

All actions taken by Signal and all policies and practices instituted by Signal with regard to the Indian Workers' recruitment, employment, and deductions were taken by Signal in good faith and in reliance upon the professional and/or other expert advice given Signal, advice on which it reasonably relied in good faith and for which it therefore cannot incur liability.

Specifically: (1) *22 C.F.R. § 40.1(l)(1)* requires a non-immigrant visa applicant to submit processing fee or fees when applying for his/her visa; (2) no statute or regulation required Signal to finance the inbound travel and/or visa expenses of the Indian workers; and (3) *29 U.S.C.S. § 203(m)* permits an employer to deduct from wages the cost of furnishing meals and lodging to an employee.

<u>Eighth Defense</u>

Signal pleads its cross claims as defenses to plaintiffs' claims.

## Ninth Defense

Signal contends that some of the plaintiffs' claims are barred by estoppel, waiver and/or ratification.  Specifically, the H-2B Indian workers each engaged in purposeful and/or negligent misconduct, such as: (1) allegedly electing to terminate their employment abroad; (2) allegedly taking out usurious loans to finance their decisions to apply for H-2B employment; and (3) allegedly paying significant recruitment fees all without knowing what company they would be working for, where they would be living, or how much money they would be earning.

## Tenth Defense

The plaintiffs' claims are barred by the unclean hands doctrine.  Specifically, the Indian H-2B workers have admitted, under oath: (1) that they lied to the U.S. government in order to secure their visas; (2) they lied to the U.S. Consulate about their intent immigrate to the United States; and (3) they exaggerated their professional skill levels, and their abilities to perform basic work functions in terms of reading and communicating in English, all of which should preclude their ability to recover against Signal.

## Eleventh Defense

This Court lacks jurisdiction of some or all of the claims alleged or asserted by plaintiffs.

## Twelfth Defense

Any wrongful or illegal acts of any other defendants who had a relationship with Signal were the acts of independent contractors for whom Signal is not responsible. Signal had no knowledge of, and did not condone, support, authorize or approve of, any illegal acts by such independent contractors.

<u>Thirteenth Defense</u>

With regard to allegations of intentional discrimination, all actions taken by Signal, and all policies and practices instituted by Signal, with regard to plaintiffs, were taken by Signal in good faith, for legitimate business reasons, and in reasonable reliance upon professional and other expert advice given Signal. Furthermore, plaintiffs suffered no damages, whether pecuniary or nonpecuniary, attributable to any knowing, intentional fault or wrongdoing of Signal.

At no time did Signal engage in acts, practices or policies with regard to employment or with regard to employees of any race or origin or knowing or believing that the same were in violation of any of the laws of the United States regarding civil rights or discrimination in employment.  The allegations that Signal intentionally discriminated against the H-2B workers, are vehemently denied.  In furtherance of said denial, exists evidence that, Signal intended, attempted, and did adhere to the laws of the United States, and did respect the federally protected rights of its H-2B workers.

Specifically, Signal engaged and/or was engaged by: (1) purported recruiting expert, Michael Pol and his company Global Resources, Inc., to ensure that all recruiting was done in accordance with federal law; and (2) legal representative Malvern Burnett, and his companies Gulf Coast Immigration Law Center, LLC and the Law Offices of Malvern C. Burnett, to ensure that Signal was acting / hiring / and/or terminating its H-2B workers in accordance with federal law.  Further, Signal: (4) confirmed that no regulation required it to pay the inbound travel and visa expenses of its H-2B workers to ensure compliance with federal law; (5) confirmed that the federal regulations allowed it to deduct the cost of food and housing from the H-2B workers' wages, in order to ensure compliance with federal law; (6) received the consent of each H-2B worker to deduct said wages for food and housing, in order to ensure compliance with law; (7)

obtained the written acknowledgment of each H-2B worker of his "at-will" employment status; and (8) had each facility inspected by the relevant authorities and received certificates of occupancy to ensure that it was acting in accordance with the relevant laws in terms of housing.

Throughout the course of Signal's H-2B program, Signal tirelessly consulted legal, recruiting, immigration, housing, and culinary professionals in order to ensure compliance with the requirements associated with its program.  Signal strictly followed the advice it was given by the aforementioned professionals and experts.  Signal did so, in an effort to ensure that Signal was complying with the laws of the United States in relation to its recruiting, employment, termination, and housing of its H-2B workers.

### Fourteenth Defense

Signal denies intentionally discriminating against anyone on the basis of race or national origin.  In the alternative, Signal took reasonable and timely steps to prevent and to promptly rectify any alleged illegal discrimination occurring at or within Signal by creating and implementing policies and procedures barring discrimination on the basis of race or national origin.  Further, Signal informed and educated its employees on the existence, content, and use of those policies and procedures.  Plaintiffs unreasonably failed to take advantage of preventative and corrective measures Signal implemented to address illegal discrimination.

### Fifteenth Defense

Plaintiffs were not treated less favorably than the non-Indian workforce. Further, as a matter of law, plaintiffs were not situated similarly to the non-Indian workforce. Therefore, plaintiffs cannot establish a *prima facie* case of disparate treatment. Additionally, the conduct complained of herein was, objectively, neither severe nor pervasive. Therefore, plaintiffs cannot establish a *prima facie* case of hostile work environment. Finally, plaintiffs were not engaged in

protected activity or actions and they therefore cannot establish a *prima facie* case of retaliation.

## Sixteenth Defense

The Complaint contains claims that are extraterritorial in character. Congress did not intend the claims in question to operate extraterritorially. Such claims are correspondingly unauthorized and invalid.

## Seventeenth Defense

Signal made no statement to any agency of the United States that it knew to be false, or contrary to law, when made, nor did it authorize any person to do so.

## Eighteenth Defense

Signal did not prey on the alleged vulnerabilities of the plaintiffs to cause them to labor against their will, and no plaintiff in this case labored for Signal against his will. Plaintiffs labored for wages and for other reasons personal to them.   In addition, Signal never threatened any plaintiffs in order to secure labor.  Each and every plaintiff provided labor to Signal consensually, as a matter of fact and law.

## Nineteenth Defense

At all times pertinent to this action, Signal believed that it had enlisted the help of personsor firms that could assist it in legally securing temporary, foreign labor.  Signal did not knowinglyemploy any person who entered this country illegally or for an unlawful purpose. Signal never knowingly transacted business with a firm or person engaged in human trafficking.

## Twentieth Defense

At no time did Signal, through words, speech, actions or inactions, knowingly or deliberately engage in conduct that manifested that Signal had authorized persons or firms associated with it to engage in fraud or deception or to violate any laws of the United States relating

to immigration or entry into the United States.

Twenty-First Defense

Signal never sought to deceive anyone or to gain an advantage over anyone for any illicit or unlawful purpose.  At all times pertinent to this action, whenever Signal engaged in an act that was designed to secure a foreign employee or to assist with such a person's entry into the United States, the act in which Signal engaged was motivated by a reasonable belief in the propriety or lawfulness of the action at issue.

Twenty-Second Defense

At all times pertinent to this action, if persons affiliated with Signal engaged in unlawful actions, Signal was unaware of them, and did not authorize or cause them.

Twenty-Third Defense

Signal's reliance on the knowledge and expertise of others with regard to the hiring of temporary foreign employees was justified by compelling circumstances and by an absence of notice that anything untoward was occurring.

Twenty-Fourth Defense

At all times pertinent hereto, Signal acted in the good faith belief that its actions with regard to the hiring of temporary foreign workers were lawful and proper.

