## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURIAN DAVID, et al.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 08-1220** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    **Defendants** | **SECTION "E"** |

*Related Cases:*

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY**<br>**COMMISSION,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-557** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    **Defendants** | **SECTION "E"** |

| | |
|---|---|
| **LAKSHMANAN PONNAYAN ACHARI, et al.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 13-6218**<br>    **(c/w 13-6219,**<br>    **13-6220, 13-6221,**<br>    **14-732, 14-1818)** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    **Defendants** | **SECTION "E"** |

1

REJI SAMUEL, et al.,                                  CIVIL ACTION
    **Plaintiffs**

**VERSUS**                                            No. 14-2811
                                                   c/w 14-2826,
                                                       15-2295, 15-2296
                                                       15-2297

**SIGNAL INTERNATIONAL, LLC, et al.,**               SECTION "E"
    **Defendants**

*Applies to*:  *David v. Signal* (08-1220); *Achari v. Signal* (13-6218); *Samuel v. Signal* (14-2811); *Joseph v. Signal* (14-2826)

## ORDER AND REASONS

      Before the Court are the Dewan Defendants' Motions for Summary Judgment on the crossclaims of Co-Defendant Signal International, LLC ("Signal").[1] Signal opposes the Motions.[2] The Dewan Defendants have also filed reply memoranda in further support of the Motions for Summary Judgment. The Court has considered these briefs, the record, and the applicable law, and now issues its ruling. For the reasons that follow, the Motions for Summary Judgment are **GRANTED IN PART** and **DENIED IN PART**.

## FACTUAL AND PROCEDURAL BACKGROUND

      This matter arises out of an allegedly unlawful recruitment scheme used by Signal to recruit and employ citizens of India in the aftermath of Hurricane Katrina.[3] Plaintiffs,

---

[1] This Order and Reasons applies to the identical Motions for Summary Judgment currently pending in *David v. Signal* (08-1220), R. Docs. 2396, 2397; *Achari v. Signal* (13-6218), R. Docs. 504, 507; *Samuel v. Signal* (14-2811), R. Docs. 219, 220; and *Joseph v. Signal* (14-2826), R. Docs. 216, 217. The motions were originally filed by Defendant Malvern C. Burnett, the Gulf Coast Immigration Law Center, LLC, and the Law Offices of Malvern C. Burnett, APC ("the Burnett Defendants").  Defendants Sachin Dewan and Dewan Consultants, Pvt. Ltd. ("the Dewan Defendants"), thereafter joined in the motions. The Burnett Defendants are no longer defendants to this action. Accordingly, for purposes of this Order and Reasons, the Court treats the Motions for Summary Judgment solely as that of the Dewan Defendants.
[2] R. Doc. 513 (in the *Achari* cases) (13-6218). For simplicity, the Court, where necessary, refers to the Motions for Summary Judgment and related briefs by citing the document numbers assigned those filings in *Achari v. Signal* (13-6218). The document numbers related to the Motions in the other relevant cases are reflected, *supra*, in footnote 1.
[3] *See generally* R. Doc. 200 (in the *Achari* cases) (13-6218).

a number of the recruited Indian workers, allege that Signal, among others, recruited Plaintiffs to work at Signal's facilities in Pascagoula, Mississippi, post-Hurricane Katrina.[4] Signal allegedly promised Plaintiffs that, in connection with the recruitment scheme, it would assist Plaintiffs in acquiring permanent residence in the United States.[5] Plaintiffs contend, however, that Signal never followed through with these promises or took steps to assist Plaintiffs in obtaining green cards.[6] Moreover, Plaintiffs argue, *inter alia*, that they experienced discriminatory treatment at the hands of Signal and were forced to live in deplorable conditions.[7]

The present Motions for Summary Judgment concern the crossclaims levied by Signal against the Burnett Defendants and the Dewan Defendants in (1) *David v. Signal* (08-1220); (2) the consolidated cases in *Achari v. Signal* (13-6218);[8] (3) *Samuel v. Signal* (14-2811); and (4) *Joseph v. Signal* (14-2826). Judgment was entered on the crossclaims in the first *David* trial[9] against Signal and in favor of the Burnett and Dewan Defendants.[10] The Dewan Defendants contend in the present Motions that, because "identical" crossclaims were alleged and adjudicated in the first *David* trial,[11] Signal's

---

[4] R. Doc. 200 at 4–5 (in the *Achari* cases) (13-6218).