Twenty-Fifth Defense

Since Signal never sought to deceive anyone, the allegation that it used the United States mails or other means of communication and commerce to perpetrate a fraud on a third person is without foundation. Similarly, it is false to contend that Signal used clandestine means to hide funds generated through fraudulent schemes, or that Signal engaged in travel to further fraudulent schemes. Signal did not engage in fraud. At all times pertinent to this action, Signal reasonably

-9-

and in good faith believed that it had associated itself with persons who would use only lawful means to secure, for Signal, skilled, temporary foreign workers.

Twenty-Sixth Defense

The version of 18 U.S.C. § 1589 applicable to this case is vague and overbroad as written or as applied in this case. The RICO "pattern" requirement as applied to this case is unconstitutional.  The version of 18 U.S.C. § 1589 that is applicable to this case must be construed in accordance with both the rule of lenity and the rule of constitutional avoidance.

Twenty-Seventh Defense

Signal was entitled to offset sums associated with providing food and lodging to plaintiffs because those provisions benefited plaintiffs who could, and did, use the facilities independent of their work.

Twenty-Eight Defense

Following Hurricanes Katrina and Rita, the expenses associated with food and lodging were consented to by the plaintiffs, and were necessary and reasonable in amount.

Twenty-Ninth Defense

Plaintiffs did not rely reasonably on the statements of the Recruiter Defendants.

Thirtieth Defense

Any damages suffered by plaintiffs (all of which are denied) should be offset by the benefits, income, and/or other advantages received from Signal.  Specifically, the Indian workers: (1) desired above all, regardless of cost, to immigrate to the United States with their families; and (2) earned a significant income while working at Signal that was greater than any of the workers had ever earned in their entire careers.

<u>Thirty-First Defense</u>

With regard to the food and lodging Signal provided to plaintiffs, the reasonable cost of such food and lodging was lawfully offset against wages. Signal was entitled to charge such reasonable costs against wages whether or not a specific plaintiff always used or consumed them. Food and lodging was regularly provided. Food and lodging complied with applicable requirements, both legal and regulatory. Signal provided food and lodging to plaintiffs primarily for their benefit. Plaintiffs used or consumed food and lodging furnished by Signal voluntarily, as evidenced by contracts for food and lodging signed by plaintiffs.

<u>Thirty-Second Defense</u>

Signal has kept and will produce records and other credible evidence concerning the reasonable cost of food and lodging provided by Signal.

<u>Thirty-Third Defense</u>

Signal did not furnish lodging in violation of any federal, state, or local law, nor in violation of any ordinance or prohibition.

<u>Thirty-Fourth Defense</u>

Signal did not require plaintiffs to live in lodging provided by it to meet a particular need of Signal. After the devastation caused, to the coasts of Texas and Mississippi, by Hurricanes Katrina and Rita, exigent circumstances established that food and lodging were provided for the primary benefit of plaintiffs.

<u>Thirty-Fifth Defense</u>

Signal participated in no conspiracy to deprive the plaintiffs of constitutionally protected rights or to coerce plaintiffs into providing involuntary or forced labor.

## JURISDICTION AND VENUE

### 1.

Signal denies that this Court has supplemental jurisdiction over causes of action based on state law pursuant to 28 U.S.C. §1367(a).  Because the federal claims herein are without merit, they should be dismissed, which would render 1367(a) inapplicable, precluding jurisdiction.

### 2.

Signal admits that this Court has jurisdiction over all other claims herein.

### 3.

Subject to the above denials, Signal admits that the Eastern District of Louisiana is the proper venue.

## RESPONSES TO NUMBERED
## PARAGRAPHS OF THE COMPLAINT

### 4.

The allegations of paragraph 1 are denied for lack of sufficient information to support a belief therein.

### 5.

The allegations of paragraph 2 are denied for lack of sufficient information to support a belief therein.

### 6.

The allegations of paragraph 3 are denied for lack of sufficient information to support a belief therein.

7.

The allegations of paragraph 4 are denied for lack of sufficient information to support a belief therein.

8.

The allegations of paragraph 5 are denied for lack of sufficient information to support a belief therein.

9.

The allegations of paragraph 6 are denied for lack of sufficient information to support a belief therein.

10.

The allegations of paragraph 7 are denied for lack of sufficient information to support a belief therein.

11.

The allegations of paragraph 8 are denied for lack of sufficient information to support a belief therein.

12.

The allegations of paragraph 9 are denied for lack of sufficient information to support a belief therein.

13.

The allegations of paragraph 10 are denied for lack of sufficient information to support a belief therein.

14.

The allegations of paragraph 11 are denied for lack of sufficient information to support a belief therein.

15.

The allegations of paragraph 12 are denied for lack of sufficient information to support a belief therein.

16.

The allegations of paragraph 13 are denied for lack of sufficient information to support a belief therein.

17.

The allegations of paragraph 14 are denied for lack of sufficient information to support a belief therein.

18.

The allegations of paragraph 15 are denied for lack of sufficient information to support a belief therein.

19.

The allegations of paragraph 16 are denied for lack of sufficient information to support a belief therein.

20.

The allegations of paragraph 17 are denied for lack of sufficient information to support a belief therein.

21.

The allegations of paragraph 18 are denied for lack of sufficient information to support a belief therein.

22.

The allegations of paragraph 19 are denied for lack of sufficient information to support a belief therein.

23.

The allegations of paragraph 20 are denied for lack of sufficient information to support a belief therein.

24.

The allegations of paragraph 21 are denied for lack of sufficient information to support a belief therein.

25.

The allegations of paragraph 22 are denied for lack of sufficient information to support a belief therein.

26.

The allegations of paragraph 23 are denied for lack of sufficient information to support a belief therein.

27.

The allegations of paragraph 24 are denied for lack of sufficient information to support a belief therein.

28.

The allegations of paragraph 25 are denied for lack of sufficient information to support a belief therein.

29.

The allegations of paragraph 26 are denied for lack of sufficient information to support a belief therein.

30.

The allegations of paragraph 27 are denied for lack of sufficient information to support a belief therein.

31.

The allegations of paragraph 28 are denied for lack of sufficient information to support a belief therein.

32.

The allegations of paragraph 29 are denied for lack of sufficient information to support a belief therein.

33.

The allegations of paragraph 30 are denied for lack of sufficient information to support a belief therein.

34.

The allegations of paragraph 31 are denied for lack of sufficient information to support a belief therein.

35.

The allegations of paragraph 32 are denied for lack of sufficient information to support a belief therein.

36.

The allegations of paragraph 33 are denied for lack of sufficient information to support a belief therein.

37.

The allegations of paragraph 34 are denied for lack of sufficient information to support a belief therein.

38.

The allegations of paragraph 35 are denied for lack of sufficient information to support a belief therein.

39.

The allegations of paragraph 36 are denied for lack of sufficient information to support a belief therein.

40.

The allegations of paragraph 37 are denied for lack of sufficient information to support a belief therein.

41.

The allegations of paragraph 38 are denied for lack of sufficient information to support a belief therein.

42.

The allegations of paragraph 39 are denied for lack of sufficient information to support a belief therein.

43.

The allegations of paragraph 40 are denied for lack of sufficient information to support a belief therein.

44.

The allegations of paragraph 41 are denied for lack of sufficient information to support a belief therein.

45.

The allegations of paragraph 42 are denied for lack of sufficient information to support a belief therein.

46.

The allegations of paragraph 43 are denied for lack of sufficient information to support a belief therein.

47.

The allegations of paragraph 44 are denied for lack of sufficient information to support a belief therein.

48.

The allegations of paragraph 45 are denied for lack of sufficient information to support a belief therein.

49.

The allegations of paragraph 46 are denied for lack of sufficient information to support a belief therein.

50.

The allegations of paragraph 47 are denied for lack of sufficient information to support a belief therein.

51.

The allegations of paragraph 48 are denied for lack of sufficient information to support a belief therein.

52.