[5] R. Doc. 200 at 6 (in the *Achari* cases) (13-6218).

[6] R. Doc. 200 at 6–7 (in the *Achari* cases) (13-6218).

[7] R. Doc. 200 at 7 (in the *Achari* cases) (13-6218).

[8] Signal filed crossclaims against the Burnett and Dewan Defendants in each of the cases consolidated in *Achari v. Signal.* These consolidated cases, along with the document number of Signal's crossclaims in those cases, include: *Thomas v. Signal* (14-1818), R. Doc. 370 (E.D. La.); *Achari v. Signal* (13-6218), R. Doc. 642 (E.D. La.); *Chakkiyattil v. Signal* (13-6219), R. Doc. 643 (E.D. La.); *Krishnakutty v. Signal* (13-6220), R. Doc. 644 (E.D. La.); *Devassy v. Signal* (13-6221), R. Doc. 645 (E.D. La.); *Singh v. Signal* (14-732), R. Doc. 646 (E.D. La.).

[9] The first *David* trial involved only 5 of the Plaintiffs in *David.* The claims of the remaining 7 Plaintiffs against the Dewan Defendants, as well as Signal's related crossclaims against the Dewan Defendants, remain pending in *David.*

[10] R. Doc. 504 at 2 (in the *Achari* cases) (13-6218); R. Doc. 504-1 at 2–3 (in the *Achari* cases) (13-6218).

[11] Counts 1 through 8 were resolved prior to trial when the Court granted judgment as a matter of law in favor of the Burnett and Dewan Defendants. *See David v. Signal* (08-1220), R. Doc. 2265. The jury found in favor of the Burnett and Dewan Defendants on the indemnity crossclaims. *See David v. Signal* (08-1220), R. Doc. 2268-2 at 78–83.

crossclaims in *David*—with respect to the remaining *David* Plaintiffs—and in the consolidated *Achari* cases, as well as the *Samuel* and *Joseph* cases, are barred by the doctrine of res judicata.

## LEGAL STANDARDS

### A. *Summary Judgment Standard*

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[12] "An issue is material if its resolution could affect the outcome of the action."[13] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[14] All reasonable inferences are drawn in favor of the non-moving party.[15] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[16]

### B. *Res Judicata Standard*

"Under the doctrine of res judicata, parties and their privies are precluded from relitigating claims that were or should have been raised in a prior action and have reached a final judgment on the merits."[17] For the doctrine of res judicata to apply, four requirements must be satisfied: (1) the parties must be identical in both suits, or the

---

[12] Fed. R. Civ. P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

[13] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

[14] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). *See also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).

[15] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[16] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).

[17] *Metro Charities, Inc. v. Moore*, 748 F. Supp. 1156, 1159 (S.D. Miss 1990) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). *See also Allen v. McCurry*, 449 U.S. 90, 94 (1980) ("The doctrine of res judicata, or claim preclusion, forecloses relitigation of claims that were or could have been raised in a prior action.").

parties must be in privity with parties who were identical in both suits; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) the prior judgment must have been a final judgment on the merits; and (4) the same claim or cause of action must be involved in both suits.[18]

## DISCUSSION

It is undisputed that the first two requirements of the res judicata analysis are satisfied in this case.[19] The Dewan Defendants and Signal agree that (1) the parties in the crossclaims are identical or in privity; and (2) the crossclaims in the first *David* trial were decided by a court of competent jurisdiction. The principal disputes with respect to the present Motions for Summary Judgment concern the third and fourth requirements of the res judicata analysis. The Court will address each requirement, in turn, below.