The allegations of paragraph 49 are denied for lack of sufficient information to support a belief therein.

53.

The allegations of paragraph 50 are denied for lack of sufficient information to support a belief therein.

54.

The allegations of paragraph 51 are denied for lack of sufficient information to support a belief therein.

55.

The allegations of paragraph 52 are denied for lack of sufficient information to support a belief therein.

56.

The allegations of paragraph 53 are denied for lack of sufficient information to support a belief therein.

57.

The allegations of paragraph 54 are denied for lack of sufficient information to support a belief therein.

58.

The allegations of paragraph 55 are denied for lack of sufficient information to support a belief therein.

59.

The allegations of paragraph 56 are denied for lack of sufficient information to support a belief therein.

60.

The allegations of paragraph 57 are denied for lack of sufficient information to support a belief therein.

61.

The allegations of paragraph 58 are denied for lack of sufficient information to support a belief therein.

62.

The allegations of paragraph 59 are denied for lack of sufficient information to support a belief therein.

63.

The allegations of paragraph 60 are denied for lack of sufficient information to support a belief therein.

64.

The allegations of paragraph 61 are denied for lack of sufficient information to support a belief therein.

65.

The allegations of paragraph 62 are denied for lack of sufficient information to support a belief therein.

66.

The allegations of paragraph 63 are denied for lack of sufficient information to support a belief therein.

67.

The allegations of paragraph 64 are denied for lack of sufficient information to support a belief therein.

68.

The allegations of paragraph 65 are denied for lack of sufficient information to support a belief therein.

69.

The allegations of paragraph 66 are denied for lack of sufficient information to support a belief therein.

70.

The allegations of paragraph 67 are denied for lack of sufficient information to support a belief therein.

71.

The allegations of paragraph 68 are denied for lack of sufficient information to support a belief therein.

72.

The allegations of paragraph 69 are denied for lack of sufficient information to support a belief therein.

73.

The allegations of paragraph 70 are denied for lack of sufficient information to support a belief therein.

74.

The allegations of paragraph 71 are denied for lack of sufficient information to support a belief therein.

75.

The allegations of paragraph 72 are denied for lack of sufficient information to support a belief therein.

76.

The allegations of paragraph 73 are denied for lack of sufficient information to support a belief therein.

77.

The allegations of paragraph 74 are denied for lack of sufficient information to support a belief therein.

78.

The allegations of paragraph 75 are denied for lack of sufficient information to support a belief therein.

79.

The allegations of paragraph 76 are denied for lack of sufficient information to support a belief therein.

80.

The allegations of paragraph 77 are denied for lack of sufficient information to support a belief therein.

81.

The allegations of paragraph 78 are denied for lack of sufficient information to support a belief therein.

82.

The allegations of paragraph 79 are denied for lack of sufficient information to support a belief therein.

83.

The allegations of paragraph 80 are denied for lack of sufficient information to support a belief therein.

84.

The allegations of paragraph 81 are denied for lack of sufficient information to support a belief therein.

85.

The allegations of paragraph 82 are denied for lack of sufficient information to support a belief therein.

86.

The allegations of paragraph 83 are denied for lack of sufficient information to support a belief therein.

87.

The allegations of paragraph 84 are denied for lack of sufficient information to support a belief therein.

88.

The allegations of paragraph 85 are denied for lack of sufficient information to support a belief therein.

89.

The allegations of paragraph 86 are denied for lack of sufficient information to support a belief therein.

90.

The allegations of paragraph 87 are denied for lack of sufficient information to support a belief therein.

91.

The allegations of paragraph 88 are denied for lack of sufficient information to support a belief therein.

92.

The allegations of paragraph 89 are denied for lack of sufficient information to support a belief therein.

93.

The allegations of paragraph 90 are denied for lack of sufficient information to support a belief therein.

94.

The allegations of paragraph 91 are denied for lack of sufficient information to support a belief therein.

95.

The allegations of paragraph 92 are denied for lack of sufficient information to support a belief therein.

96.

The allegations of paragraph 93 are denied for lack of sufficient information to support a belief therein.

97.

The allegations of paragraph 94 are denied for lack of sufficient information to support a belief therein.

98.

The allegations of paragraph 95 are denied for lack of sufficient information to support a belief therein.

99.

The allegations of paragraph 96 are denied for lack of sufficient information to support a belief therein.

100.

The allegations of paragraph 97 are denied for lack of sufficient information to support a belief therein.

101.

The allegations of paragraph 98 are denied for lack of sufficient information to support a belief therein.

102.

The allegations of paragraph 99 are denied for lack of sufficient information to support a belief therein.

103.

The allegations of paragraph 100 are denied for lack of sufficient information to support a belief therein.

104.

The allegations of paragraph 101 are denied for lack of sufficient information to support a belief therein.

105.

The allegations of paragraph 102 are denied for lack of sufficient information to support a belief therein.

106.

The allegations of paragraph 103 are denied for lack of sufficient information to support a belief therein.

107.

The allegations of paragraph 104 are denied for lack of sufficient information to support a belief therein.

108.

The allegations of paragraph 105 are denied for lack of sufficient information to support a belief therein.

109.

The allegations of paragraph 106 are denied for lack of sufficient information to support a belief therein.

110.

The allegations of paragraph 107 are denied for lack of sufficient information to support a belief therein.

111.

The allegations of paragraph 108 are denied for lack of sufficient information to support a belief therein.

112.

The allegations of paragraph 109 are denied for lack of sufficient information to support a belief therein.

113.

The allegations of paragraph 110 are denied for lack of sufficient information to support a belief therein.

114.

The allegations of paragraph 111 are denied for lack of sufficient information to support a belief therein.

115.

The allegations of paragraph 112 are denied for lack of sufficient information to support a belief therein.

116.

The allegations of paragraph 113 are denied for lack of sufficient information to support a belief therein.

117.

The allegations of paragraph 114 are denied for lack of sufficient information to support a belief therein.

118.

The allegations of paragraph 115 are denied for lack of sufficient information to support a belief therein.

119.

The allegations of paragraph 116 are denied for lack of sufficient information to support a belief therein.

120.

The allegations of paragraph 117 are denied for lack of sufficient information to support a belief therein.

121.

The allegations of paragraph 118 are denied for lack of sufficient information to support a belief therein.

122.

The allegations of paragraph 119 are denied for lack of sufficient information to support a belief therein.

123.

The allegations of paragraph 120 are denied for lack of sufficient information to support a belief therein.

124.

The allegations of paragraph 121 are denied for lack of sufficient information to support a belief therein.

125.

The allegations of paragraph 122 are denied for lack of sufficient information to support a belief therein.

126.

The allegations of paragraph 123 are denied for lack of sufficient information to support a belief therein.

127.

The allegations of paragraph 124 are denied for lack of sufficient information to support a belief therein.

128.

The allegations of paragraph 125 are denied for lack of sufficient information to support a belief therein.

129.

The allegations of paragraph 126 are denied for lack of sufficient information to support a belief therein.

130.

The allegations of paragraph 127 are denied for lack of sufficient information to support a belief therein.

131.

The allegations of paragraph 128 are denied for lack of sufficient information to support a belief therein.

132.

The allegations of paragraph 129 are denied for lack of sufficient information to support a belief therein.

133.

The allegations of paragraph 130 are denied for lack of sufficient information to support a belief therein.

134.

The allegations of paragraph 131 are denied for lack of sufficient information to support a belief therein.

135.

The allegations of paragraph 132 are denied for lack of sufficient information to support a belief therein.

136.

The allegations of paragraph 133 are denied for lack of sufficient information to support a belief therein.

137.

The allegations of paragraph 134 are denied for lack of sufficient information to support a belief therein.

138.

The allegations of paragraph 135 are denied for lack of sufficient information to support a belief therein.