### A. *Final Judgment on the Merits*

The third requirement of the res judicata inquiry, as recited above, requires that the prior judgment be a final judgment on the merits.[20] The Dewan Defendants contend it is "self evident" that the prior judgment on Signal's crossclaims in the first *David* trial is final and on the merits, noting that a "verdict was issued as a result of a trial o[n] the merits and Judgment was issued pursuant to Rule 54(b)."[21] Signal, on the other hand, disputes the assertion that the first *David* trial resulted in a final judgment on its crossclaims.[22] Signal argues that, because it has appealed the Court's judgment on its crossclaims, the judgment is not final for purposes of res judicata.[23] More specifically,

---

[18] *See, e.g., Swate v. Hartwell (In re Swate)*, 99 F.3d 1282, 1286 (5th Cir. 1996);
[19] R. Doc. 504-2 at 4–5 (in the *Achari* cases); R. Doc. 513 at 4 (in the *Achari* cases) (13-6218).
[20] *See supra* note 18 and accompanying text.
[21] R. Doc. 504-2 at 5 (in the *Achari* cases) (13-6218).
[22] R. Doc. 513 at 5 (in the *Achari* cases) (13-6218).
[23] R. Doc. 513 at 5 (in the *Achari* cases). Signal states that the pendency of its appeal should "defeat" the finality argument. R. Doc. 513 at 5 (in the *Achari* cases) (13-6218).

Signal contends the pendency of an appeal renders the appealed-from judgment "insufficiently final" for res judicata purposes.

Under Fifth Circuit case law, it is immaterial for res judicata purposes that a prior judgment has been appealed. The Fifth Circuit has specifically held that "[a] case pending appeal is res judicata and entitled to full faith and credit unless and until reversed on appeal."[24] Signal's argument to the contrary, that its taking of an appeal renders the Court's judgment "insufficiently final," is incorrect.[25] Signal's appeal has, for res judicata purposes, no bearing on the finality of the Court's judgment on Signal's crossclaims in the first *David* trial. As a result, the Court finds the third requirement of the res judicata inquiry satisfied. The judgment on Signal's crossclaims in the first *David* trial is, for purposes of res judicata, final and on the merits. The Court now turns to the fourth requirement.

B.   *Same Claims or Causes of Action*

The fourth requirement of the res judicata inquiry, as recited above, requires that the same claims or causes of action be involved in both suits.[26] To determine whether two suits involve the same claims or causes of action, the Fifth Circuit instructs courts to use the "transactional test" of the Restatement (Second) of Judgments, § 24.[27] Under the

---

[24] *Comer v. Murphy Oil USA*, 718 F.3d 460, 467 (5th Cir. 2013) (quoting *Fid. Standard Life Ins. Co. v. First Nat'l Bank & Trust Co.*, 510 F.2d 272, 273 (5th Cir. 1975) (per curiam)) (internal quotation marks omitted). *See also United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950); 18A CHARLES A. WRIGHT & ARTHUR D. MILLER, FEDERAL PRACTICE AND PROCEDURE § 4427 (2d ed. 2012).

[25] Signal cites *Griggs v. United States*, 253 F. App'x 405 (5th Cir. 2007), for the proposition that a judgment, when appealed, is insufficiently final for res judicata purposes. R. Doc. 513 at 5–6. Signal's reliance on *Griggs* for this conclusion is inapposite. *Griggs* does not hold that a judgment, if appealed, is not final for res judicata purposes. Instead, the Fifth Circuit in *Griggs* noted, in dicta, that a judgment, which is *not* appealed, is final, though that judgment may be erroneous or based on law that is no longer controlling. *See Griggs*, 253 F. App'x at 411.

[26] *See supra* note 18 and accompanying text.