139.

The allegations of paragraph 136 are denied for lack of sufficient information to support a belief therein.

140.

The allegations of paragraph 137 are denied for lack of sufficient information to support a belief therein.

141.

The allegations of paragraph 138 are denied for lack of sufficient information to support a belief therein.

142.

The allegations of paragraph 139 are denied for lack of sufficient information to support a belief therein.

143.

The allegations of paragraph 140 are denied for lack of sufficient information to support a belief therein.

144.

The allegations of paragraph 141 are denied for lack of sufficient information to support a belief therein.

145.

The allegations of paragraph 142 are denied for lack of sufficient information to support a belief therein.

146.

The allegations of paragraph 143 are denied for lack of sufficient information to support a belief therein.

147.

The allegations of paragraph 144 are denied for lack of sufficient information to support a belief therein.

148.

The allegations of paragraph 145 are denied for lack of sufficient information to support a belief therein.

149.

The allegations of paragraph 146 are denied for lack of sufficient information to support a belief therein.

150.

The allegations of paragraph 147 are denied for lack of sufficient information to support a belief therein.

151.

The allegations of paragraph 148 are denied for lack of sufficient information to support a belief therein.

152.

The allegations of paragraph 149 are denied for lack of sufficient information to support a belief therein.

153.

The allegations of paragraph 150 are denied for lack of sufficient information to support a belief therein.

154.

The allegations of paragraph 151 are denied for lack of sufficient information to support a belief therein.

155.

The allegations of paragraph 152 are denied for lack of sufficient information to support a belief therein.

156.

The allegations of paragraph 153 are denied for lack of sufficient information to support a belief therein.

157.

The allegations of paragraph 154 are denied for lack of sufficient information to support a belief therein.

158.

The allegations of paragraph 155 are denied for lack of sufficient information to support a belief therein.

159.

The allegations of paragraph 156 are denied for lack of sufficient information to support a belief therein.

160.

The allegations of paragraph 157 are denied for lack of sufficient information to support a belief therein.

161.

The allegations of paragraph 158 are denied for lack of sufficient information to support a belief therein.

162.

The allegations of paragraph 159 are denied for lack of sufficient information to support a belief therein.

163.

The allegations of paragraph 160 are denied for lack of sufficient information to support a belief therein.

164.

The allegations of paragraph 161 are denied for lack of sufficient information to support a belief therein.

165.

The allegations of paragraph 162 are denied for lack of sufficient information to support a belief therein.

166.

The allegations of paragraph 163 are denied for lack of sufficient information to support a belief therein.

167.

The allegations of paragraph 164 are denied for lack of sufficient information to support a belief therein.

168.

The allegations of paragraph 165 are denied for lack of sufficient information to support a belief therein.

169.

The allegations of paragraph 166 are denied for lack of sufficient information to support a belief therein.

170.

The allegations of paragraph 167 are denied for lack of sufficient information to support a belief therein.

171.

The allegations of paragraph 168 are denied for lack of sufficient information to support a belief therein.

172.

The allegations of paragraph 169 are denied for lack of sufficient information to support a belief therein.

173.

The allegations of paragraph 170 are denied for lack of sufficient information to support a belief therein.

174.

The allegations of paragraph 171 are denied for lack of sufficient information to support a belief therein.

175.

The allegations of paragraph 172 are denied for lack of sufficient information to support a belief therein.

176.

The allegations of paragraph 173 are denied for lack of sufficient information to support a belief therein.

177.

The allegations of paragraph 174 are denied for lack of sufficient information to support a belief therein.

178.

The allegations of paragraph 175 are denied for lack of sufficient information to support a belief therein.

179.

The allegations of paragraph 176 are denied for lack of sufficient information to support a belief therein.

180.

The allegations of paragraph 177 are denied for lack of sufficient information to support a belief therein.

181.

The allegations of paragraph 178 are denied for lack of sufficient information to support a belief therein.

182.

The allegations of paragraph 179 are denied for lack of sufficient information to support a belief therein.

183.

The allegations of paragraph 180 are denied for lack of sufficient information to support a belief therein.

184.

The allegations of paragraph 181 are denied for lack of sufficient information to support a belief therein.

185.

The allegations of paragraph 182 are denied for lack of sufficient information to support a belief therein.

186.

The allegations of paragraph 183 are denied for lack of sufficient information to support a belief therein.

187.

The allegations of paragraph 184 are denied for lack of sufficient information to support a belief therein.

188.

The allegations of paragraph 185 are denied for lack of sufficient information to support a belief therein.

189.

The allegations of paragraph 186 are denied for lack of sufficient information to support a belief therein.

190.

The allegations of paragraph 187 are denied for lack of sufficient information to support a belief therein.

191.

The allegations of paragraph 188 are denied for lack of sufficient information to support a belief therein.

192.

The allegations of paragraph 189 are denied for lack of sufficient information to support a belief therein.

193.

The allegations of paragraph 190 are denied for lack of sufficient information to support a belief therein.

194.

The allegations of paragraph 191 are denied for lack of sufficient information to support a belief therein.

195.

The allegations of paragraph 192 are denied for lack of sufficient information to support a belief therein.

196.

The allegations of paragraph 193 are denied for lack of sufficient information to support a belief therein.

197.

The allegations of paragraph 194 are denied for lack of sufficient information to support a belief therein.

198.

The allegations of paragraph 195 are denied for lack of sufficient information to support a belief therein.

199.

The allegations of paragraph 196 are denied for lack of sufficient information to support a belief therein.

200.

The allegations of paragraph 197 are denied for lack of sufficient information to support a belief therein.

201.

The allegations of paragraph 198 are denied for lack of sufficient information to support a belief therein.

202.

The allegations of paragraph 199 are denied for lack of sufficient information to support a belief therein.

203.

The allegations of paragraph 200 are denied for lack of sufficient information to support a belief therein.

204.

The allegations of paragraph 201 are denied for lack of sufficient information to support a belief therein.

205.

The allegations of paragraph 202 are denied for lack of sufficient information to support a belief therein.

206.

The allegations of paragraph 203 are denied for lack of sufficient information to support a belief therein.

207.

The allegations of paragraph 204 are denied for lack of sufficient information to support a belief therein.

208.

The allegations of paragraph 205 are denied for lack of sufficient information to support a belief therein.

209.

The allegations of paragraph 206 are denied for lack of sufficient information to support a belief therein.

210.

The allegations of paragraph 207 are denied for lack of sufficient information to support a belief therein.

211.

The allegations of paragraph 208 are denied for lack of sufficient information to support a belief therein.

212.

The allegations of paragraph 209 are denied for lack of sufficient information to support a belief therein.

213.

The allegations of paragraph 210 are denied for lack of sufficient information to support a belief therein.

214.

The allegations of paragraph 211 are denied for lack of sufficient information to support a belief therein.

215.

The allegations of paragraph 212 are denied for lack of sufficient information to support a belief therein.

216.

The allegations of paragraph 213 are denied for lack of sufficient information to support a belief therein.

217.

The allegations of paragraph 214 are denied for lack of sufficient information to support a belief therein.

218.

The allegations of paragraph 215 are denied for lack of sufficient information to support a belief therein.

219.

The allegations of paragraph 216 are denied for lack of sufficient information to support a belief therein.

220.

The allegations of paragraph 217 are denied for lack of sufficient information to support a belief therein.

221.

The allegations of paragraph 218 are denied for lack of sufficient information to support a belief therein.

222.

The allegations of paragraph 219 are denied for lack of sufficient information to support a belief therein.

223.

The allegations of paragraph 220 are denied for lack of sufficient information to support a belief therein.

224.

The allegations of paragraph 221 are denied for lack of sufficient information to support a belief therein.

225.