[27] *See, e.g.*, *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999) (citing *Southmark Prop. v. Charles House Corp.*, 742 F.2d 862, 870–71 (5th Cir. 1984)); *see also Petro-Hunt, L.L.C. v. U.S.*, 365 F.3d 385, 395–96 (5th Cir. 2004).

transactional test, a prior judgment's preclusive effect extends "to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose."[28] Which grouping of facts constitutes a "transaction" or a "series of transactions" must "be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."[29] The critical issue under the transactional test is whether the two actions or suits are based on the "same nucleus of operative facts."[30]

In the first *David* trial, Signal's crossclaims were enumerated in 10 separate counts.[31] Counts 1 through 8 were Signal's crossclaims for fraud, breach of fiduciary duty, malpractice, two counts of breach of contract, unfair trade practices, detrimental reliance, and tortious interference with a contractual relationship.[32] Counts 9 and 10 were Signal's crossclaims for indemnity against the Burnett and Dewan Defendants.[33] Signal does not dispute that Counts 1 through 8 arise out of the "same nucleus of operative facts" as its corresponding, non-indemnity crossclaims in the remaining portion of the *David* case, the consolidated *Achari* cases, and the *Samuel* and *Joseph* cases.[34] Indeed, Signal concedes that its non-indemnity crossclaims in these cases satisfy the fourth requirement of the res judicata inquiry and involve the same claims or causes of action as Signal's non-

---

[28] *Petro-Hunt*, 365 F.3d at 395–96 (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 24(1) (1982)) (internal quotation marks omitted).

[29] *Id.* (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 24(2) (1982)) (internal quotation marks omitted).

[30] *New York Life Ins. Co. v. Gillispie*, 203 F.3d 384, 387 (5th Cir. 2000). *See also Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004).

[31] *David v. Signal* (08-1220), R. Doc. 1748 at 95–104.

[32] *David v. Signal* (08-1220), R. Doc. 1748 at 95–102. Prior to the trial in *David*, the Court dismissed Counts 1 through 8 of Signal's crossclaims, granting the Burnett and Dewan Defendants judgment as a matter of law. *David v. Signal* (08-1220), R. Doc. 2265.

[33] *David v. Signal* (08-1220), R. Doc. 1748 at 102–104.

[34] *See* R. Doc. 513 at 8–9 (in the *Achari* cases) (13-6218).

indemnity crossclaims adjudicated in the first *David* trial. Because the parties agree that the first and second requirements of the res judicata analysis are met, and because the Court has found that the third and fourth requirements are met, Signal's non-indemnity crossclaims are barred by the doctrine of res judicata as a result of the judgment in the first *David* trial.

The indemnity counts of Signal's crossclaims—Counts 9 and 10 in the first *David* trial—require a more lengthy and involved analysis.[35] Signal argues, in sum, that its indemnity crossclaims against the Burnett and Dewan Defendants in the first *David* trial were not based on the same nucleus of operative facts as Signal's indemnity crossclaims in the remaining portion of the *David* case, the consolidated *Achari* cases, and the *Samuel* and *Joseph* cases.[36] Signal contends its crossclaims for indemnity necessarily involve facts specific to each individual Plaintiff and that the "facts surrounding a given Plaintiff's recruitment" are dispositive of Signal's crossclaims for indemnity in each particular case.[37] As such, Signal avers that, because facts specific to the remaining Plaintiffs in *David*, the Plaintiffs in *Achari*, and the Plaintiffs in *Samuel* and *Joseph* were not presented and adjudicated at the first *David* trial, Signal's indemnity crossclaims should not be barred by the doctrine of res judicata.[38]

The Dewan Defendants, on the other hand, argue that, with respect to Signal's indemnity crossclaims, "the category of damages, the alleged basis of recovery, and the operative facts on which [Signal] bases its claim for recovery are the same as presented in *David*."[39] The Dewan Defendants maintain the "only difference" is the "amount of

---

[35] *See* R. Doc. 513 at 9 (in the *Achari* cases) (13-6218).
[36] *See* R. Doc. 513 at 9–10 (in the *Achari* cases) (13-6218).
[37] R. Doc. 513 at 9–12 (in the *Achari* cases) (13-6218).
[38] R. Doc. 513 at 13–14 (in the *Achari* cases) (13-6218).
[39] R. Doc. 504-2 at 11 (in the *Achari* cases) (13-6218).

damages, if any, for which Signal may be held responsible."[40] The Dewan Defendants do not agree that Signal's indemnity crossclaims against the Burnett and Dewan Defendants are "plaintiff specific" and turn on the particular facts surrounding the recruitment of each Plaintiff.