The allegations of paragraph 222 are denied for lack of sufficient information to support a belief therein.

226.

The allegations of paragraph 223 are denied for lack of sufficient information to support a belief therein.

227.

The allegations of paragraph 224 are denied for lack of sufficient information to support a belief therein.

228.

The allegations of paragraph 225 are denied for lack of sufficient information to support a belief therein.

229.

The allegations of paragraph 226 are denied for lack of sufficient information to support a belief therein.

230.

The allegations of paragraph 227 are denied for lack of sufficient information to support a belief therein.

231.

The allegations of paragraph 228 are denied for lack of sufficient information to support a belief therein.

232.

The allegations of paragraph 229 are denied for lack of sufficient information to support a belief therein.

233.

The allegations of paragraph 230 are denied for lack of sufficient information to support a belief therein.

234.

The allegations of paragraph 231 are denied for lack of sufficient information to support a belief therein.

235.

The allegations of paragraph 232 are denied for lack of sufficient information to support a belief therein.

236.

The allegations of paragraph 233 are denied for lack of sufficient information to support a belief therein.

237.

The allegations of paragraph 234 are denied for lack of sufficient information to support a belief therein.

238.

The allegations of paragraph 235 are denied for lack of sufficient information to support a belief therein.

239.

The allegations of paragraph 236 are denied for lack of sufficient information to support a belief therein.

240.

The allegations of paragraph 237 are denied for lack of sufficient information to support a belief therein.

241.

The allegations of paragraph 238 are denied for lack of sufficient information to support a belief therein.

242.

The allegations of paragraph 239 are denied for lack of sufficient information to support a belief therein.

243.

The allegations of paragraph 240 are denied for lack of sufficient information to support a belief therein.

244.

The allegations of paragraph 241 are denied for lack of sufficient information to support a belief therein.

245.

The allegations of paragraph 242 are denied for lack of sufficient information to support a belief therein.

246.

The allegations of paragraph 243 are denied for lack of sufficient information to support a belief therein.

247.

The allegations of paragraph 244 are denied for lack of sufficient information to support a belief therein.

248.

The allegations of paragraph 245 are denied for lack of sufficient information to support a belief therein.

249.

The allegations of paragraph 246 are denied for lack of sufficient information to support a belief therein.

250.

The allegations of paragraph 247 are denied for lack of sufficient information to support a belief therein.

251.

The allegations of paragraph 248 are denied for lack of sufficient information to support a belief therein.

252.

The allegations of paragraph 249 are denied for lack of sufficient information to support a belief therein.

253.

The allegations of paragraph 250 are denied for lack of sufficient information to support a belief therein.

254.

The allegations of paragraph 251 are denied for lack of sufficient information to support a belief therein.

255.

The allegations of paragraph 252 are denied for lack of sufficient information to support a belief therein.

256.

The allegations of paragraph 253 are denied for lack of sufficient information to support a belief therein.

257.

The allegations of paragraph 254 are denied for lack of sufficient information to support a belief therein.

258.

The allegations of paragraph 255 are denied for lack of sufficient information to support a belief therein.

259.

The allegations of paragraph 256 are denied for lack of sufficient information to support a belief therein.

260.

The allegations of paragraph 257 are denied for lack of sufficient information to support a belief therein.

261.

The allegations of paragraph 258 are denied for lack of sufficient information to support a belief therein.

262.

The allegations of paragraph 259 are denied for lack of sufficient information to support a belief therein.

263.

The allegations of paragraph 260 are denied for lack of sufficient information to support a belief therein.

264.

The allegations of paragraph 261 are denied for lack of sufficient information to support a belief therein.

265.

The allegations of paragraph 262 are denied for lack of sufficient information to support a belief therein.

266.

The allegations of paragraph 263 are denied for lack of sufficient information to support a belief therein.

267.

The allegations of paragraph 264 are denied for lack of sufficient information to support a belief therein.

268.

The allegations of paragraph 265 are denied for lack of sufficient information to support a belief therein.

269.

The allegations of paragraph 266 are denied for lack of sufficient information to support a belief therein.

270.

The allegations of paragraph 267 are denied for lack of sufficient information to support a belief therein.

271.

The allegations of paragraph 268 are denied for lack of sufficient information to support a belief therein.

272.

The allegations of paragraph 269 are denied for lack of sufficient information to support a belief therein.

273.

The allegations of paragraph 270 are denied for lack of sufficient information to support a belief therein.

274.

The allegations of paragraph 271 are denied for lack of sufficient information to support a belief therein.

275.

The allegations of paragraph 272 are denied for lack of sufficient information to support a belief therein.

276.

The allegations of paragraph 273 are denied for lack of sufficient information to support a belief therein.

277.

Signal incorporates by reference each and every response to allegations re-alleged and incorporated by referenced by plaintiffs in paragraph 274.

278.

The allegations of paragraph 275 are denied.

279.

The allegations of paragraph 276 are denied.

280.

The allegations of paragraph 277 are denied.

281.

The allegations of paragraph 278 are denied.

282.

The allegations of paragraph 279 are denied.

283.

The allegations of paragraph 280 are denied.

284.

The allegations of paragraph 281 are denied.

285.

The allegations of paragraph 282 are denied.

286.

The allegations of paragraph 283 are denied.

287.

The allegations of paragraph 284 are denied.

288.

The allegations of paragraph 285 are denied.

289.

The allegations of paragraph 286 are denied.

290.

The allegations of paragraph 287 are denied.

291.

The allegations of paragraph 288 are denied.

292.

The allegations of paragraph 289 are denied.

293.

Signal incorporates by reference each and every response to allegations re-alleged and incorporated by referenced by plaintiffs in paragraph 290.

294.

The allegations of paragraph 291 are denied.

295.

The allegations of paragraph 292 are denied.

296.

The allegations of paragraph 293 are denied.

297.

The allegations of paragraph 294 are denied.

298.

The allegations of paragraph 295 are denied.

299.

The allegations of paragraph 296 are denied.

300.

The allegations of paragraph 297 are denied.

301.

The allegations of paragraph 298 are denied.

302.

The allegations of paragraph 299 are denied.

303.

The allegations of paragraph 300 are denied.

304.

The allegations of paragraph 301 are denied.

305.

The allegations of paragraph 302 are denied.

306.

The allegations of paragraph 303 are denied.

307.

Signal incorporates by reference each and every response to allegations re-alleged and incorporated by referenced by plaintiffs in paragraph 304.

308.

The allegations of paragraph 305 are denied.

309.

The allegations of paragraph 306 are denied.

310.

The allegations of paragraph 307 are denied.

311.

The allegations of paragraph 308 are denied.

312.

The allegations of paragraph 309 are denied.

313.

The allegations of paragraph 310 are denied.

314.

The allegations of paragraph 311 are denied.

315.

The allegations of paragraph 312 are denied.

316.

The allegations of paragraph 313 are denied.

317.

The allegations of paragraph 314 are denied.

318.

The allegations of paragraph 315 are denied.

319.

The allegations of paragraph 316 are denied.

320.

The allegations of paragraph 317 are denied.

321.

The allegations of paragraph 318 are denied.

322.

The allegations of paragraph 319 are denied.

323.

The allegations of paragraph 320 are denied.

324.

Signal incorporates by reference each and every response to allegations re-alleged and incorporated by referenced by plaintiffs in paragraph 321

325.

The allegations of paragraph 322 are denied.

326.

The allegations of paragraph 323 are denied.

327.

The allegations of paragraph 324 are denied.

328.

The allegations of paragraph 325 are denied.

329.

The allegations of paragraph 326 are denied.

330.

The allegations of paragraph 327 are denied.

331.

The allegations of paragraph 328 are denied.

332.

The allegations of paragraph 329 are denied.

333.