The Court agrees with Signal. Signal's crossclaims for indemnity against the Burnett and Dewan Defendants do require a "plaintiff-specific" analysis. In reaching this conclusion, the Court notes that, in the first *David* trial, the portion of the Jury Verdict Form which addressed Signal's crossclaims for indemnity against the Burnett and Dewan Defendants required an analysis of the facts and circumstances unique to the Plaintiffs in that case.[41] Specifically, with respect to Signal's indemnity crossclaims, the Jury Verdict Form referenced the "legal obligation" owed by Signal to the "*Plaintiffs in the main action*" and whether, "in all fairness," the Burnett or Dewan Defendants should indemnify Signal for that legal obligation owed by Signal to those specific Plaintiffs.[42] Accordingly, in reaching a verdict on Signal's indemnity crossclaims in the first *David* trial, the jury was required to consider the specific circumstances and testimony of the Plaintiffs and determine whether the Burnett and Dewan Defendants were required to indemnify Signal for Signal's conduct with respect to those five *David* Plaintiffs whose claims were presented in the first trial.

At the first *David* trial and, specifically, during cross examination, Signal elicited testimony from each Plaintiff as to the conduct of the Burnett and Dewan Defendants and how each Plaintiff's experience with Burnett and Dewan was unique and distinct. For example, each Plaintiff was asked about unauthorized actions of Burnett and Dewan that

---

[40] R. Doc. 504-2 at 11–12 (in the *Achari* cases) (13-6218).
[41] *See David v. Signal* (08-1220), R. Doc. 2268-2 at 78–83.
[42] *See David v. Signal* (08-1220), R. Doc. 2268-2 at 78–83 (emphasis added).

were relevant to whether the Burnett and Dewan Defendants would be required to indemnify Signal for Signal's conduct vis-à-vis those *David* Plaintiffs.

The Court is not persuaded by the argument, set forth by the Dewan Defendants, that Signal's indemnity crossclaims involve only an assessment of Signal's and the Burnett and Dewan Defendants' conduct vis-à-vis each other.[43] As stated above, whether the Burnett and Dewan Defendants were required by law to indemnify Signal in the first *David* trial turned on the particular facts and circumstances surrounding the individual Plaintiffs in that trial. Signal's indemnity crossclaims in the first *David* trial are necessarily distinct and do not involve the same claims or causes of action as Signal's indemnity crossclaims in the remaining portion of *David*, the consolidated *Achari* cases, or the *Samuel* or *Joseph* cases. Signal's crossclaims for indemnity against the Burnett and Dewan Defendants are not barred by the doctrine of res judicata.

## CONCLUSION

For the foregoing reasons, the Court finds that Signal's crossclaims for indemnity against the Dewan Defendants in the remaining portion of the *David* case, the consolidated *Achari* cases, and the *Samuel* and *Joseph* cases are not barred by the doctrine of res judicata. Signal's non-indemnity crossclaims are barred under the doctrine of res judicata.

Accordingly;

**IT IS ORDERED** that the Dewan Defendants' Motions for Summary Judgment[44] are hereby **GRANTED IN PART** and **DENIED IN PART**. Signal's non-indemnity crossclaims are barred by the doctrine of res judicata. Signal's crossclaims for indemnity

---

[43] *See* R. Doc. 524 at 5–6 (in the *Achari* cases) (13-6218).
[44] R. Doc. 504 (in the *Achari* cases) (13-6218).

against the Burnett and Dewan Defendants are, for the reasons stated above, not barred by the doctrine of res judicata.

**New Orleans, Louisiana, this 1st day of December, 2015.**

_____

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**