The allegations of paragraph 330 are denied.

334.

The allegations of paragraph 331 are denied.

335.

The allegations of paragraph 332 are denied.

336.

The allegations of paragraph 333 are denied.

337.

The allegations of paragraph 334 are denied.

338.

The allegations of paragraph 335 are denied.

339.

The allegations of paragraph 336 are denied.

340.

The allegations of paragraph 337 are denied.

341.

Signal incorporates by reference each and every response to allegations re-alleged and

incorporated by referenced by plaintiffs in paragraph 338.

342.

The allegations of paragraph 339 are denied.

343.

The allegations of paragraph 340 are denied.

344.

The allegations of paragraph 341 are denied.

345.

The allegations of paragraph 342 are denied.

346.

The allegations of paragraph 343 are denied.

347.

The allegations of paragraph 344 are denied.

348.

The allegations of paragraph 345 are denied.

349.

The allegations of paragraph 346 are denied.

350.

The allegations of paragraph 347 are denied.

351.

The allegations of paragraph 348 are denied.

352.

The allegations of paragraph 349 are denied.

353.

The allegations of paragraph 350 are denied.

354.

The allegations of paragraph 351 are denied.

## **CROSS CLAIMS**

### CROSS CLAIM DEFENDANTS

355.

Cross claim defendants herein are defined and identified as follows:

"Recruiter Defendants" include Global Resources, Inc., Dewan Consultants Pvt. Ltd, and Sachin Dewan.

"Legal Facilitator Defendants" include Malvern Burnett, Gulf Coast Immigration Law Center, L.L.C., and Law Offices of Malvern C. Burnett, A.P.C.

356.

In 2006, in the wake of the labor shortages caused by Hurricanes Katrina and Rita, cross claim defendant Michael Pol ("Pol")[2], president of defendant Global Resources, Inc. ("Global"), approached Signal with a proposal to supplement Signal's depleted workforce with skilled labor from lawful foreign sources.

---

[2]  Signal has temporarily suspended its cross claims against Michael Pol individually pending resolution of the automatic stay, and the motion to lift said stay, in the Southern District of Mississippi.  See in Re: MICHAEL. POL, CASE NO. 12-51168, U.S. Bankruptcy Court, Southern District of Mississippi (6/13/13).

357.

Pol represented that he was the president of cross claim defendant Global and was experienced in connecting skilled workers with employers via H-2B temporary visas. Pol stated that he had contacts abroad that could help with the process of recruiting qualified employees for the H-2B visas.

358.

Signal later learned that cross claim defendants Dewan Consultants Pvt. Ltd. aka Medtech Consultants, Sachin Dewan ("Dewan"), Malvern C. Burnett ("Burnett"), Gulf Coast Immigration Law Center, L.L.C., and the Law Offices of Malvern C. Burnett, A.P.C. were all working as a team with Pol and his company. Upon information and belief, Dewan and Burnett had known and worked with Pol as a recruiting team in India from as far back as 1996.

359.

Faced with crippling labor shortages, Signal relied on Pol and his company Global, as well as the Burnett and Dewan cross claim defendants and their companies, as Signal had no experience with immigration law, foreign recruiting, or the hiring of foreign workers through the H-2B visa process.

360.

Signal executed a contract with cross claim defendants Pol and Global. This contract provided Signal with legal, immigration services from cross claim defendant attorney Burnett and his companies. Among other provisions, the contract with Pol and Global stated that:

-- "Global is in the business of assisting skilled Foreign Workers abroad, for a fee to be paid by the Foreign Workers, to find employment in the United States under the H-2B or I-140 'Permanent Residence' process." (p. 1, ¶ 3);

-- "In entering this agreement, Signal relies on Global's experience and expertise in procuring foreign workers . . . ." (p. 5, ¶ 19);

-- "Global will provide all immigration documents for the selected Foreign Workers and an immigration attorney to file the proper documents for the 'H-2B' and/or 'permanent resident' process." (p. 1, ¶ 2);

-- "Global will provide to Signal, at no extra charge, an Immigration Attorney to assist, advise, and process the Signal requirements for migrating the skilled Foreign Workers, including but not limited to the filing and processing of any certifications applications with the appropriate State Workforce Agency and USCIS." (p. 1, ¶ 3);

-- "The Immigration Attorney assigned to provide such services to Signal shall owe a duty of loyalty to Signal." (p.1-2, ¶ 3).

361.

Although the contract referred in boilerplate to both "H-2B and/or permanent resident" workers and visas, cross claim defendants Pol and Global stated that the workers would come to work for Signal on H-2B visas.

362.

Cross claim defendants Burnett and his Law Firm were the "Immigration Attorney" provided under the contract with cross claim defendants Pol and Global.  Burnett represented that he had extensive experience in immigration law, and that he was licensed to practice law in both Mississippi and Louisiana.  Per the contract, Burnett owed a fiduciary duty to Signal.

363.

Signal engaged cross claim defendants for their expertise and thus followed their advice and instructions with respect to H-2B visa procurement and recruitment.

364.

In contracting with cross claim defendants, Signal relied on their professed knowledge, skill, integrity, and loyalty.  Further, Signal relied on the cross claim defendants to manage all matters properly, legally, and ethically.

365.

On or about November 1, 2006, the first wave of H-2B recruits arrived at Signal.  Due to an acute housing shortage caused by Hurricanes Katrina and Rita, the workers were housed in custom built facilities that included sleeping quarters, lavatories, showers, and television and other recreational rooms and outdoor areas.  The facilities were equipped with Internet and an experienced Indian chef was hired by Signal to oversee meal preparation and service.

366.

Cross claim defendants deliberately concealed from Signal the true facts relating to their recruiting processes, the laws concerning same, and the arrangements among the cross claim defendants regarding the process, while also concealing the various false promises and representations made to some of the prospective H-2B workers during recruiting.

367.

Concealed from Signal was the fact that the cross claim defendants had contracted with some of the foreign workers even before Hurricanes Katrina and Rita, i.e., before Signal's critical labor shortage, before Pol solicited Signal, and before Signal had contracted with, or had even met, any of the cross claim defendants.

368.

Unbeknownst to Signal, the cross claim defendants had promised some of the foreign workers that they would be processed and approved for employer-sponsored green cards for

employers other than Signal.  The cross claim defendants charged those workers additional fees for H-2B applications and further told some of those workers that the H-2B temporary visa was but a step towards their promised green card.

369.

Signal later learned that the cross claim defendants had also told some of the other workers that they could come to the United States, and, upon arrival, Signal would apply and sponsor them for green cards while they were working for Signal under the H-2B visa.

370.

Cross claim defendants' false and misleading green card promises, and the representations that Signal would obtain green cards for the workers, came about in various ways.  For instance, there were some workers who had paid the cross claim defendants for green card applications long before Signal decided, in 2006, to bring in workers on H-2B visas.  These workers had apparently paid the cross claim defendants in 2003 and 2004 on a promise that they would obtain green cards and become lawful permanent residents in this country within 18-24 months.  By 2006, those promises were long unfulfilled.  Cross claim defendants saw an opportunity, when Signal sought H-2B workers, to send these workers to the United States with a false promise that a job at Signal would result in a green card.

371.

Cross claim defendants' false and misleading green card promises were also directed at workers who were recruited after Signal decided to employ H-2B workers.  Apparently, these workers were told that employment at Signal would result in green cards.

372.

In addition to misleading the workers, cross claim defendants misled Signal.  Neither Burnett nor Pol explained to Signal that H-2B visas and green cards were incompatible.  Pol never divulged that he and Burnett had contracted with some of the workers before 2006.  Signal trusted Burnett and Pol to provide it with accurate information concerning H-2B visas and green cards. Further, according to contract, Burnett was Signal's lawyer and owed Signal a duty of loyalty. Signal reasonably followed Burnett's instructions and relied on his advice concerning the H-2B process.  At no time did Signal ever authorize any party to mislead anyone.

373.

Cross claim defendants manipulated Signal using the labor shortage caused by Hurricanes Katrina and Rita to their advantage.  Some workers had contracted with and had paid cross claim defendants in 2003 and 2004 in exchange for the promise of lawful permanent residence, sponsored by employers other than Signal, in the United States within 18-24 months.  Cross claim defendants used Signal's labor shortage as a way to get those frustrated and angry workers into the United States.  Burnett and Pol did not inform Signal that it was contrary to law and a violation of the workers' H-2B visa status to apply for green cards.  Those workers were funneled to Signal and it reasonably appeared to Signal that its request for H-2B workers was being satisfied.

374.

As for the workers recruited in 2006 by cross claim defendants, the false promise of a green card guaranteed them a steady supply of workers to send to Signal.  It also guaranteed that cross claim defendants could charge higher fees for their services, as the fees for permanent resident visas would eclipse the fees chargeable for temporary visas.  For the workers too, the opportunity

to get into the United States, regardless of the legal basis for doing so, gave them the practical opportunity to find a way to stay in the United States, whether legally or not.  For instance, whereas hundreds of workers have now left Signal, upon information and belief, only a small percentage of these workers, to Signal's knowledge, have returned to India, and the vast majority of them remain in this country with subsequently obtained, legal status.

375.

At no time did Signal ever authorize any party to mislead anyone.  Further, cross claim defendants' representations and actions set the stage for a host of problems and financial losses for Signal, as it knew nothing of the inherent conflict in those representations, nor did Signal authorize or manifest to anyone that it was authorizing any improper or unlawful action to be taken on its behalf.  Signal did not participate in defrauding the plaintiffs.  Signal reasonably expected that as immigration counsel, Burnett, would act lawfully, professionally, ethically, and properly at all times. Signal also believed that Pol and Global would act lawfully, professionally and properly at all times pursuant to the contract which specifically states that Global has experience and expertise in procuring foreign workers and processing all documentation in compliance with U.S. immigration laws and regulations.

376.

Many of the workers who had negotiated and signed green card contracts with the cross claim defendants had done so years before Hurricanes Katrina and Rita caused Signal's labor shortage.  Further, cross claim defendants misled Signal by assuring that even though the workers were being brought in on temporary H-2B visas, if they turned out to be acceptable employees, Signal at its option, could elect to apply for a green card on the workers' behalf and that the transition to green cards would be seamless.

-66-

377.

Within weeks of their arrival, some of the H-2B workers inquired of Signal as to when they would be receiving their green cards.  Signal was surprised by these inquiries, as it knew nothing about any green card promises made to the workers.   In turn, the workers were shocked and displeased by Signal's response to their inquiries concerning the cross claim defendants' green card promises.

378.

The workers' green card inquires revealed that some of the workers had paid what they considered to be large sums of money to the cross claim defendants in return for assurances that they would quickly receive green cards.

379.

In an effort to provide some relief to these workers, Signal, on the workers' behalf formally requested, via a letter dated November 22, 2006,  that the cross claim defendants refund a substantial portion of the money they had been paid by the workers as the amounts of those payments were inconsistent with cross claim defendants' assurances on same.  However, the cross claim defendants refused to refund any portion of that money.  Following this refusal, Signal terminated its contract with Pol and Global for that reason as well as for other misrepresentations and breaches of its duties owed Signal.

380.

Some of the workers became dissatisfied because the problems created by the cross claim defendants had not been rectified.  In turn, as they were free to do, some of the H-2B workers elected to leave Signal.  As it became increasingly evident that cross claim defendants could do nothing to immediately obtain green cards for the workers, more workers chose to leave / abscond

from Signal.  To Signal's knowledge, however, very few of those workers returned to India as was legally required by their H-2B status.

381.

Signal believes that the H-2B workers left its employ for a variety of reasons, some of them leaving for more than one reason, including the following:

a) Because of the cross claim defendants' failure to provide them with the promised employment-based green cards upon arrival in the U.S.

b) Because they had no intention of honoring the terms of their H-2B visas to begin with, having come into the country on false pretenses.

c) Because they had to leave to pursue their green cards with other employers; these were the workers for whom the other defendants had arranged for cross claim defendants Indo-Amerisoft, LLC, Kurella Rao, and J & M Associates, Inc. of Mississippi, and previous third party defendant Zito Companies, LLC to sponsor green cards for those workers. Cross claim defendant Burnett, despite his duty of loyalty to his client Signal, was seeking employment-based green cards for some of the workers under the sponsorship of different clients.

d) Because they expected to become permanent residents.  Thus, they had no intention of complying with terms of their H-2B visas, as these persons had apparently been instructed by the other cross claim defendants to state at their consular interviews that they did not intend to become lawful permanent residents of the United States, and were instructed as well not to state the true amount they had paid to the other defendants in order to come to the United States; the workers apparently followed these instructions.

e) Because they were told or promised that if they left Signal, they could obtain permanent residence status with the help of others, and do so without pursuing the employment-based process, or by claiming that they were victims of trafficking.

382.

Most of the workers left Signal, prior to the expiration of their H-2B visas with Signal, due to the wrongdoings and broken promises of the other cross claim defendants.  Most of those workers would not have left Signal but for the actions and inactions of cross claim defendants.  Further, had the cross claim defendants kept their promises to Signal, they would have only recruited H-2B workers who understood and accepted that they would be in this country only for a limited period of time, earning good money, while working for a single employer.

383.

Plaintiffs' suit alleges that Signal was part of a concerted wrongdoing directed at the foreign workers.  However, Signal was a victim of the cross claim defendants' actions rather than a willing participant.  For example, the cross claim defendants' conduct has caused Signal much distress:

a) Due to the cross claim defendants false statements and broken promises Signal was faced with a collective worker mentality that felt as if they had been wronged, were angry, and mistaken in thinking that Signal had a hand in their manipulation;

b) Due to the cross claim defendants false statements and broken promises minor issues at Signal were magnified and exacerbated as the workers associated the cross claim defendants' wrongful actions with Signal;

c)  Due to the cross claim defendants false statements and broken promises, most of Signal's H-2B workers left Signal prematurely, thus contributing to rather than alleviating Signal's labor shortage;

d)  Due to the cross claim defendants' false statements and broken promises Signal has been embroiled in years of litigation.

384.

The result of these wrongful actions by the cross claim defendants, which include fraud, breach of contract, and breach of duty of loyalty and good faith, has been significant damages to Signal.  Had cross claim defendants not breached their agreements, duties and other obligations, and had they acted in good faith, Signal would not have encountered these problems with some of their workers, nor would most of the workers have left Signal before the time allowed by their H-2B visas had expired.

385.

The consequence of the cross claim defendants' actions has been damages to Signal, financial and otherwise.  Instead of having direct employees consisting of H-2B workers, Signal was forced to subcontract its labor at a greatly increased cost.  Signal has also suffered damage to its good name, reputation and standing in the community, as well as a damaged reputation in the eyes of its customers.

## COUNT 1

### Fraud
### Legal Facilitator Defendants, Recruiter Defendants

386.

Signal re-alleges and incorporates the allegations in the preceding paragraphs.

387.

These cross claim defendants misrepresented material facts to Signal regarding their own actions and the status of the workers provided to Signal on H-2B visas.

388.

At the time they made the misrepresentations to Signal, these cross claim defendants knew the misrepresentations were false.

389.

Signal was ignorant of the falsity of the misrepresentations made to it by these cross claim defendants.

390.

These cross claim defendants made these misrepresentations to Signal with the intent to deceive Signal.

391.

Signal relied on the misrepresentations made to it by these cross claim defendants due to the professional and contractual relationships between Signal and these cross claim defendants.

392.

Signal has suffered substantial damages as a result of it relying on the misrepresentations of these cross claim defendants.

## COUNT 2

**Breach of Fiduciary Duty**
**Legal Facilitator Defendants**

393.

Signal re-alleges and incorporates the allegations in the preceding paragraphs.

394.

In addition to the allegations set out regarding the fraud perpetrated by these and other defendants in Count 1 above, these cross claim defendants have also breached their fiduciary duties to Signal.

395.

The attorney-client relationship between these defendants and Signal created a fiduciary duty owed by these cross claim defendants to Signal.

396.

The relationship between these cross claim defendants and Signal resulted in Signal placing substantial confidence in these defendants regarding the H-2B visa process and employment of foreign workers.

397.

These cross claim defendants were aware of the confidence placed in them by Signal and, in fact, took steps to cultivate and encourage that confidence.

398.

As a result of the confidence placed in these cross claim defendants by Signal, these cross claim defendants were able to and in fact did exercise influence over the actions of Signal regarding the H-2B worker program.

399.

These cross claim defendants breached the trust placed in them by Signal, by taking actions that were contrary to law and/or adverse to the interests of Signal.

400.

The actions of these cross claim defendants that were contrary to any law and/or adverse to the interests of Signal were all taken outside the limits of any authority granted to them by Signal and cause severe damages to Signal for which it is owed compensation.

## COUNT 3

### Malpractice
### Legal Facilitator Defendants

401.

Signal re-alleges and incorporates the allegations in the preceding paragraphs.

402.

Signal intended to enter into an attorney-client relationship with these cross claim defendants, and believed it had done so, and in fact did so.

403.

Signal, in fact, had an attorney-client relationship with these cross claim defendants.

404.

Signal relied on the legal advice and counsel of these cross claim defendants to ensure that its recruitment of foreign workers and H-2B visa program was properly established and executed within all applicable laws.

405.

These cross claim defendants provided legal advice and counsel to Signal that was incorrect, adverse to Signal's interests, and in violation of their professional obligations and responsibilities to Signal.

406.

At the same time that these cross claim defendants were providing legal advice and counsel to Signal regarding bringing workers to Signal on H-2B visas, they were also representing others (Labor Broker Defendants/Cross Defendants) who competed with Signal for similar laborers. These cross defendants were assisting these parties in bringing some of the same foreign workers who worked for Signal on H-2B visas to work instead for these other parties (Labor Broker Defendants/Cross Defendants) as their employment-based green card sponsors.  This was not disclosed to Signal and patently adverse to the interests of Signal.

407.

Signal has suffered substantial damages as a result of the actions and malpractice of these cross claim defendants.

## COUNT 4

### Breach of Contract
### Legal Facilitator Defendants, Recruiter Defendants

408.

Signal re-alleges and incorporates the allegations in the preceding paragraphs.

409.

Signal entered into written contracts with each of these cross claim defendants.

410.

These cross claim defendants breached the terms of the contracts which existed between them and Signal.

411.

Signal has suffered damages as a direct result of the acts of these cross claim defendants which breached the contracts between them and Signal.

## COUNT 5

**Breach of Contract**
**Legal Facilitator Defendants, Recruiter Defendants**

### 412.

Signal re-alleges and incorporates the allegations in the preceding paragraphs.

### 413.

The workers who were brought to Signal on H-2B visas entered into written and/or verbal contracts and agreements with these cross claim defendants regarding the H-2B worker program.

### 414.

Signal was a third-party beneficiary of the written and/or verbal contracts and agreements entered into between each of these cross claim defendants and some of the individual workers brought to Signal on H-2B visas.

### 415.

These cross claim defendants breached the contracts entered into between them and some of the workers who participated in and were brought to Signal on H-2B visas.

### 416.

Signal has suffered damages as a direct result of the actions of these cross claim defendants which breached the written and/or verbal contracts and agreements entered into between these cross claim defendants and some of the individual workers provided to Signal by way of the H-2B worker program.

## COUNT 6

**Promissory Estoppel and Detrimental Reliance
Legal Facilitator Defendants, Recruiter Defendants**

417.

Signal re-alleges and incorporates the allegations in the preceding paragraphs.

418.

These cross claim defendants made numerous representations to Signal regarding the legality, effectiveness, and operation of their services in bringing H-2B workers to Signal.

419.

The representations to Signal were false and incorrect.

420.

Signal justifiably relied on the representations of these cross claim defendants, as these cross claim defendants had professional, contractual, and/or fiduciary relationships with Signal.

421.

Signal made detrimental changes to its position based on its reliance on the representations of these cross claim defendants, and suffered damages.

## COUNT 7

**Contractual Indemnity
Defendant Global Resources, Inc.**

422.

Signal re-alleges and incorporates the allegations in the preceding paragraphs.

423.

Signal entered into a written contact with cross claim defendant Global Resources, Inc., as

subsequently amended.

424.

The contract entered into between Signal and cross claim defendant Global includes provisions by which Global agrees to indemnify Signal against certain claims.

425.

The claims made by the original plaintiffs against Signal include the types of claims covered by the indemnity provisions of that contract.

426.

Global is obligated to indemnify Signal for any losses to Signal by the claims being made by the original plaintiffs.

## **COUNT 8**

**Indemnity**
**Recruiter Defendants, Legal Facilitator Defendants**

427.

Signal re-alleges and incorporates the allegations in the preceding paragraphs.

428.

In the event the Recruiter Defendants and Legal Facilitator Defendants exceeded their authority as agents of Signal and caused damages to Signal as a result of these unauthorized acts, Signal is entitled to recover through indemnity for all damages caused by this unauthorized conduct.

WHEREFORE, Signal International, L.L.C. and Signal International, Inc. pray for a trial by jury as to all claims pled in this action, that it be granted the damages and relief sought in its cross claims, that all of the Plaintiffs' claims be dismissed with prejudice, that Signal be awarded its attorney fees and costs, and that this Court grant all other appropriate relief.

Respectfully submitted,

*/s/ Erin Casey Hangartner*_____
Erin Casey Hangartner, La. Bar No. 24768
Alan Dean Weinberger, La. Bar No. 13331
Hal D. Ungar, La. Bar No. 31344
Elham R. Rabbani, La. Bar No. 33322
Brian C. Roux, La. Bar No. 35298
Lance R. Rydberg, La. Bar No. 02089
Mitchell P. Hasenkampf, La. Bar No. 32870
Robert L. Keller II, La. Bar No. 35188
Kevin P. Maney, La. Bar No. 33956
Lauren Masur Davis, La. Bar No. 34669
HANGARTNER RYDBERG & TERRELL, LLC
701 Poydras Street, Suite 310
New Orleans, LA 70139
Telephone: (504) 522-5690
Facsimile:  (504) 522-5689
ehangartner@hanrylaw.com
aweinberger@hanrylaw.com
hungar@hanrylaw.com
erabbani@hanrylaw.com
broux@hanrylaw.com
lrydberg@hanrylaw.com
mhasenkampf@hanrylaw.com
rkeller@hanrylaw.com
kmaney@hanrylaw.com
lmasur@hanrylaw.com

And

Patricia A. Bollman, La. Bar 17563
Patricia A. Bollman,
A Professional Law Corporation
3636 S. I-10 Service Road W.
Suite 200
New Orleans, LA 70001
Telephone: (504) 218-5887
Facsimile: (504) 304-0890
patricia@bollmanfirm.com

**Counsel for Signal International, L.L.C.
and Signal International, Inc.**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 17, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to non-CM/ECF participants.


*/s/ Erin Casey Hangartner*
ERIN CASEY HANGARTNER